Julian I. Gurule (CA SBN: 252160)*
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6067
Email: jgurule@omm.com

*Co-Counsel to Debtors and Debtors in Possession*

Oren B. Haker (WSBA No. 48725)
BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Email: oren.haker@bhlaw.com

*Admitted *Pro Hac Vice*

*Co-Counsel to Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>ICAP ENTERPRISES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 23-01243-WLH11<br>Jointly Administered<br><br>Adv. Pro. No. 24-80022 |

[1]The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC,<br><br>Plaintiff,<br>v.<br><br>VH 1121 14th, LLC; and VH Willows Townhomes, LLC,<br><br>Defendants. | **ANSWER AND COUNTER CLAIMS** |

For their Answer to the Complaint of Plaintiffs Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC ("Plaintiffs"), Defendants VH 1121 14th, LLC; and VH Willows Townhomes, LLC ("Debtors") together admit, deny and allege as follows:

## JURISDICTION AND VENUE

1. The allegation is a legal conclusion to which no response is required.
2. The allegation is a legal conclusion to which no response is required.
3. The allegation is a legal conclusion to which no response is required.
4. The allegation expresses Plaintiffs willingness to be bound by the Bankruptcy Court, to which no response is required.

## Parties

5. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

6. On information and belief, Plaintiff Lima is a Georgia corporation. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. Admitted that Defendant VH 1121 14th, LLC is a Delaware Limited Liability Company having an address at 1675 South State Street, Dover, DE 19901. The remaining allegations of this paragraph consist of legal conclusions to which no response is required.

8. Admitted that Defendant VH Willows Townhomes, LLC is a Delaware Limited Liability Company having an address at 2493 NE Laurel Court, Issaquah, WA 98029. The remaining allegations of this paragraph consist of legal conclusions to which no response is required.

## JURISDICTION AND VENUE

### The Bankruptcy Cases

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

### The VH 1121 Loan

13. Admitted.

14. Denied, except admitted that the VH 1121 Loan was a commercial loan.

15. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

17. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. Admitted that a document entitled "Open End Commercial Deed of Trust, Security Agreement, and Fixture Filing" listing "VH 1121 14th, LLC" as grantor and "Lima One Capital, LLC" as a grantee was filed with the King County Recorder's Office as instrument number 20220131001479. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. Debtors are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

25. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegation is denied. The allegation also incorporates documents that speak for themselves.

28. Admitted.

29. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**The VH Willows Loan**

30. Admitted.

31. Denied, except admitted that the VH 1121 Loan was a commercial loan.

32. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

36. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

38. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. Admitted that a document entitled "Open End Commercial Deed of Trust, Security Agreement, and Fixture Filing" listing "VH Willows Townhomes" as grantor and "Lima One Capital, LLC" as a grantee was filed with the King County Recorder's Office as instrument number 20220131001459. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. Debtors are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

42. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

44. The allegation consist of legal conclusions to which no response is required. To the extent a response is required, the allegation is denied. The allegation also incorporates documents that speak for themselves.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

45. Admitted.

46. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**The Debtors Received the Loan Proceeds from the VH 1121 Loan and the VH Willows Loan**

47. Denied.

48. Denied.

49. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

52. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

53. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**The Debtors' Sales of VH 1121 and VH Willows Real Property Collateral**

54. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

55. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56. The documents referenced in this paragraph speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57. The documents referenced in this paragraph and documents incorporated by reference in other paragraphs to which this paragraph refers speak for themselves. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58. The documents referenced in this paragraph speak for themselves. To the extent a response is required, the allegations are denied.

59. The documents referenced in this paragraph speak for themselves. To the extent a response is required, the allegations are denied.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Denied.

67. Denied.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

72. The allegations contain a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

## FIRST CLAIM FOR RELIEF

73. Debtors incorporate each paragraph of this Answer and Counterclaim Complaint.

74. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

76. Debtors incorporate each paragraph of this Answer and Counterclaim Complaint.

77. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. The allegations consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

Debtors deny that Plaintiffs are entitled to the relief they request.

## AFFIRMATIVE DEFENSES

Debtors reserve the right to assert all affirmative and other defenses. Without waiver of any defenses, Debtors assert the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, waiver and/or acquiescence.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

3. Plaintiffs have failed to join necessary and indispensable parties to the action.

4. Plaintiffs are barred from recovering damages, if any, to the extent they have failed to make reasonable efforts to mitigate such damages, which would have prevented their damage, if any.

5. Assumption of risk.

6. Plaintiffs' causes of action are barred under the doctrine of unclean hands.

7. Plaintiffs' claims are subject to equitable subordination.

8. Debtors are entitled to a setoff against any judgment that may be obtained for amounts owed to Debtors.

9. Plaintiffs aided and abetted a Ponzi scheme.

10. The liens and security interests referenced above are subject to avoidance and are otherwise voidable under the Bankruptcy Code.

11. The liens and security interests referenced above are subject to avoidance and voidable under applicable law.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## COUNTERCLAIM COMPLAINT

## NATURE OF THE ACTION

1. This is an adversary proceeding brought to recover certain payments and avoid transfers of interest made by the Debtors to Wilmington and Lima that were executed while Debtors were operated as a Ponzi scheme.

2. The Debtors seek entry of a judgment avoiding the transfers pursuant to 11 U.S.C. §§544, 548, and 547, and applicable state law.

3. The Debtors also seek entry of a judgment recovering transfers worth approximately $21 million pursuant to 11 U.S.C. §§544 and 550, and applicable state law.

## PARTIES

1. VH 1121 14th, LLC is a limited liability company organized under the laws of the State of Delaware.

2. VH Willows Townhomes LLC is a limited liability company organized under the laws of the State of Delaware.

3. Wilmington Savings Fund Society, FSB, individually and as Owner of MFA 2022-RTL1 Trust ("Wilmington").

4. Lima One Capital, LLC ("Lima"), is a limited liability company organized under Georgia law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §157 and 1334.

6. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

7. This matter is a core proceeding pursuant to 28 U.S.C §157.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## FACTS

8. Since at least as early as October 2018, the Company[2] operated as a Ponzi scheme. As explained in the *Amended Supplemental Declaration of Jeffrey H. Kinrich in Support of the Ponzi Findings and Confirmation of the Plan* (23-01243-WLH11, ECF 1262), *Declaration of Stanley Ho in Support of Post-Petition Financing and Related Relief* (23-01243-WLH11, ECF 541), and *Supplemental Declaration of Lance Miller in Support of Post-Petition Financing and Related Relief* (23-01243-WLH11, ECF 468), which are incorporated into this Counterclaim Complaint by reference, the Company did not generate sufficient cash flow to meet its interest and principal obligations to subscribers, repeatedly paid earlier investors with funds received from new investors, and sustained the scheme (for a time) by making misrepresentations to investors and commingling and transferring funds between various related entities.

9. Another way that the Company sustained the Ponzi scheme was by obtaining loans from third party lenders, such as Counter-Defendant Lima, to ensure the Company had enough money to pay its obligations to investors. The Company's constituent entities, including Debtors, paid lenders in part using funds from subscribers. And, conversely, Company entities used funds from lenders to ensure the

[2] For purposes of this Counterclaim Complaint, the "Company" refers to all iCap-related entities, incuding iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).


BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Company's various related entities had enough funds to meet their interest and principal obligations to subscribers. Lenders played a critical role in ensuring money continued to flow to and from investors in the Company. And, upon information and belief, Lima was willfully blind to the fundamentally fraudulent nature of the Company.

10. On August 3, 2020, Lima provided a series of loans totaling approximately $10 million to iCap Investments, LLC. The loans were secured by 25 units know as Willows Townhomes owned by iCap Investments LLC.

11. After Lima made the loan, iCap Investments LLC used approximately $7.4 million of the proceeds to repay the Willows Townhomes' mortgage lender, Seattle Funding Group; $1.5 million to pay the Willows Townhomes' builder, Hultquist Homes; and $708,000 for operating purposes. As these units were sold, the Lima loan was reduced in accordance with individual unit release prices.

12. In May 2021, iCap Vault 1, LLC, acquired the six remaining unsold units for $3.4 million, and iCap Investments LLC paid the remaining approximately $2 million balance due on Lima's loan. The funds from iCap Vault 1, LLC were sourced from investors in iCap Vault 1, LLC.

13. iCap Vault 1 was a fundraising vehicle Debtors publicly marketed to investors as an alternative to a bank account.

14. In January 2021, Lima provided a $2.7 million loan to BU 1121 14th LLC secured by five townhomes known as 1121 14th.

15. BU 1121 14th used approximately $2 million of the proceeds of this loan to pay off another lender, Amarillo Sky, LLC, and $600,000 to complete the construction of these units.

16. In December 2021, iCap Vault 1, LLC purchased the townhomes (through another iCap entity, VH 1121 14th Ave, LLC) for $3.875 million, and the



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

remaining balance on Lima's loan was repaid. Again, the funds from iCap Vault 1, LLC were sourced from investors in that fund.

17. On February 1, 2022 Lima loaned a total of $5.9 million to VH 1121 14th, LLC and VH Willow Townhomes, LLC.

18. Upon information and belief, Lima did not do adequate due diligence on the loans.

19. On January 1, 2022, 1121 14th, LLC, and VH Willows Townhomes, LLC, each filed loan applications with Lima. Neither application specified the intended purpose or use of the funds.

20. Following the applications, Lima requested certain documents to review before closing, including two recent bank statements for any account the borrowers would use to provide liquidity.

21. On January 27, 2022, Lima's Business Development Manager for the Pacific Northwest, Joshua Schwartz, emailed a Michael Foss, a Company employee, about the requested loans. Mr. Schwartz asked, "For the 14th Ave properties, did [iCap founder Chris Christensen] pay them off with cash and if so why do that and turn around 2 months later and get a cash out loan?" Mr. Foss did not respond to the question, and Mr. Scwhartz did not follow up about it.

22. In the course of their correspondence, Mr. Foss stated, "We need a bridge loan against the property to help with cash flow." Mr. Foss did not specify, and Mr. Schwartz did not ask, whether the "cash flow" related to a particular property or "cash flow" at the Company more broadly.

23. But Mr. Schwartz nonetheless knew or should have known that, while Lima's loan was ostensibly to 1121 14th, LLC, the funds would be transferred to and used by other related Company-entities. As Mr. Foss confirmed, the mortgages on the properties owned by those entities were recently paid off. So the funds would not be

needed to cover "cash flow" problems caused by mortgage payment obligations. And Mr. Schwartz was notified that Lima would (again) be *repaid* with funds sourced from investors in *other* Company-related entities, not proceeds of any income or sale of properties owned by VH 1121 14th, LLC: Mr. Foss stated that "iCap has commitments for additional funds to be invested in the Vault platform and will use those funds to pay off the loans."

24. Despite being put on notice that its funds would be used by other Company-related entities, Lima did not inquire at all about those other entities' operations, balance sheets or liquidity. Lima did not ask for any additional bank statements from Company-related entities.

25. The loans closed on February 1, 2022. Both loans stated that the "Loan proceeds to Borrower will be used only for purchase and renovation" of the properties owned by each entity. That statement was false, and Lima knew or should have known it was false.

26. Unlike Lima's earlier loans that were used to refinance existing mortgage debt, there was no outside debt to be repaid at VH 1121 14th, LLC and VH Willow Townhomes, LLC. As reflected in the diagram below, the proceeds were immediately funneled to iCap Vault 1, LLC, the 100% owner of the two entities.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560




27. Two days later, on February 3, 2022, iCap Vault 1, LLC transferred approximately $5.5 million of the funds to an individual investor (Investor Y in the diagram above). On the same day, Investor Y transferred $5.5 million into iCap Investments, LLC. Those funds were transferred to other Company entities, which then transferred most of the funds to hundreds of investors.

28. Lima failed to adequately investigate the use of these funds, which was contrary to the stated purpose in the loan agreement.

29. During the bankruptcy proceedings, Lima also provided Jim Christensen, brother of iCap founder Chris Christensen, a $3 million first mortgage on his personal residence.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## CAUSES OF ACTION

## FRAUDULENT TRANSFERS – ACTUAL FRAUD

30. All paragraphs of this Counterclaim Complaint are incorporated by reference.

31. As alleged herein, the Debtors made the Transfers and Payments to Counterclaim Defendants on the dates and in the amounts set forth herein with actual intent to hinder, delay or defraud the Debtors' creditors.

32. By virtue of the foregoing, the Transfers should be avoided as applicable pursuant to 11 U.S.C. §548(a)(1)(A), §550(a), and RCW 19.40 *et seq*.

33. By virtue of the foregoing, the Payments should be recovered from Counterclaim Defendants as applicable pursuant to 11 U.S.C. §548(a)(1)(A), §550(a), and RCW 19.40 *et seq*.

## FRAUDULENT TRANSFERS – CONSTRUCTIVE FRAUD

34. All paragraphs of this Counterclaim Complaint are incorporated by reference.

35. As alleged herein, the Debtors made the Transfers and Payments to Counterclaim Defendants on the dates and in the amounts set forth herein (a) without the Debtors receiving reasonably equivalent value in exchange for such transfer and (b)(i) at a time when Debtors were insolvent or as a result of which Debtors became insolvent, or (ii) at a time that the Debtors were engaged in a business or a transfer, or was about to engage in a business or a transaction that left the Debtors with unreasonably small capital, or (iii) at a time when the Debtors intended to incur, or believed or should reasonably have believed that the Debtors would incur debts beyond their ability to repay.

36. The Transfers and Payments were permeated with the badges of fraud for purposes of state and federal law.

37. By virtue of the foregoing, the Transfers should be avoided as applicable pursuant to 11 U.S.C. §548(a)(1)(B), §550(a), and RCW 19.40 *et seq*.

38. By virtue of the foregoing, the Payments should be recovered from Counterclaim Defendants as applicable pursuant to 11 U.S.C. §548(a)(1)(B), §550(a), and RCW 19.40 *et seq*.

## AIDING AND ABETTING

39. All paragraphs of this Counterclaim Complaint are incorporated by reference.

40. At all times relevant, Debtors operated as a Ponzi scheme.

41. As alleged herein, Counterclaim Defendants knew, were deliberately ignorant of, or willfully blind about the Ponzi scheme.

42. As alleged herein, Counterclaim Defendants gave substantial assistance to Debtors in operating the Ponzi by, among other things, lending financial support and willfully blinding themselves to the Ponzi scheme.

43. Counterclaim Defendants proximately caused Debtors harm by aiding and abetting the Ponzi scheme.

44. Debtors have been damages in an amount to be proven at trial.

## UNJUST ENRICHMENT

45. All paragraphs of this Counterclaim Complaint are incorporated by reference.

46. In the alternative, Counterclaim Defendants have been unjustly enriched to the detriment of Debtors and their creditors under circumstances such that equity and good conscience require relief.

47. Debtors have been damages in an amount to be proven at trial.



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## PRAYER FOR RELIEF

WHEREFORE, Debtors pray for the following relief:

1. Judgment declaring the Transfers and Payments fraudulent transfers under state and federal law and fashioning appropriate relief;

2. Orders avoiding the Transfers and recovering the Payments in an amount to be proven at trial;

3. Money damages against Counterclaim Defendants in an amount to be proven at trial;

4. Attorney's fees and costs;

5. Prejudgment and post judgment interests on all applicable amounts; and

6. Any other relief the Court deems just and equitable.

DATED this 19th day of September 2024.

BLACK HELTERLINE LLP

By /s/ *Oren B. Haker*
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically filed with the Clerk of the Court a copy of the foregoing pleading. All parties of record registered with the CM/ECF filing system will receive notification of such filing through CM/ECF.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

BLACK HELTERLINE LLP

By /s/ *Brian J. Braud*
Brian J. Braud
Paralegal



BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560