JASON EDWARD WAX (WSBA #41944)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jwax@bskd.com

ALAN J. KORNFELD (admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: akornfeld@pszjlaw.com, jdulberg@pszjlaw.com

*Attorneys for the Defendants and Counter-Claimants*

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>ICAP ENTERPRISES INC., *et al.*<br>Debtors. | Chapter 11<br>Lead Case No. 23-01243-WLH11<br>Jointly Administered |
| Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC,<br>Plaintiffs.<br>v.<br>VH 1121 14th, LLC; and VH Willows Townhomes, LLC,<br>Defendants. | Adv. Pro. No. 24-80022-WLH |

| | |
|---|---|
| Lance Miller and Seth Freeman, Co-Trustees of the iCap Trust, on behalf of the iCap Trust and Contributing Claimants to the iCap Trust,<br><br>Counter-Claimants.<br><br>v.<br><br>Wilmington Savings Fund Society, FSB, in its individual capacity, and as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC,<br><br>Counter-Defendants. | Adv. Pro. No. 24-80022-WLH<br><br>**AMENDED COUNTERCLAIM COMPLAINT** |

Seth Freeman and Lance Miller (the "Trustees" or "Counter-Claimants"), acting on behalf of the iCap Trust (the "Trust"), in its own right and on behalf of the investors who have contributed their claims against third parties to the Trust (as described in further detail in paragraph 2 hereof), hereby allege the following amended counter-claims against the Counter-Defendants:[1]

## BACKGROUND

1. On September 29, 2023, iCap Enterprises, Inc. and its affiliated entities (the "Debtors") filed chapter 11 cases in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court"), Case No. 23-01243-WLH11 (the "Bankruptcy Case"). On October 9, 2024, the Debtors, jointly with the Official Committee

[1] The Trustees are not hereby amending the previously filed Answer [ECF 4] to the Plaintiffs' Complaint for Declaratory Relief [ECF 1]. This Amended Counterclaim Complaint serves to amend the previously filed Counterclaim Complaint against the Counter-Defendants prior to the establishment of the Trust and appointment of the Trustees [ECF 4].


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

of Unsecured Creditors, filed the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [23-01243-WLH11, ECF 1360] (the "Plan"). On October 18, 2024, the Bankruptcy Court entered its Order confirming the Plan [23-01243-WLH11, ECF 1414] (the "Confirmation Order"). As part of its Confirmation Order, while not specifically binding on Counter-Defendants, the Bankruptcy Court found that the Debtors operated as a Ponzi scheme beginning no later than October 2018 through July 2023 (the date range for which evidence was provided in connection with confirmation of the Plan). *See* Confirmation Order ¶¶ 17, 74, 77.

2. Pursuant to the Plan and the iCap Trust Agreement approved pursuant to the Plan (the "Trust Agreement"), the Trust was established to, among other things, pursue recoveries for investors as beneficiaries of the Trust (the "Investors"). *See* Confirmation Order, ¶ 107; Plan, Articles V.D and F. Investors collectively assert over $230 million in claims as a result of the Debtors' Ponzi scheme. In connection with and following confirmation of the Plan, a significant portion of the Investors have contributed their claims against third parties to the Trust (the "Contributed Claims"). Pursuant to the Plan and Trust Agreement, the Trust has the right to pursue the Contributed Claims on behalf of the assigning Investors. *See* Confirmation Order, ¶ 86; Plan, Articles V.D and F. The Trust also has the right to assert Avoidance Actions, which include all claims that may be brought by or on behalf of the Debtors or the Estates under Bankruptcy Code Sections


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104
24-80022-WLH Doc 33 Filed 07/31/25 Entered 07/31/25 11:13:23 Pg 3 of 15

542, 544, 547, 548, 549, 550, 551, or 553 or related laws. *See* Confirmation Order, ¶ 38; Plan, Articles V.D. and F.

## NATURE OF THE ACTION

3. This is an adversary proceeding (a) seeking damages, on account of Contributed Claims, based on Counter-Defendants' aiding and abetting the Debtors' Ponzi scheme and for unjust enrichment; and (b) recovering certain payments and avoiding transfers of interest made by the Debtors to Counter-Defendants that were executed while Debtors were operated as a Ponzi scheme, as described herein, as Avoidance Actions (the "Payments" and "Transfers").

4. The Trustees seek damages in an amount to be established at trial based on Counter-Defendants' aiding and abetting of the Debtors' Ponzi scheme.

5. The Trustees seek damages in an amount to be established at trial based on Counter-Defendants being unjustly enriched to the detriment of the Debtors' estates and their creditors.

6. The Trustees seek entry of a judgment recovering and avoiding transfers worth approximately $21 million pursuant to 11 U.S.C. §§ 544, 548, and 547, and applicable state law.

7. The Trustees seek entry of a judgment recovering transfers worth approximately $21 million pursuant to 11 U.S.C. §§ 544 and 550, and applicable state law.


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104
24-80022-WLH Doc 33 Filed 07/31/25 Entered 07/31/25 11:13:23 Pg 4 of 15

## PARTIES

8. The Counter-Claimants are Lance Miller and Seth Freeman, solely in their capacities as Trustees of the Trust, acting directly on behalf of the Trust with respect to the Avoidance Actions and on account of the Contributed Claims by assigning Investors with respect to the aiding and abetting and unjust enrichment causes of action.

9. Wilmington Savings Fund Society, FSB, individually and as Owner of MFA 2022-RTL1 Trust ("Wilmington"), as Counter-Defendant.

10. Lima One Capital, LLC ("Lima"), a limited liability company organized under Georgia law, as Counter-Defendant.

## JURISDICTION AND VENUE

11. This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

12. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## FACTS

14. Since at least as early as October 2018, the Company[2] operated as a Ponzi scheme. As explained in the *Amended Supplemental Declaration of Jeffrey H. Kinrich in*

[2] For purposes of this Amended Counterclaim Complaint, the "Company" refers to all iCap-related entities, including iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23- 01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23- 01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104
24-80022-WLH Doc 33 Filed 07/31/25 Entered 07/31/25 11:13:23 Pg 5 of 15

*Support of the Ponzi Findings and Confirmation of the Plan* (23-01243-WLH11, ECF 1262), *Declaration of Stanley Ho in Support of Post-Petition Financing and Related Relief* (23-01243-WLH11, ECF 541), and *Supplemental Declaration of Lance Miller in Support of Post-Petition Financing and Related Relief* (23-01243-WLH11, ECF 468), which are incorporated into this Amended Counterclaim Complaint by reference, and based on additional evidence to be adduced in connection with this action, the Company did not generate sufficient cash flow to meet its interest and principal obligations to subscribers, repeatedly paid earlier investors with funds received from new investors, and sustained the scheme (for a time) by making misrepresentations to investors and commingling and transferring funds between various related entities.

15. Another way that the Company sustained the Ponzi scheme was by obtaining loans from third party lenders, such as Counter-Defendant Lima, to ensure the Company had enough money to pay its obligations to investors. The Company's constituent entities, including Debtors, paid lenders in part using funds from subscribers. And, conversely, Company entities used funds from lenders to ensure the Company's various related entities had enough funds to meet their interest and principal obligations to

---

01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23- 01464-11).



PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

subscribers. Lenders played a critical role in ensuring money continued to flow to and from investors in the Company. And, upon information and belief, Lima was willfully blind to the fundamentally fraudulent nature of the Company.

16. On August 3, 2020, Lima provided a series of loans totaling approximately $10 million to iCap Investments, LLC. The loans were secured by 25 units known as Willows Townhomes owned by iCap Investments LLC.

17. After Lima made the loan, iCap Investments LLC used approximately $7.4 million of the proceeds to repay the Willows Townhomes' mortgage lender, Seattle Funding Group; $1.5 million to pay the Willows Townhomes' builder, Hultquist Homes; and $708,000 for operating purposes. As these units were sold, the Lima loan was reduced in accordance with individual unit release prices.

18. In May 2021, iCap Vault 1, LLC, acquired the six remaining unsold units for $3.4 million, and iCap Investments LLC paid the remaining approximately $2 million balance due on Lima's loan. The funds from iCap Vault 1, LLC were sourced from investors in iCap Vault 1, LLC.

19. iCap Vault 1 was a fundraising vehicle Debtors publicly marketed to investors as an alternative to a bank account.

20. In January 2021, Lima provided a $2.7 million loan to BU 1121 14th LLC secured by five townhomes known as 1121 14th.


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21. BU 1121 14th used approximately $2 million of the proceeds of this loan to pay off another lender, Amarillo Sky, LLC, and $600,000 to complete the construction of these units.

22. In December 2021, iCap Vault 1, LLC purchased the townhomes (through another iCap entity, VH 1121 14th Ave, LLC) for $3.875 million, and the remaining balance on Lima's loan was repaid. The funds from iCap Vault 1, LLC were sourced from investors in iCap Vault 1, LLC.

23. On February 1, 2022, Lima loaned a total of approximately $5.9 million to VH 1121 14th, LLC and VH Willow Townhomes, LLC.

24. Upon information and belief, Lima did not do adequate due diligence on the loans.

25. On January 1, 2022, 1121 14th, LLC, and VH Willows Townhomes, LLC, each filed loan applications with Lima. Neither application specified the intended purpose or use of the funds.

26. Following the applications, Lima requested certain documents to review before closing, including two recent bank statements for any account the borrowers would use to provide liquidity.

27. On January 27, 2022, Lima's Business Development Manager for the Pacific Northwest, Joshua Schwartz, emailed Michael Foss, a Company employee, about the requested loans. Mr. Schwartz asked, "For the 14th Ave properties, did [iCap founder Chris


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Christensen] pay them off with cash and if so why do that and turn around 2 months later and get a cash out loan?" Mr. Foss did not directly respond to the question, and Mr. Schwartz did not follow up about it.

28. In the course of their correspondence, Mr. Foss stated, "We need a bridge loan against the property to help with cash flow." Mr. Foss did not specify, and Mr. Schwartz did not ask, whether the "cash flow" related to a particular property or "cash flow" at the Company more broadly.

29. But Mr. Schwartz nonetheless knew or should have known that, while Lima's loan was ostensibly to 1121 14th, LLC, the funds would be transferred to and used by other Company-related entities. As Mr. Foss confirmed, the mortgages on the properties owned by those entities were recently paid off. So the funds would not be needed to cover "cash flow" problems caused by mortgage payment obligations. And Mr. Schwartz was notified that Lima would (again) be *repaid* with funds sourced from investors in *other* Company-related entities, not proceeds of any income from or sale of properties owned by VH 1121 14th, LLC: Mr. Foss stated that "iCap has commitments for additional funds to be invested in the Vault platform and will use those funds to pay off the loans."

30. Despite being put on notice that its funds would be used by other Company-related entities, Lima did not inquire at all about those other entities' operations, balance sheets or liquidity. Lima did not ask for any additional bank statements from Company-related entities.


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

31. The loans closed on February 1, 2022. Both loans stated that the "Loan proceeds to Borrower will be used only for purchase and renovation" of the properties owned by each entity. That statement was false, and Lima knew or should have known it was false, and yet, Lima made the loans, thereby providing substantial assistance to the perpetrators of the Ponzi scheme, including without limitation, Christopher and Jim Christensen.

32. Notwithstanding these red flags regarding the use of the loan proceeds, Lima made no effort to know its customer or familiarize itself with its customers' operations and activities. Lima did not conduct adequate due diligence or monitoring in the face of this suspicious activity which, had it done so, would have revealed that the Debtors were being operated as a Ponzi scheme, using new funding to pay existing obligations.

33. Unlike Lima's earlier loans that were used to refinance existing mortgage debt, there was no outside debt to be repaid at VH 1121 14th, LLC and VH Willow Townhomes, LLC. As reflected in the diagram below, the proceeds were immediately funneled to iCap Vault 1, LLC, the 100% owner of the two entities.



PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

24-80022-WLH Doc 33 Filed 07/31/25 Entered 07/31/25 11:13:23 Pg 10 of 15




34. Two days later, on February 3, 2022, iCap Vault 1, LLC transferred approximately $5.5 million of the funds to an individual investor (Investor Y in the diagram above). On the same day, Investor Y transferred $5.5 million into iCap Investments, LLC. Those funds were transferred to other Company entities, which then transferred most of the funds to hundreds of investors.

35. Lima failed to adequately investigate the use of these funds, which was contrary to the stated purpose in the loan agreement. Lima knew or should have known that the funds were being used contrary to the purpose of the loan agreement, yet Lima made the loans, thereby providing substantial assistance to the perpetrators of the Ponzi scheme, including without limitation, Christopher and Jim Christensen.


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

36. During the bankruptcy proceedings, Lima also provided Jim Christensen, brother of iCap founder Chris Christensen, with a $3 million first mortgage on his personal residence.

## CAUSES OF ACTION

## FRAUDULENT TRANSFERS – ACTUAL FRAUD

37. All paragraphs of this Amended Counterclaim Complaint are incorporated by reference.

38. As alleged herein, the Debtors made the Transfers and Payments to Counter-Defendants on the dates and in the amounts set forth herein with actual intent to hinder, delay or defraud the Debtors' creditors.

39. By virtue of the foregoing, the Transfers should be avoided as applicable pursuant to 11 U.S.C. § 548(a)(1)(A), § 550(a), and RCW 19.40 *et seq.*

40. By virtue of the foregoing, the Payments should be recovered from Counter-Defendants as applicable pursuant to 11 U.S.C. § 548(a)(1)(A), § 550(a), and RCW 19.40 *et seq.*

## FRAUDULENT TRANSFERS – CONSTRUCTIVE FRAUD

41. All paragraphs of this Amended Counterclaim Complaint are incorporated by reference.

42. As alleged herein, the Debtors made the Transfers and Payments to Counterclaim Defendants on the dates and in the amounts set forth herein (a) without the


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Debtors receiving reasonably equivalent value in exchange for such transfer and (b)(i) at a time when Debtors were insolvent or as a result of which Debtors became insolvent, or (ii) at a time that the Debtors were engaged in a business or a transfer, or was about to engage in a business or a transaction that left the Debtors with unreasonably small capital, or (iii) at a time when the Debtors intended to incur, or believed or should reasonably have believed that the Debtors would incur debts beyond their ability to repay.

43. The Transfers and Payments were permeated with the badges of fraud for purposes of state and federal law.

44. By virtue of the foregoing, the Transfers should be avoided as applicable pursuant to 11 U.S.C. § 548(a)(1)(B), § 550(a), and RCW 19.40 *et seq*.

45. By virtue of the foregoing, the Payments should be recovered from Counter-Defendants as applicable pursuant to 11 U.S.C. §548(a)(1)(B), §550(a), and RCW 19.40 *et seq*.

**AIDING AND ABETTING**

46. All paragraphs of this Amended Counterclaim Complaint are incorporated by reference.

47. At all times relevant, Debtors operated as a Ponzi scheme.

48. As alleged herein, Counter-Defendants knew, were deliberately ignorant of, or willfully blind about the Ponzi scheme.


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

49. As alleged herein, Counter-Defendants gave substantial assistance to Debtors in operating the Ponzi by, among other things, lending financial support and willfully blinding themselves to the Ponzi scheme.

50. Counter-Defendants proximately caused Investors harm by aiding and abetting the Ponzi scheme.

51. Investors have been damaged in an amount to be proven at trial.

**UNJUST ENRICHMENT**

52. All paragraphs of this Amended Counterclaim Complaint are incorporated by reference.

53. In the alternative, Counter-Defendants have been unjustly enriched to the detriment of Investors and under circumstances such that equity and good conscience require relief.

54. Investors have been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustees pray for the following relief:

1. Judgment declaring the Transfers and Payments fraudulent transfers under state and federal law and fashioning appropriate relief;

2. Orders avoiding the Transfers and recovering the Payments in an amount to be proven at trial;

3. Money damages against Counter-Defendants in an amount to be proven at trial;


PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4. Attorney's fees and costs;

5. Pre-judgment and post-judgment interest on all applicable amounts; and

6. Any other relief the court deems just and equitable.

DATED: July 31, 2025

BUSH KORNFELD LLP

*/s/ Jason Edward Wax*

JASON EDWARD WAX (WSBA #41944)
BUSH KORNFELD LLP

ALAN J. KORNFELD (admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Defendants and Counter-Claimants*


PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104