**BORDE LAW PLLC**
Manish Borde, WSBA #39503
1700 7th Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 531-2722

**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello (admitted *Pro Hac Vice*)
*rmarticello@raineslaw.com*
Michael L. Simon (admitted *Pro Hac Vice*)
*msimon@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:  (310) 440-4100/Facsimile:  (310) 691-1943

Attorneys for Wilmington Savings Fund Society, FSB,
not in its individual capacity, but solely as Owner of
MFA 2022-RTL1 Trust and Lima One Capital, LLC

HONORABLE WHITMAN L. HOLT
HEARING DATE: October 15, 2025
HEARING TIME: 2:00 p.m.
RESPONSE DUE: September 24, 2025
LOCATION: Telephonic

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ICAP ENTERPRISES INC., *et al.*<br><br>Debtors.[1] | Chapter:  11<br>Lead Case No.:  23-01243-WLH11<br>Jointly Administered<br>Adv. Pro. No.: 24-80022-WLH<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF MOTION TO** |

[1] The "Debtors" (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253- 11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250- 11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th Ave, LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11) ; Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 1

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

**DISMISS AMENDED COUNTERCLAIM COMPLAINT**

Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC,

      Plaintiffs,

           v.

VH 1121 14th, LLC; and VH Willows Townhomes, LLC,

      Defendants.

---

Lance Miller and Seth Freeman, Co-Trustees of the iCap Trust, on behalf of the iCap Trust and Contributing Claimants to the iCap Trust,

      Counter-Claimants.

           v.

Wilmington Savings Fund Society, FSB, in its individual capacity, and as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC,

      Counter-Defendants.

## I.    INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Plaintiffs and Counter-Defendants Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust; and Lima One Capital, LLC (together, "**Counter-Defendants**") respectfully request that the court take judicial notice of the attached Exhibits 1 through 5:

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 2

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

1.     The *Ex Parte Order Approving Stipulation Resolving Wilmington's Objection to Confirmation of the Plan* [Docket No. 1338] (the "**Order Resolving Wilmington's Objection**").  A true and correct copy of the order is attached hereto as **Exhibit 1**.

2.     The *Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and Its Affiliated Debtors Proposed By the Debtors and Official Committee of Unsecured Creditors* [Docket No. 1414] (the "**Confirmation Order**").  A true and correct copy of the Confirmation Order is attached hereto as **Exhibit 2**.

3.     The *Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots for Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and Its Affiliated Debtors Proposed By the Debtors and Official Committee of Unsecured Creditors* [Docket No. 1356] (the "**Ballot Declaration**").  A true and correct copy of the Ballot Declaration is attached hereto as **Exhibit 3**.

4.     The *Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [Docket No. 1247] (the "**Disclosure Statement Order**").  A true and correct copy of the Disclosure Statement Order is attached hereto as **Exhibit 4**.

5.     The *Motion For an Order Approving (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [Docket No. 1142] (the "**Disclosure Statement Motion**").  A true

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 3

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

and correct copy of relevant excerpts of the Disclosure Statement Motion is attached hereto as **Exhibit 5**.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 201(b), courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b). Federal Rule of Evidence 201(b) permits courts to judicially notice undisputed matters of public record, including "public records and government documents available from reliable sources on the internet." *Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (alteration and citation omitted); *Swahili v. Wells Fargo Bank NA,* 2023 WL 8600599, at *5 (C.D. Cal. Dec. 7, 2023) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688, 690 (9th Cir. 2001)).

A document is incorporated by reference in a pleading if plaintiffs "refer[] extensively to the document or if the document "forms the basis" of plaintiffs' claims. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). "This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (citation omitted); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based"), *superseded by*

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 4

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

*statute on other grounds, Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). A document incorporated by reference is considered "part of the complaint," and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

## III. ARGUMENT

The Order Resolving Wilmington's Objection, the Confirmation Order, the Ballot Declaration, the Disclosure Statement Order, and the Disclosure Statement Motion, attached, respectively, as Exhibits 1-5 hereto, are proper subject of judicial notice because each is a record of the United States Bankruptcy Court and no factual dispute exists as to the documents' accuracy. *See* Fed. R. Evid. 201(b). Courts are empowered to and routinely take judicial notice of "matters of public record outside of the pleadings," including court files and records. *See, e.g., Peel v. BrooksAmerica Mortg. Corp.,* 788 F.Supp. 2d 1149, 1158 (C.D. Cal. 2011) (taking judicial notice "of complaints filed by the Plaintiffs in related proceedings, as well as complaints and orders from other cases"). Counter-Defendants offer each of these court records to show the existence of the documents and the provisions and statements therein. Because these five documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be question," they are proper subjects for judicial notice and for consideration in ruling on Counter-Defendants' Motion to Dismiss.

Additionally, the Confirmation Order attached hereto as Exhibit 3, which includes a copy of the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and Its Affiliated Debtors Proposed By*

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 5

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

1  *the Debtors and Official Committee of Unsecured Creditors* (the "**Plan**") that it

2  confirmed, is independently the proper subject of incorporation by reference in

3  the *Amended Counterclaim Complaint* [Docket No. 33] (the "**Amended**

4  **Complaint**").  The Amended Complaint references and relies on the

5  Confirmation Order and Plan as the bases for asserting the aiding and abetting

6  and unjust enrichment claims.  (*See* AC at ¶¶ 1-2 and 8.)  Where, as here, a

7  plaintiff refers to "the document or the document forms the basis of plaintiff's

8  claim," the document is incorporated by reference into the complaint.  *Steinle v.*

9  *City and Cnty. Of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019)

10  (internal quotation marks and citation omitted).

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 6

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

## IV.   CONCLUSION

For the foregoing reasons, Counter-Defendants respectfully request that the court take judicial notice of Exhibits 1 through 5 and consider Exhibit 1 as incorporated by reference into the Amended Complaint.

Respectfully submitted,

Dated:  September 3, 2025 BORDE LAW PLLC


 */s/ Manish Borde*
MANISH BORDE (WSBA *#39503*)
1700 7TH Ave., Suite 2100
Seattle, WA 98101-1360
mborde@bordelaw.com


RAINES FELDMAN LITTRELL LLP


 */s/ Robert S. Marticello*
ROBERT S. MARTICELLO (*Admitted Pro Hac Vice*)
MICHAEL L. SIMON (*Admitted Pro Hac Vice*)

*Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust and Lima One Capital, LLC*

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 7

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys who have appeared in the case.

DATED this 3rd day of September, 2025.

*/s/ Manish Borde*

Manish Borde, WSBA #39503
BORDE LAW PLLC
1700 7th Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 531-2722
E-mail: mborde@bordelaw.com

*Counsel for Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust and Lima One Capital, LLC*

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
AMENDED COUNTERCLAIM COMPLAINT – Page 8

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

# EXHIBIT 1

Dated: September 27th, 2024

Whitman L. Holt
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

*EX PARTE* ORDER APPROVING
STIPULATION RESOLVING
WILMINGTON'S OBJECTION TO
CONFIRMATION OF THE PLAN

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

*EX PARTE* ORDER APPROVING STIPULATION
RESOLVING WILMINGTON'S OBJECTION TO
CONFIRMATION OF THE PLAN

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Upon the *ex parte* motion (the "*Ex Parte* Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order approving the stipulation (the "Stipulation") by and between the Debtors, the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents"), and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust and Lima One Capital, LLC (together, "Wilmington"); the court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court may enter a final order consistent with Article III of the United States Constitution; the court having found that venue of this proceeding and the *Ex Parte* Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it further appearing that the relief requested in the *Ex Parte* Motion is in the best interests of the Debtors' bankruptcy estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. To the extent court approval is required, the *Ex Parte* Motion [ECF No. 1330] is granted, as set forth below.

2. The Stipulation attached hereto as **Exhibit A** is approved.

3. This order is immediately effective and enforceable upon its entry.

4. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this order in accordance with the *Ex Parte* Motion.

5. This court retains jurisdiction and power to hear and determine all matters arising from or related to this order.

///END OF ORDER///

---

[2] Capitalized terms used, but not defined herein shall have the meanings ascribed to them in the *Ex Parte* Motion.

***EX PARTE* ORDER APPROVING STIPULATION RESOLVING WILMINGTON'S OBJECTION TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

1  PRESENTED BY:

2

3  By _____/s/ Oren B. Haker_____
   OREN B. HAKER (WSBA No. 48725)
4  BLACK HELTERLINE LLP

5  *Co-Counsel to Debtors and Debtors in Possession*

6

7  By _____/s/ Julian I. Gurule_____
   JULIAN I. GURULE (Admitted *Pro Hac Vice*)
8  O'MELVENY & MYERS, LLP

9  *Co-Counsel to Debtors and Debtors in Possession*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*EX PARTE* **ORDER APPROVING STIPULATION**
**RESOLVING WILMINGTON'S OBJECTION TO**
**CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

1

<u>**Exhibit A**</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Julian I. Gurule (CA SBN: 252160)*
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 430-6067
Email: jgurule@omm.com

*Co-Counsel to Debtors and Debtors in Possession*

Oren B. Haker (WSBA No. 48725)
BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Email: oren.haker@bhlaw.com

*Admitted Pro Hac Vice*

*Co-Counsel to Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.,*

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**STIPULATION RESOLVING WILMINGTON'S OBJECTION TO CONFIRMATION OF THE PLAN**

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

iCap Enterprises, Inc. and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents"), and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust, and Lima One Capital, LLC (together, "Wilmington"), hereby enter into this stipulation (the "Stipulation"). The Debtors, the Committee, and Wilmington are referred to collectively as the "Parties." The Parties stipulate and agree as follows:

## **RECITALS**

A. On September 29, 2023 (the "Petition Date")[2], each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Washington (the "Chapter 11 Cases").

B. On July 16, 2024, the Plan Proponents filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] and the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088].

C. On July 19, 2024, the Debtors filed the *Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1142] (the "Disclosure Statement Motion").

---

[2] Certain of the Debtors filed their own chapter 11 cases on September 30, November 8, and November 14, 2023. For purposes of this Stipulation, "Petition Date" as used herein will refer to the earliest of the Debtors' respective filing dates, and "Chapter 11 Cases" includes all of the Debtors' cases, irrespective of when they were filed.

STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

2

D.      On August 16, 2024, Wilmington filed the *Opposition to Motion for an Order Approving (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1182] (the "Initial Disclosure Statement Objection"). On that same day, Wilmington commenced adversary proceeding no. 24-80022 against Debtors VH 1121 14th LLC ("VH 1121") and VH Willows Townhomes, LLC ("Willows") (the "Wilmington Adversary Proceeding") by filing the *Complaint for Declaratory Relief* [ECF No. 1183]. By the complaint, Wilmington asserts two claims for declaratory relief.

E.      On August 26, 2024, Wilmington filed the *Objection to First Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1235] (the "Supplemental Objection" and, together with the Initial Disclosure Statement Objection, the "Disclosure Statement Objections").

F.      On August 29, 2024, the court entered the *Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1247] (the "Disclosure Statement Order").

G.      On August 30, 2024, the Debtors filed the *Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1249] (as may be further amended, modified, or supplemented, the "Plan")[3] and the *Modified Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors*

---

[3] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Plan.

**STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

3

and *Official Committee of Unsecured Creditors* [ECF No. 1248] (the "Disclosure Statement").

H.     In accordance with the schedule set forth in the Disclosure Statement Order, on September 6, 2024, the Plan Proponents served Rule 30(b)(6) deposition notices and written discovery on Wilmington, and Wilmington served Rule 30(b)(6) deposition notices and written discovery on Debtors Willows, VH 1121, iCap Vault Management, LLC, and iCap Vault 1, LLC, and a deposition notice to Chief Restructuring Officer Lance Miller. On September 13, 2024, the Debtors and Wilmington each served responses to the written discovery.

I.     On September 19, 2024, the Debtors served the *Debtors' Revised Notice of Deposition of Lima One Capital, LLC Pursuant to Fed. R. Civ. P. 30(b)(6)* (the "Lima 30(b)(6) Notice") and the *Debtors' Amended First Set of Requests for Production to Lima One Capital, LLC* (the "Lima Requests").

J.     On September 19, 2024, the Debtors filed the *Answer and Counterclaims* in the Wilmington Adversary Proceeding.

K.     On September 23, 2024, Wilmington filed *Motion for Protective Order to Quash Debtors' Deposition Notice and Amended First Set of Requests for Production to Lima One Capital, LLC* [ECF No. 1309] (the "Motion to Quash"), seeking a protective order to quash the Lima 30(b)(6) Notice and the Lima Requests. By the Motion to Quash, Wilmington also requests that the court enter an order determining that any findings of a Ponzi scheme in any order confirming the Plan shall not be binding on and have no preclusive effect as to Wilmington in the Wilmington Adversary Proceeding and any future litigation against Wilmington.

L.     The Debtors, the Committee, and Wilmington have each determined that it is in each of their own best interests to enter into this Stipulation to resolve the issues raised in Wilmington's Disclosure Statement Objections and any and all potential

STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

4

objections Wilmington may raise with respect to the Plan and confirmation of the Plan on the terms set forth below.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, AS FOLLOWS:**

1. The recitals set forth above are incorporated herein by reference.

2. Any finding of fact or conclusion of law (collectively, "Findings") by the bankruptcy court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme (inclusive of the Ponzi Finding), a Ponzi start date, any fraud or misconduct by or on behalf of the Debtors, or any element of any claim or cause of action asserted against Wilmington, shall have no preclusive effect on Wilmington and shall not be binding on Wilmington in any future litigation or proceeding against Wilmington in any tribunal (including the pending Wilmington Adversary Proceeding). Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to enforce any Findings against Wilmington or contend that Wilmington is bound by any Findings. Any and all rights and defenses of Wilmington to defend the claims and causes of action against it are preserved.

3. The Ponzi Finding sought by the Plan Proponents shall not apply to Debtors Willows and VH 1121, without prejudice to the Debtors', Committee's, or iCap Trust's right to seek such a finding in subsequent litigation against Wilmington, subject to any and all rights and defenses of Wilmington to dispute and defend against such.

4. Wilmington shall not object, seek to stay or, directly or indirectly, seek, solicit, support, encourage, propose, appeal, or assist any other person to object to or seek to stay the Plan or the transactions ratified by, or findings contained in, the order confirming the Plan, including, without limitation, the Exit Financing, the Ponzi Finding, or the iCap Trust Agreement, subject to Paragraphs 2, 3, and 8 of this Stipulation.

STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

5

5.     The Parties shall proceed to mediation (the "<u>Mediation</u>") under the following timeframe:

       a.  **November 1, 2024** – Deadline to select a mutually-agreeable mediator;

       b.  **November 15, 2024** – Deadline for Wilmington's Production as provided in Paragraph 6 ("<u>Discovery Deadline</u>"); and

       c.  **December 15, 2024** – Outside date to complete Mediation.

6.     The Parties will not pursue or prosecute any discovery or depositions prior to the Mediation; *provided* that, (a) Wilmington shall respond to the original requests for production of documents discovery propounded by the Plan Proponents prior to the Discovery Deadline (the "<u>Wilmington Production</u>"), subject to Wilmington's rights to make objections to the requests, and (b) Wilmington will have continued access to the documents provided by the Plan Proponents via Relativity.

7.     The Debtors or iCap Trust, as applicable, shall continue to reserve the cash sale proceeds of Willows and VH 1121 in a segregated account under the existing terms of the Plan (and the previously entered order approving the Property Transaction Procedures (as defined in the Disclosure Statement) [ECF No. 611]).

8.     All of the Parties' respective rights, claims, defenses, causes of action, and arguments will be expressly reserved.

9.     Wilmington's deadline to respond to the *Answer and Counterclaims* [Wilmington Adversary Proceeding, ECF No. 4] will be extended to the date that is 14 days before the commencement of the Mediation.

10.     Under the Plan, Allowed Claims of Wilmington will accrue interest at the contract rate.

11.     The Parties are authorized to take all such actions as are necessary or appropriate to implement the terms of this Stipulation.

**STIPULATION RESOLVING
WILMINGTON'S OBJECTION
TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

6

Case 23-01243-WLH11    Doc 938    Filed 09/25/24    Entered 09/25/24 14:35:44    Pg 19 of 27

12.     This Stipulation shall be binding upon all successors and assigns of each of the parties to the Stipulation.

13.     Neither this Stipulation, nor the settlement provided for herein, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation and the compromise and settlement of claims provided for herein shall be deemed to be, or construed as, an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit.

14.     This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

15.     This Stipulation shall be construed and interpreted in accordance with the laws of the State of Washington, without regard to the choice of law principles of the State of Washington. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

16.     This Stipulation shall be immediately effective and enforceable upon entry of an order approving the Stipulation and the terms of the Stipulation will be approved by and incorporated into the order confirming the Plan in a manner reasonably acceptable to the Parties.

17.     The court retains jurisdiction and power to hear and determine all matters arising from or related to the violation, implementation, and/or interpretation of the Stipulation.

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the Parties have executed and delivered this Stipulation as of the date first set forth below.

**STIPULATION RESOLVING WILMINGTON'S OBJECTION TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

7

23-41303-WLH11    Doc 393    Filed 06/09/25/24    Entered 06/09/25/24 15:35:44    Pg 20 of 227

DATED this 26th day of September 2024.

O'MELVENY & MYERS LLP

By _____ /s/ Julian I. Gurule _____
     JULIAN I. GURULE (Admitted *Pro Hac Vice*)
     O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

And

OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Co-Counsel to Debtors and Debtors in Possession*

DATED this 26th day of September 2024.

BUSH KORNFELD LLP

By _____ /s/ Armand J. Kornfeld _____
     ARMAND J. KORNFELD, WSBA No. 17214
     AIMEE S. WILLIG, WSBA No. 22859
     JASON WAX, WSBA No. 41944
     BUSH KORNFELD LLP

*Counsel for the Official Committee of Unsecured Creditors*

And

JOHN T. BENDER, WSBA No. 49658
CORR CRONIN LLP

*Special Litigation Counsel for the Official Committee of Unsecured Creditors*

**STIPULATION RESOLVING**
**WILMINGTON'S OBJECTION**
**TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

8

DATED this 26th day of September 2024

By _____ *Michael L. Simon* _____
ROBERT S. MARTICELLO (*Admitted Pro Hac Vice*)
MICHAEL L. SIMON (*Admitted Pro Hac Vice*)
RAINES FELDMAN LITTRELL LLP

*Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner of MFA 2022-RTL1 Trust and Lima One Capital, LLC*

**STIPULATION RESOLVING WILMINGTON'S OBJECTION TO CONFIRMATION OF THE PLAN**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# EXHIBIT 2

**Dated: October 18th, 2024**

**Whitman L. Holt**
**Bankruptcy Judge**

1
2
3
4
5
6
7
8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

9
10

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE SECOND MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF ICAP ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

iCap Enterprises, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), having

    a.  commenced, on September 29, 2023 (the "Petition Date"),[2] the Chapter 11 Cases by filing voluntary petitions in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code");

    b.  filed, on July 16, 2024, the (i) *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] and (ii) *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089];

    c.  filed, on July 19, 2024, the *Motion For an Order Approving (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* [ECF No. 1142];

    d.  filed, on August 20, 2024, the (i) *First Amended Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1221] and (ii) *First Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated*

---

[2] Certain of the Debtors filed their own chapter 11 cases on September 30, November 8, and November 14, 2023. For purposes of this Confirmation Order, "Petition Date" as used herein will refer to the earliest of the Debtors' respective filing dates and "Chapter 11 Cases" includes all of the Debtors' cases, irrespective of when they were filed.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

2

1  *Debtors Proposed by the Debtors and Official Committee of Unsecured*
2  *Creditors* [ECF No. 1222];

3  e.  filed, on August 26, 2024, the (i) *Second Amended Disclosure Statement*
4  *for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and*
5  *its Affiliated Debtors Proposed by the Debtors and Official Committee of*
6  *Unsecured Creditors* [ECF No. 1236] and (ii) *Second Amended Joint*
7  *Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated*
8  *Debtors Proposed by the Debtors and Official Committee of Unsecured*
9  *Creditors* [ECF No. 1237];

10  f.  obtained, on August 29, 2024, the *Order Approving: (I) Proposed*
11  *Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice*
12  *and Objection Procedures for Confirmation of Joint Plan of Liquidation;*
13  *and (IV) Granting Related Relief* [ECF No. 1247] (the "Solicitation
14  Order"), which, among other things (i) approved the Disclosure Statement
15  (as defined below) as having adequate information, as required under
16  section 1125(a) of the Bankruptcy Code, (ii) authorized the Debtors to
17  solicit votes with regard to the acceptance or rejection of the Plan (as
18  defined below), and (iii) approved the Debtors' related notices, forms, and
19  ballots to be submitted to parties in interest in connection with voting on
20  the Plan and the Debtors' voting procedures (the "Voting Procedures");

21  g.  filed, on August 30, 2024, the *Modified Second Amended Disclosure*
22  *Statement for the Joint Chapter 11 Plan of Liquidation of iCap*
23  *Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and*
24  *Official Committee of Unsecured Creditors* [ECF No. 1248] (the
25  "Disclosure Statement");

26

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION**

3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

h. filed, on August 30, 2024, the *Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1249];

i. caused, on August 29, 2024 and September 4, 2024, the Solicitation Order to be distributed consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Solicitation Order, as evidenced, by among other things, the *Certificate of Service* [ECF No. 1261] (the "Solicitation Affidavit") filed by BMC Group, Inc. ("BMC"), the Debtors' court-approved noticing, claims, and balloting agent, on September 6, 2024;

j. caused, on September 4, 2024, the solicitation materials and notice of the deadline for voting on the Plan and objecting to confirmation of the Plan to be distributed consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, as evidenced, by among other things, the Solicitation Affidavit filed by BMC on September 6, 2024;

k. caused notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") to be distributed consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, as evidenced, by among other things, the Solicitation Affidavit filed by BMC, on September 6, 2024, and the *Certificate of Service* [ECF No. 1394] filed by BMC, on October 15, 2024;

l. filed, on September 6, 2024, the *Amended Supplemental Declaration of Jeffrey H. Kinrich in Support of the Ponzi Findings and Confirmation of the Plan* [ECF No. 1262] (the "Kinrich Declaration");

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

m. filed, on September 18, 2024, the *Notice of Filing of Plan Supplement Pursuant to Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1270] (the "Plan Supplement");

n. filed, on October 9, 2024, the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1360] (attached hereto as **Exhibit A**, and including all exhibits thereto and as the same may be amended, modified, or supplemented from time to time pursuant to the terms thereof, the "Plan");[3]

o. filed, on October 9, 2024, the *Declaration of Brad Daniel of BMC Group Regarding Voting and Tabulation of Ballots for Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1356] (the "Voting Declaration");

p. filed, on October 9, 2024, the *Memorandum of Law (A) In Support of Confirmation of the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors; and (B) In Response to Pending Objections Thereto* [ECF No. 1362] (the "Confirmation Brief");

---

[3] Unless otherwise noted herein, capitalized terms not defined in these findings of fact, conclusions of law, and order (collectively, this "Confirmation Order" or this "Order") shall have the meanings ascribed to such terms in the Plan. The rules of interpretation set forth in Article I.B of the Plan apply to this Confirmation Order.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

5

q. filed, on October 9, 2024, the *Declaration of Lance Miller in Support of the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1363] (the "<u>Miller Declaration</u>");

r. filed, on October 9, 2024, the *Notice of Filing Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1364];

s. filed, on October 10, 2024, the *Supplemental Declaration of Lance Miller in Support of Ponzi Findings and Plan Confirmation* [ECF No. 1370] (the "<u>Miller Ponzi Declaration</u>");

t. filed, on October 10, 2024, the *Declaration of Stanley Ho in Support of the Ponzi Findings and Confirmation of the Plan* [ECF No. 1369] (the "<u>Ho Declaration</u>");

u. filed, on October 10, 2024, the *Declaration of Nickisha Haine in Support of Ponzi Findings and Plan Confirmation* [ECF No. 1368] (the "<u>Haine Declaration</u>"); and

v. filed, on October 10, 2024, the *Supplemental Brief Regarding Ponzi Findings in Support of Confirmation of Modified Second Amended Joint Chapter 11 Plan of Liquidation* [ECF No. 1371] (the "<u>Ponzi Brief</u>").

The Bankruptcy Court having:

a. set October 16, 2024, at 1:00 p.m. (prevailing Pacific Time) as the date and time for the commencement of the Confirmation Hearing, pursuant to

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

6

Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

b. reviewed the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Brief, the Ponzi Brief, the Voting Declaration, the Miller Declaration, the Kinrich Declaration, the Miller Ponzi Declaration, the Ho Declaration, the Haine Declaration, and all pleadings, exhibits, statements, responses, and comments filed in the Chapter 11 Cases regarding confirmation of the Plan ("Confirmation") and making of the Ponzi Findings (as defined below), including any objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases;

c. held the Confirmation Hearing, including hearing the live testimony of Jeffrey H. Kinrich, Stanley Ho, and Nickisha Haine in support of Confirmation and the making of the Ponzi Findings;

d. heard the statements and arguments made by counsel with respect to approval of the Plan and Ponzi Findings and Confirmation and the objections, if any, thereto;

e. considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding the Plan, the Ponzi Findings, and Confirmation and the objections, if any, thereto;

f. overruled any and all objections (to the extent not withdrawn) to the Plan, Confirmation, the Plan Supplement, the Ponzi Findings, and this Confirmation Order and all statements and reservations of rights not consensually resolved or withdrawn, unless otherwise indicated; and

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

7

g. taken judicial notice of all pleadings and other documents filed, all orders entered, all evidence proffered or adduced, and all arguments presented, in the Chapter 11 Cases.

**NOW THEREFORE**, the Bankruptcy Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to the Plan, Confirmation, and the Ponzi Findings having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions and settlements contemplated thereby; and the record of the Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing including, but not limited to, the Confirmation Brief, the Voting Declaration, the Miller Declaration, the Kinrich Declaration, the Miller Ponzi Declaration, the Ho Declaration, the Haine Declaration, and the Ponzi Brief establish just cause for the relief granted in this Confirmation Order; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and order:

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

**A. <u>Findings of Fact and Conclusions of Law</u>.**

1. The findings of fact and conclusions of law set forth in this Confirmation Order and on the record at the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to Confirmation and the Ponzi Findings are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent any of the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

8

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

**B.**   **Jurisdiction, Venue, and Core Proceeding.**

2.   The Bankruptcy Court has subject matter jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue in the Bankruptcy Court was proper as of the Petition Date and remains proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court may enter a final order consistent with Article III of the Constitution.

**C.**   **Eligibility for Relief.**

3.   The Debtors were and continue to be entities eligible for relief under section 109 of the Bankruptcy Code.

4.   The Debtors and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (as amended on November 9, 2023 [ECF No. 147], the "Committee" and, together with the Debtors, the "Plan Proponents") are proper plan proponents under section 1121 of the Bankruptcy Code.

**D.**   **Commencement and Joint Administration of the Chapter 11 Cases.**

5.   On the Petition Date, the Debtors filed voluntary petitions with this Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code. On October 2, 2023, the Bankruptcy Court entered an order [ECF No. 9] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases under the lead case *In re iCap Enterprises, Inc.*, Case No. 23-01243-WLH11, in accordance with Bankruptcy Rule 1015(b). On November 16, 2023, the Bankruptcy Court granted the motion for the subsequently filed Debtors, Colpitts Sunset, LLC, CS2 Real Estate Development LLC, and iCap International Investments, LLC to be jointly administered

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

9

under the lead case: *In re iCap Enterprises, Inc.*, Case No. 23-01243-WLH11. *See* ECF No. 164. Since the Petition Date, the Debtors have operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

**E.** **Appointment of the Committee.**

6. On October 20, 2023, the Office of the United States Trustee for the Eastern District of Washington (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [ECF No. 102] and amended such appointment on October 30, 2023 [ECF No. 112].

**F.** **Judicial Notice.**

7. The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of Confirmation) the docket of the Chapter 11 Cases, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

**G.** **Plan Supplement.**

8. On September 18, 2024, the Debtors filed the Plan Supplement. The Plan Supplement complies and is consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of the Plan Supplement was good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington (the "Local Rules"), the Solicitation Order, and the facts and circumstances of the Chapter 11 Cases. No other or further notice is or will be required with respect to the Plan Supplement. All documents included in the Plan Supplement are integral to, part of, and incorporated

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

10

by reference into the Plan. All Holders of Claims who voted to accept the Plan and who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified and supplemented by the Plan Supplement and this Confirmation Order. Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement before the Effective Date subject to compliance with the Bankruptcy Code and the Bankruptcy Rules, *provided*, that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the terms of the Plan.

**H.** **Transmittal and Mailing of Solicitation Materials; Notice.**

9. As evidenced by the Solicitation Affidavit and the Voting Declaration, the Disclosure Statement, the Plan, the Solicitation Order, the ballots for voting on the Plan (the "Ballots"), the notice of the Confirmation Hearing, and the other materials distributed by the Debtors in connection with Confirmation of the Plan (collectively, the "Confirmation Materials") were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the procedures set forth in the Solicitation Order.

10. Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases. The transmittal and service of the Confirmation Materials complied with the procedures set forth in the Solicitation Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, were conducted in good faith, and were in compliance with the provisions of the Bankruptcy Court's orders, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations. All parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the procedures set forth in the Solicitation Order. Because

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

11

such transmittal and service were adequate and sufficient, no other or further notice is necessary or shall be required.

**I.** **Voting**.

11. Prior to the Confirmation Hearing, the Debtors filed the Voting Declaration. As set forth in the Voting Declaration, the procedures used to solicit votes on the Plan and to tabulate the Ballots were fair and conducted in accordance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations.

12. As set forth in the Plan, Holders of Claims in Classes 3 and 4 (collectively, the "Voting Classes") were eligible to vote on the Plan pursuant to the Voting Procedures. In addition, Holders of Claims in Classes 1 and 2 are unimpaired and conclusively presumed to have accepted the Plan and, therefore, are not entitled to vote to accept or reject the Plan. Holders of Claims in Class 5 and Holders of Equity Interests in Class 6 (collectively, the "Deemed Rejecting Classes") are impaired under the Plan and have been deemed to reject the Plan. As evidenced by the Voting Declaration, the statements made on the record at the Confirmation Hearing, and this Confirmation Order, Class 3 and Class 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.

**J.** **Good-Faith Solicitation (11 U.S.C. § 1125(e))**.

13. Based on the record before the Bankruptcy Court in the Chapter 11 Cases, the Plan Proponents and each of their respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

12

Rules, the Solicitation Order, the Voting Procedures, and any other applicable rules, laws, and regulations in connection with all of their respective activities relating to the solicitation of votes on the Plan, their participation in the Chapter 11 Cases, and the activities described in section 1125 of the Bankruptcy Code, and therefore, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

**K.** **Burden of Proof.**

14. The Plan Proponents as proponents of the Plan, have met their burden of proving the applicable elements of section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. Further, the Plan Proponents have proven the elements of section 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

**L.** **Bankruptcy Rule 3016.**

15. The Plan is dated and identifies the Plan Proponents as the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan Proponents appropriately filed the Disclosure Statement and the Plan with the Bankruptcy Court, thereby satisfying Bankruptcy Rule 3016(b). The Plan and Disclosure Statement describe in specific and conspicuous language all acts and actions to be enjoined and identify the Persons that would be subject to injunctions, thereby satisfying Bankruptcy Rule 3016(c).

**M.** **Objections.**

16. To the extent that any objections (including any reservations of rights) to Confirmation of the Plan or the Ponzi Findings have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, or are not otherwise resolved under this Confirmation Order or as stated by the Debtors and/or the Committee on the record of the Confirmation Hearing, all such objections are overruled on the merits. Any

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

13

resolutions of objections to entry of this Confirmation Order explained on the record at the Confirmation Hearing are hereby incorporated by reference.

**N.    Conduct of a Ponzi Scheme.**

17.    The evidence detailed above demonstrates, and the Bankruptcy Court hereby finds (the "Ponzi Findings"), that (i) beginning no later than October 2018 (the "Ponzi Start Date") through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the principals operated the iCap enterprise as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; (ii) the Ponzi scheme involved the use of funds provided by new investors to the iCap enterprise to make payments to already-existing investors and other creditors; and (iii) the iCap enterprise did not operate as a legitimate profit-making business. *See In re EPD Inv. Co.,* 114 F.4th 1148, 1162–63 (9th Cir. 2024).

**O.    Modifications or Alterations to the Plan.**

18.    To the extent the Plan has been modified, supplemented, or altered between solicitation and the date of entry of this Confirmation Order (collectively, the "Modifications"), such Modifications made to the Plan constitute clarifications or technical changes, and do not materially and adversely affect or change the treatment of any Claims against, or Equity Interests in, the Debtors and comply in all respects with section 1127 of the Bankruptcy Code. All such Modifications are incorporated by reference herein and approved. Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications, if any, do not require (a) additional or further disclosure with respect to the Modifications under section 1125 of the Bankruptcy Code and/or (b) either resolicitation of votes on the Plan or affording Holders of Claims in the Voting Classes

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

14

the opportunity to change a previously cast Ballot under section 1126 of the Bankruptcy Code.

**P.** **Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

19.     As detailed below, the Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code.

**1.** **Compliance With Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

20.     The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**(i)** **Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).**

21.     The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. Except with respect to Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims, which need not be classified, Article III of the Plan classifies all Claims against, and Equity Interests in, the Debtors into six (6) separate Classes based on the characteristics of those Claims and Equity Interests. Valid business, factual, and legal reasons exist for the separate classification of the various Classes created under the Plan, the classifications were not promulgated for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims or Equity Interests. Each Class of Claims or Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

15

**(ii)    Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**

22.    Article III of the Plan specifies that Claims in Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired under the Plan. Additionally, Administrative Expense Claims, Priority Tax Claims, and Supplemental DIP Claims are not classified under, and are unimpaired by, the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

**(iii)    Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**

23.    Article III of the Plan specifies that Claims in Class 3 (Investor Claims) and Class 4 (General Unsecured Claims) are impaired and entitled to vote on the Plan, while Claims and Equity Interests in Class 5 (Subordinated Claims) and Class 6 (Equity Interests) are impaired and deemed to reject the Plan. In addition, Article III describes the treatment of the Claims and Equity Interests in such Classes. Accordingly, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

**(iv)    No Discrimination (11 U.S.C. § 1123(a)(4)).**

24.    Article III of the Plan provides for the same treatment of each Claim and Equity Interest in a particular Class, unless the Holder of a particular Claim or Equity Interest agrees to less favorable treatment of such Claim or Equity Interest. Accordingly, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

**(v)    Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**

25.    Article V and various other provisions of the Plan provide in detail adequate and proper means for the Plan's implementation, including, but not limited to, (as more fully described in Article V of the Plan): (a) the authorization to undertake all corporate actions necessary to effectuate the Plan under Article V.B of the Plan; (b) the dissolution of the Debtors under Article V.B.3 of the Plan; (c) the cancellation of indebtedness under Article V.C of the Plan; (d) the appointment of the iCap Trustees

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

16

under Article V.D.1 of the Plan; (e) the creation of the iCap Trust under Article V.D.2 of the Plan; (f) the vesting of all iCap Trust Assets in the iCap Trust under Article V.D.3 of the Plan; (g) the sources of cash for Distributions under the Plan under Article V.D.11; (h) the substantive consolidation of the Debtors as provided in Article V.E of the Plan; (i) the preservation of all Causes of Action and Avoidance Actions under Article V.F of the Plan; (j) the effectuating of exit financing documents and an exemption from registration under the Securities Act under Articles V.D.13, and V.G of the Plan, and (k) the abandonment of certain Estate Assets under Article V.H of the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

### (vi) **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**

26. The Debtors are not issuing any non-voting equity securities of any corporation, and each of the Debtors will eventually be dissolved under the Plan. Accordingly, section 1123(a)(6) of the Bankruptcy Code is not applicable to the Plan.

### (vii) **Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).**

27. The Plan provides for the dissolution and winding down of the Debtors' business and appointment of the iCap Trustees as the managers, officers, and representatives of the iCap Trust. Article V.D of the Plan provides for the creation of the iCap Trust and for the appointment of the initial iCap Trustees and the initial iCap Trust Supervisory Board to serve in accordance with the terms of the Plan and the iCap Trust Agreement. The iCap Trustees' shared compensation terms are set forth in Article V.D.1 of the Plan. These designations under the Plan are consistent with the interests of Creditors and Holders of Equity Interests and with public policy. Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**(viii)  Discretionary Contents of the Plan (11 U.S.C. § 1123(b)).**

28.     The Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code.

**(a)     Impairment/Unimpairment of Classes (11 U.S.C. § 1123(b)(1)).**

29.     As contemplated by section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan: (i) impairs Investor Claims (Class 3), General Unsecured Claims (Class 4), Subordinated Claims (Class 5), and Equity Interests (Class 6), and (ii) leaves unimpaired Priority Claims (Class 1) and Secured Claims (Class 2).

**(b)     Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).**

30.     Any and all executory contracts and unexpired leases of the Debtors shall be deemed rejected by the Debtors pursuant to the provisions of section 365 of the Bankruptcy Code. The Debtors, in rejecting the contracts and leases under the Plan, utilized their sound business judgment and complied with the Bankruptcy Code, as contemplated by section 1123(b)(2) of the Bankruptcy Code.

**(c)     Settlement, Releases, Exculpation, Injunction, and Preservation of Claims and Equity Interests (11 U.S.C. § 1123(b)(3)).**

31.     <u>Compromise and Settlement</u>. Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all claims or controversies resolved pursuant to the Plan and in these Chapter 11 Cases.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

18

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Such compromise and settlement is fair, equitable, and reasonable and in the best interests of the Debtors, their Estates, creditors, and parties in interest.

32. <u>Subordinated Claims</u>. The allowance, classification, and treatment of all Allowed Claims and the respective Distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.

33. <u>Release</u>. The releases (the "<u>Release</u>") of the Debtors; the Committee and its current and former members (in their capacities as such); the CRO; the DIP Parties; and the preceding's respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person; *provided, however*, that the Debtors' Related Parties will be limited to the following Persons: the directors, officers, attorneys, accountants, consultants, professionals, and employees who (i) are employed by the Debtors on the Effective Date or (ii) whose employment was approved by the Bankruptcy Court (collectively, the "<u>Released Parties</u>"), are essential and critical provisions of the Plan. The Release, which includes by reference each of the related provisions and definitions contained in the Plan, is (a) within the jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. § 1334; (b) fully consensual; (c) in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of such claims; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

19

34. The Release was a necessary inducement to the participation of the Debtors' stakeholders in the negotiations and compromises that led to the Plan. Specifically, the Released Parties, individually and collectively, made significant contributions to the Chapter 11 Cases, including funding the Chapter 11 Cases, and otherwise actively supporting the negotiation and prosecution of the Plan. The Release therefore appropriately offers protection to parties who actively and constructively participated in and contributed to the Debtors' Chapter 11 Cases and without whom Confirmation could not have been achieved.

35. The scope of the Release is appropriately tailored under the facts and circumstances of the Chapter 11 Cases, and parties received due and adequate notice of the Release. In light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical nature of the Release to the Plan, the Release is approved.

36. Exculpation. The exculpation provision set forth in Article X.H of the Plan (the "Exculpation") is approved, *provided* that the term Exculpated Parties as used in this Confirmation Order and Article X.H of the Plan with respect to the CRO's Related Parties shall be limited to only the Related Parties that participated in these Chapter 11 Cases. The Exculpation is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good faith, arm's length negotiations with key constituents, is a key element of the Plan, and is appropriately limited in scope, as it will have no effect of the liability of any Person or Entity that results from any such act or omission that is determined by a Final Order to have constituted fraud, willful misconduct, gross negligence, or malpractice. The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of, and Distributions under, the Plan, and therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

20

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or Distributions made pursuant to the Plan. Accordingly, the Exculpation is approved.

37. _Injunctions_. The injunctive provisions set forth in Articles X.I and X.J of the Plan (collectively, the "<u>Injunctions</u>") are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Release and the Exculpation in Article X of the Plan. Such Injunctions are appropriately tailored to achieve those purposes. Accordingly, the Injunctions are approved.

38. _Preservation of Estate Causes of Action_. The provisions regarding the preservation of all of the Debtors' and Estates' Causes of Action in the Plan, Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, including Article V.F of the Plan, are appropriate and are in the best interests of the Debtors, their respective Estates, and their Creditors. Without in any way limiting the iCap Trust's and the iCap Trustees' rights to pursue claims against third parties, Article V.F.3 provides illustrative categories of claims that are preserved under the Plan and will be transferred and conveyed to the iCap Trust as provided for in the Plan and as authorized by this Confirmation Order.

### (d) **Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).**

39. The Plan contains other appropriate provisions that are not inconsistent with the applicable provisions of the Bankruptcy Code, as contemplated by section 1123(b)(6) of the Bankruptcy Code.

### 2. **The Plan Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**

40. As detailed below, the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

21

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

(i)     The Debtors and the Committee, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, 1127, 1128, and 1129 of the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3016, 3017, 3018, and 3019, the Local Rules, the Solicitation Order, and any applicable nonbankruptcy laws, rules, and regulations in transmitting the Disclosure Statement, the Plan, the Plan Supplement, and any related documents and notices.

(ii)    The votes to accept or reject the Plan were solicited by the Plan Proponents and their agents after the Bankruptcy Court approved the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and entered the Solicitation Order.

(iii)   The Plan Proponents and their agents (a) have solicited and tabulated votes on the Plan and have participated in the activities described in section 1125 of the Bankruptcy Code fairly and in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in a manner consistent with the applicable provisions of the Solicitation Order, the Disclosure Statement, the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations, and (b) are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Exculpation provision set forth in Article X.H of the Plan.

(iv)    The Plan Proponents and their agents and professionals have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

22

issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such Distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or Distributions made thereunder, so long as such Distributions are made consistent with and pursuant to the Plan.

### 3. **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).**

41.    The Plan (including all documents and agreements necessary to effectuate the Plan) and the transactions and settlements contemplated in the Plan have been proposed in good faith and not by any means forbidden by law, with the legitimate and honest purpose of maximizing recoveries to parties in interest. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Plan Proponents' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan, the record of the Confirmation Hearing, the Miller Declaration, and all other proceedings held in the Chapter 11 Cases. The Plan is the product of arm's length negotiations between the Debtors, the Committee, and other parties in interest. The Plan itself and the process leading to its formulation provide independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of Holders of Claims and Equity Interests. Consistent with the overriding purpose of chapter 11, the Debtors commenced the Chapter 11 Cases, and proposed the Plan, with the legitimate purpose of maximizing the value of the ultimate recoveries to all creditor groups on a fair and equitable basis. The Plan's classification, indemnification, exculpation, release, and injunction provisions were negotiated in good faith and at arm's length, are consistent

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23

with sections 105, 1122, 1123, 1129, and 1142 of the Bankruptcy Code, and are each necessary for implementation of the Plan.

42.     The Plan Proponents and each of the constituents who negotiated the Plan, including, but not limited to, each of their respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person (a) acted in good faith in negotiating, formulating, and proposing the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan and (b) will be acting in good faith in proceeding to (i) consummate the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan and this Confirmation Order and (ii) take any actions authorized and directed or contemplated by this Confirmation Order. Accordingly, the Plan satisfies section 1129(a)(3) of the Bankruptcy Code.

**4.     Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

43.     The procedures set forth in the Plan for the Bankruptcy Court's review and ultimate determination of the fees, costs, and expenses to be paid by the Debtors, or the iCap Trustees, as applicable, in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**5.     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**

44.     Article V.B.2 of the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code because the Debtors have disclosed that, on the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

24

have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets. The Debtors have also disclosed that the CRO, Lance Miller, and Seth Freeman will serve as the initial iCap Trustees and the nature of their compensation for their role as the iCap Trustees. The appointment of the iCap Trustees was, is, and will be consistent with the interests of Holders of Claims and Equity Interests and public policy. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

**6.      No Rate Changes (11 U.S.C. § 1129(a)(6)).**

45.      The Plan proposes no rate change subject to the jurisdiction of any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

**7.      Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**

46.      The Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. The evidence in support of the Plan that was proffered or adduced at the Confirmation Hearing, including the Miller Declaration, the liquidation analysis attached to the Disclosure Statement as <u>Exhibit B</u>, the recovery analysis attached to the Disclosure Statement as <u>Exhibit C</u>, and the facts and circumstances of the Chapter 11 Cases: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; (d) provides a reasonable estimate of the liquidation values of the Debtors upon

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

25

hypothetical conversion to cases under chapter 7 of the Bankruptcy Code; and (e) establishes that Holders of Allowed Claims or Equity Interests will recover at least as much under the Plan on account of such Claim or Equity Interest, as of the Effective Date, as such Holder would receive if the Debtors were liquidated, on the Effective Date, under chapter 7 of the Bankruptcy Code.

**8.** **Acceptance of the Plan by Certain Classes (11 U.S.C. § 1129(a)(8)).**

47. Classes 1 and 2 are each Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. As set forth in the Voting Declaration, Classes 3 and 4 have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. The Deemed Rejecting Classes are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to the Deemed Rejecting Classes, the Plan may nevertheless be confirmed because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

**9.** **Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)(9)).**

48. The treatment of Administrative Expense Claims and Priority Tax Claims under Article III.A the Plan, and of Priority Claims under Article III.B.1 of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code. Notwithstanding anything to the contrary set forth in the Plan, the Debtors agree that any reference to consent to treatment that differs from the treatment permitted by section 1129(a)(9) of the Bankruptcy Code shall require actual consent and failure to object to Confirmation of the Plan shall not be deemed to be consent to receive treatment by a Holder of a Claim other than as provided for under section 1129(a)(9) of the Bankruptcy Code.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

26

**10.  Acceptance of the Plan by at Least One Impaired Class
      (11. U.S.C.§ 1129(a)(10)).**

49.   All Voting Classes are impaired and, as indicated in the Voting Declaration and this Confirmation Order, Classes 3 and 4 have voted to accept the Plan by the requisite number and amount of Claims, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code). Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

**11.  Feasibility (11 U.S.C. § 1129(a)(11)).**

50.   The Plan proposes a liquidation of all Estate Assets and the Distribution of Cash and/or iCap Trust Interests to Holders of Allowed Claims in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan, thereby satisfying section 1129(a)(11) of the Bankruptcy Code.

**12.  Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).**

51.   The Plan requires that all fees payable by the Debtors pursuant to section 1930 of title 28 of the United States Code have been paid or will be paid, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

**13.  Non-Applicability of Certain Bankruptcy Code Sections
      (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)).**

52.   The Debtors (a) do not provide or pay any "retiree benefits," as such term is defined in section 1114 of the Bankruptcy Code, (b) are not obligated to pay any domestic support obligations, (c) are not individuals, and (d) are not a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code are, therefore, inapplicable to the Chapter 11 Cases.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

27

**14.** **Confirmation of the Plan Over Non-Acceptance of Impaired Classes. (11 U.S.C. § 1129(b)).**

53.     The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that the Deemed Rejecting Classes have not accepted the Plan, the Plan may be confirmed because the evidence proffered or adduced at the Confirmation Hearing (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered, (b) utilizes reasonable and appropriate methodologies and assumptions, (c) has not been controverted by other evidence, and (d) establishes that the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 5 and 6, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because (i) no Class of Claims or Equity Interests that is junior to the Claims and Equity Interests in Classes 5 and 6 will receive distributions or retain any property under the Plan on account of such junior Claim or Equity Interest and (ii) the Claims and Equity Interests in Classes 5 and 6 are "dissimilar" from the Claims and Equity Interests in all other Classes and the Plan does not provide any distributions to similarly situated Holders of Claims or Equity Interests.

**15.** **Only One Plan (11 U.S.C. § 1129(c)).**

54.     The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan (including previous versions thereof) is the only chapter 11 plan filed in the Chapter 11 Cases.

**16.** **Principal Purpose of the Plan (11 U.S.C. § 1129(d)).**

55.     The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and there has been no filing by any governmental agency asserting such avoidance.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**17.**     **Small Business Case (11 U.S.C. § 1129(e)).**

56.     The Chapter 11 Cases are not a "small business case," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is not applicable.

**Q.**     **Satisfaction of Confirmation Requirements.**

57.     Based upon the foregoing, the Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, the Plan satisfies all the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code, and the Plan should be confirmed.

**R.**     **Substantive Consolidation.**

58.     All of the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code, as set forth in the Plan, and such substantive consolidation is fair, equitable, reasonable and in the best interests of the Debtors, their Estates and the Holders of Claims and Equity Interests. Although Creditors generally may not have treated all of the Debtors as one legal entity, there is substantial commingling of assets and liabilities among the Debtors. *See In re Bonham*, 229 F.3d 750, 764-65 (9th Cir. 2000). It is impossible to trace the flow of funds with respect to the Debtors' prepetition transactions since the majority of the proceeds received were commingled and distributed without regard to corporate formalities, which entanglement warrants substantive consolidation of all the Debtors. Moreover, the Chapter 11 Cases are unique—the perpetration of a fraudulent scheme by a common corporate enterprise, one that in the process did not keep accurate records of the multitude of intercompany transactions that have occurred, making an unscrambling of the enterprise's accounts impossible—but that has justified substantive consolidation in other cases. *See, e.g.*, *In re Bonham*, 229 F.3d at 764-65 (consolidating entities in Ponzi

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

29

23-30028-dwh11    Doc 3014    Filed 09/03/25    Entered 09/03/25 11:34:12    Pg 52 of 227

scheme case); *In re DBSI, Inc.*, Case No. 08-12687, ECF No. 5924 (Bankr. D. Del. Jan. 19, 2010) (same); *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789, ECF No. 252 (Bankr. S.D.N.Y. June 10, 2009) (same). Substantive consolidation results in equitable treatment to all creditors and was not used to disadvantage a particular creditor group. Accordingly, the requirements of substantive consolidation are satisfied and the substantive consolidation of the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, in accordance with the Plan is hereby approved. *See In re Bonham*, 229 F.3d at 764-65; *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005).

## S. **Disclosure of Facts.**

59.     The Debtors have disclosed all material facts, to the extent applicable, regarding the Plan and the adoption, execution, and implementation of the other matters provided for under the Plan, including, without limitation, (a) the establishment of the iCap Trust and the execution and entry into the iCap Trust Agreement; (b) the identity of the iCap Trustees and their proposed compensation; (c) the adoption and making of the Ponzi Findings; (d) the method and manner of Distributions under the Plan; (e) the winding down of the Debtors' business and dissolution of the Debtors; (f) the exemption under section 1146(a) of the Bankruptcy Code; (g) the Releases, Exculpation, Injunctions, and preservation of Debtors' or Estates' Causes of Action and Avoidance Actions; and (h) the adoption, execution, and delivery of all contracts, leases, instruments, releases, and other agreements related to any of the foregoing.

## T. **iCap Trust Agreement.**

60.     The iCap Trust Agreement, and the iCap Trust to which it relates, are, individually and collectively, essential elements of the Plan, and entry into the iCap Trust Agreement is in the best interests of the Debtors, their Estates, and the Holders of Claims and Equity Interests and is necessary and appropriate for consummation of the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

30

Plan. The Debtors have exercised sound business judgment in determining to enter into the iCap Trust Agreement and have provided adequate notice thereof. The terms of the iCap Trust Agreement set forth in the Plan Supplement have been negotiated in good faith and at arm's length among the Debtors and the Committee and are deemed to have been made in good faith and for legitimate business purposes. The terms and conditions of the iCap Trust Agreement set forth in the Plan Supplement are fair and reasonable and are approved.

**U.** **Exit Financing.**

61.     The terms and conditions of the Exit Financing (which term, for the avoidance of doubt, shall include the (1) Exit Loan and Security Agreement with Keith Holdings LLC and iCap DIP Finance Group LLC, which contemplates a commitment fee of $150,000.00 to be paid by the iCap Trust upon approval of the Exit Financing; (2) Exit Loan and Security Agreement with Redmond Funding Group, LLC; and (3) Exit Loan and Security Agreement with Tritalent Funding Group, LLC (collectively, the "Exit Financing Documents")) and all of the transaction documents governing the Exit Financing and the fees to be paid thereunder (a) are fair and reasonable, (b) reflect the Debtors' exercise of prudent judgment, (c) are supported by reasonably equivalent value and fair consideration, (c) are proposed in good faith, (d) are critical to the success and feasibility of the Plan, (e) are in the best interests of the Debtors, their Estates, and their Creditors, and (f) were negotiated in good faith, without fraud or collusion and at arm's length among the parties, without the intent to hinder, delay, or defraud any Creditor of the Debtors.

**V.** **Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

62.     Without limiting or modifying the rights of the Debtors, each of the conditions precedent to the Effective Date, as set forth in Article IX.A of the Plan, has

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

31

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

been or is reasonably likely to be satisfied or waived in accordance with Article IX.B of the Plan.

**W.** **Implementation.**

63.     All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents (including, without limitation, the iCap Trust Agreement and any documents and agreements with respect to the Exit Financing) have been negotiated in good faith and at arm's length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, and in accordance with the terms and conditions thereof, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The Debtors have exercised reasonable business judgment in determining which agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The terms and conditions of such documents and agreements have been and are continuing to be negotiated in good faith, at arm's length, are fair and reasonable, and are approved. The Debtors are authorized, without any further notice to or action, order, or approval of the Bankruptcy Court to finalize and execute and deliver all agreements, documents, instruments, and certificates relating thereto and perform their obligations thereunder in accordance with the Plan.

**X.** **Retention of Jurisdiction.**

64.     Pursuant to sections 105(c) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Plan, this Confirmation Order, and the Chapter 11 Cases, to the fullest extent permitted by law, as set forth in Article XIII of the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

32

**Y.** <u>**Waiver of Stay**</u>.

65.     Given the facts and circumstances of the Chapter 11 Cases, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:**

**A.** <u>**Approval of the Plan**</u>.

66.     The Plan, attached hereto as <u>**Exhibit A**</u>, is approved in its entirety and confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order (whether or not such terms are expressly referenced or described herein). The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto (including all exhibits and attachments thereto), and the execution, delivery, and performance thereof, are authorized and approved as finalized, executed, and delivered. The failure to include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document or exhibit are approved and confirmed in their entirety. The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date.

**B.** <u>**Objections**</u>.

67.     To the extent that any objections (including any reservation of rights) to Confirmation have not been withdrawn, waived, or settled prior to entry of this

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

33

Confirmation Order, or otherwise resolved as stated by the Debtors on the record of the Confirmation Hearing, all such objections are denied and overruled on the merits and in their entirety.

**C.  Approval of Plan Modifications.**

68.     The Modifications are approved in all respects pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019(a). The Plan (as modified by this Confirmation Order) is deemed accepted by all Holders of Claims that voted to accept or were deemed to have accepted any prior iteration of the Plan, and no other or further disclosure or solicitation of votes is required. For the avoidance of doubt, all references to the Plan herein shall mean the Plan as modified by the Modifications.

**D.  Amendment of the Plan.**

69.     Subject to the requirements of section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019, and, to the extent applicable, sections 1122, 1123, and 1125 of the Bankruptcy Code, the Debtors may alter, amend, or modify the Plan at any time prior to the Effective Date. Holders of Claims that have accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification complies with the requirements of this paragraph 69 and Article XII of the Plan, and does not materially and adversely change the treatment of the Claim of such Holder; *provided*, *however*, that any Holders of Claims that were deemed to have accepted the Plan because such Claims were unimpaired shall continue to be deemed to have accepted the Plan only if, after giving effect to such amendment or modification, such Claims continue to be unimpaired.

**E.  Plan Classification.**

70.     The Plan's classification scheme is approved. The terms of the Plan shall solely govern the classification of Claims and Equity Interests for purposes of the Distributions to be made thereunder. The classifications set forth on the Ballots tendered

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

34

to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the iCap Trust except for voting purposes.

**F.**     **Information Requests to Investors.**

71.     Upon request, Investors must, within twenty-one (21) calendar days of receipt of such request, respond to requests for information by the iCap Trustees with respect to Investor Claims. Failure to respond to a request for information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion, subject to the following:

    a.     Any request to an Investor for information pursuant to this paragraph shall include a clear statement that failure to provide the information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion;

    b.     The iCap Trustees may provide additional time to respond, if reasonably necessary and requested within the twenty-one (21) day period;

    c.     An Investor shall have the right to seek Bankruptcy Court determination on the reasonableness of the information requested; *provided, however*, that in the event the court determines that the request is reasonable, the Investor's Claim shall be subject to reduction in an amount sufficient (as determined by the iCap

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

35

| | |
|---|---|
| 1 | Trustees) to recover attorneys fees and costs incurred by the iCap |
| 2 | Trust in addressing the request for determination; |
| 3 | d. If a timely determination is requested, the Investor shall not be |
| 4 | subject to forfeiture of the Investor's Claim until a resolution by the |
| 5 | Bankruptcy Court and a reasonable amount of time to comply with |
| 6 | the determination of the Bankruptcy Court; and |
| 7 | e. Any Personally Identifiable Information, as that term is defined in |
| 8 | section 101(41A) of the Bankruptcy Code, provided by an Investor |
| 9 | to the iCap Trust shall be safeguarded and held confidential in |
| 10 | accordance with reasonable commercial standards. |

**G.** <u>**Claims Paid by Third Parties.**</u>

72. Except as otherwise set forth herein or in the Plan, and specifically Article III.C.2.a of the Plan, governing payments received by an Investor on account of Individual Investor-Specific Claims, to the extent a Holder of a Claim receives a Distribution on account of such Claim under the Plan and receives payment from a party that is not a Debtor or the iCap Trustees on account of such Claim, such Holder shall, within thirty (30) days of receipt thereof, repay or return the Distribution to the applicable Debtor or the iCap Trustees, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan. The failure of such Holder to timely repay or return such excess Distribution shall result in the Holder owing the iCap Trust annualized interest at the Federal Judgment Rate, as in effect as of the Petition Date, on such amount owed for each Business Day after the thirty-day grace period specified above until the amount is repaid. For the avoidance of doubt, only prior Distributions are required to be returned or paid to the iCap Trust, and no

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

36

forfeiture of an Investor's Claim shall result unless the Investor fails to comply with Article III.C.2.a of the Plan.

**H.** **Comprehensive Settlement of Claims and Controversies.**

73. Pursuant to sections 1123(a)(5), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code, as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor. The entry of this Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

74. The entry of this Confirmation Order constitutes Ponzi Findings that (i) beginning no later than the Ponzi Start Date through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the iCap enterprise operated as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; and (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors. The Ponzi Findings are not binding on any other court or governmental or regulatory authority. The Ponzi Findings contained in this

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

37

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Confirmation Order constitute and satisfy the Ponzi finding condition set forth in the Exit Financing.

75.    Any Ponzi Finding by the Bankruptcy Court, including any finding of a Ponzi scheme or a Ponzi Start Date, shall not be preclusive nor binding on Umpqua Bank in any other court or governmental or regulatory authority, and neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to enforce the same against Umpqua Bank in this Bankruptcy Court. In addition, to the extent the Debtors are substantively consolidated as of the Effective Date, such substantive consolidation shall not affect or diminish any defenses or rights of Umpqua Bank with respect to any claims associated with the Debtors or any individual Debtor, including any deposit accounts held by a Debtor at Umpqua Bank. The Plan Proponents acknowledge and agree that: Umpqua Bank is not a Creditor or party to this proceeding, that Umpqua Bank has not had a full or fair opportunity to litigate any Ponzi Findings to a final order or judgment, and that no claims have been specifically asserted against Umpqua Bank, or otherwise adjudicated in any manner in relation to the Plan or through Confirmation of the Plan.

76.    In accordance with the terms of the *Stipulation Resolving Christopher Christensen's Objection to Confirmation of the Plan* [ECF No. 1266] (the "Christensen Stipulation"), any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme, a Ponzi start date, or any fraud or misconduct by or on behalf of the Debtors or Christensen shall have no preclusive effect on Christensen and shall not be binding on Christensen in any future litigation or proceeding against Christensen in any tribunal. Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will pursue any action in the Bankruptcy Court against Christensen, nor seek to enforce any such findings against Christensen or contend that Christensen is bound by any such

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

38

findings; *provided* that, in the event Christensen files a motion or complaint in the Bankruptcy Court asserting a monetary claim or seeking affirmative recovery of funds from the Debtors' Estates or the iCap Trust based on any activity that occurred before the date of the Christensen Stipulation, the Debtors, the Committee, the iCap Trust, or the iCap Trustees (as applicable) will be permitted to respond to such action and seek to enforce the findings.

77.     In accordance with the *Stipulation Resolving Wilmington's Objection to Confirmation of the Plan* [ECF No. 1338], any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme (inclusive of the Ponzi Finding), a Ponzi start date, any fraud or misconduct by or on behalf of the Debtors, or any element of any claim or cause of action asserted against Wilmington, shall have no preclusive effect on Wilmington and shall not be binding on Wilmington in any future litigation or proceeding against Wilmington in any tribunal (including the pending Wilmington Adversary Proceeding). Neither the Debtors, the Committee, the iCap Trust, nor the iCap Trustees will seek to enforce any such findings against Wilmington or contend that Wilmington is bound by any such findings. Any and all rights and defenses of Wilmington to defend the claims and causes of action against it are preserved.

78.     This comprehensive compromise and settlement, including the Ponzi Findings, is a critical component of the Plan and is designed to provide a resolution of the innumerable disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

**I.      Substantive Consolidation of Debtors.**

79.     On the Effective Date, the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

39

sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code; *provided, however*, that the Debtors or iCap Trustees, as applicable, reserve the right to effectuate, without further motion practice, substantive consolidation of the Excluded Debtors after the Claims in Classes 2B and 2C are consensually resolved with the Holders of such Claims upon filing notice with the Bankruptcy Court. As a result of the substantive consolidation, on the Effective Date, all property, rights, and claims of the Debtors and all Claims against the Debtors (other than Claims in Classes 2B and 2C) shall be deemed to be pooled for purposes of Distributions under the Plan and, in the iCap Trustees' discretion, other purposes. Further, as a result of this substantive consolidation, all claims between and among the Debtors shall be cancelled. Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims, and any contingent or otherwise duplicative Claims against one or more of the Debtors based upon claims for which one or more of the Debtors are also liable shall be disallowed. Holders of Claims in Classes 2B and 2C shall be entitled to recover up to the full amount of their Allowed Secured Claim from the sale proceeds for their Collateral.

80.      Entry of this Confirmation Order shall constitute the approval, pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code, of the substantive consolidation of the Debtors in the manner set forth herein; *provided, however*, that while the Debtors shall be substantively consolidated for purposes of Distributions to Creditors, such that all Investors shall have claims against a single pool of the Debtors' consolidated assets, the actual substantive consolidation of entities, particularly for tax purposes, shall be at the option of the Debtors or the iCap Trust, as applicable. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

40

81.     Substantive consolidation under the Plan shall not affect, without limitation, any defenses or rights the Debtors or the iCap Trust may have to any Claim, Cause of Action, or Avoidance Action, including the ability to assert a counterclaim.

82.     Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however*, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by the iCap Trust as to any Collateral so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

**J.      Sources of Cash for Plan Distributions.**

83.     The Debtors shall fund Distributions under the Plan with: (a) Available Cash on hand; (b) the Exit Financing; and (c) all other proceeds, if any, generated from the liquidation of the iCap Trust Actions.

**K.      Vesting of iCap Trust Assets.**

84.     On the Effective Date, the iCap Trust will be automatically vested with all the Debtors' and the Estates' respective rights, title, and interest in and to all iCap Trust Assets. Except as specifically provided in the Plan or this Confirmation Order, the iCap Trust Assets shall automatically vest in the iCap Trust free and clear of all Claims, Liens, or interests subject only to the iCap Trust Interests and the iCap Trust Expenses, as provided for in the iCap Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The iCap Trustees shall be the exclusive trustee of the iCap Trust Assets for

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

41

purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3) of the Bankruptcy Code regarding all iCap Trust Assets. The iCap Trust shall hold and distribute the iCap Trust Assets in accordance with the provisions of the Plan and the iCap Trust Agreement.

85.     Notwithstanding the foregoing or any other provision in the Plan, in the event that the iCap Trust receives any monies from the United States or any other Governmental Unit, obtained as forfeited assets (or otherwise) by the Governmental Unit for the benefit of the Investor victims of the Debtors' prepetition Ponzi scheme, all such monies shall not constitute Estate Assets or iCap Trust Assets, and the iCap Trustees are authorized to and shall distribute all such monies only to Investors who are Holders of Class A iCap Trust Interests or Class B iCap Trust Interests on account thereof, subject to the Plan and the iCap Trust Agreement; *provided* that the iCap Trustees and their agents will be reimbursed from such monies for reasonable costs and expenses incurred by said parties related to the iCap Trust's collection, administration, and distribution of such monies to the applicable Investors.

86.     Except as otherwise provided in the Plan or this Confirmation Order, the iCap Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all iCap Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement. From and after the Effective Date, the iCap Trust, in accordance with section 1123(b)(3) of the Bankruptcy Code, shall serve as a representative of the Estates with respect to any and all iCap Trust Actions that were Estate Assets and shall retain and possess the right to institute,

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

42

commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all iCap Trust Actions in any court or other tribunal.

87.    No person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Avoidance Action, Causes of Action, or Contributed Claims against them as any indication that the iCap Trust will not pursue any and all available Avoidance Actions, Causes of Action, or Contributed Claims against such Person. The Debtors and the iCap Trust expressly reserve all rights to prosecute any and all Avoidance Actions, Causes of Action, or Contributed Claims against any Person other than the Released Parties, in accordance with the Plan.

88.    Notwithstanding anything to the contrary in the Plan, the transfer of the iCap Trust Assets in Article V of the Plan shall not be free and clear of the Supplemental DIP Claims, the Obligations (as defined in the Supplemental DIP Credit Agreement), or the liens, claims, and interests granted to the DIP Parties by the Debtors pursuant to the Supplemental DIP Credit Agreement. The iCap Trust assumes and remains bound by the Supplemental DIP Credit Agreement and all Obligations (as defined in the Supplemental DIP Credit Agreement) thereunder and the Bankruptcy Court's order approving the Supplemental DIP Credit Agreement. The iCap Trust Assets shall be encumbered by the liens, claims, obligations, and security interests granted to the DIP Parties under the Supplemental DIP Credit Agreement and the Bankruptcy Court's order approving the Supplemental DIP Credit Agreement, and the iCap Trust shall not distribute collateral (or proceeds thereof) of the DIP Parties until the Obligations (as defined in the Supplemental DIP Credit Agreement) under the Supplemental DIP Credit Agreement are satisfied in full.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

43

**L.    Abandonment of Certain Estate Assets.**

89.    On the Effective Date, and without the need for further action, the following Estate Assets shall be abandoned by the Debtors and their Estates pursuant to section 554 of the Bankruptcy Code and shall not be considered iCap Trust Assets: (i) the real property commonly known as 715–775 Broadway, Tacoma, WA; and (ii) the Debtors' interests in Airlink Holdings, LLC's ("Holdings") and Airlink Markets, LLC ("Markets" and, together with Holdings, "Airlink") (which entities shall be dissolved by the Debtors in accordance with this Confirmation Order) including, without limitation, Holdings' membership interests in Markets (the "Airlink Membership Interests").

90.    Upon the Effective Date, any of the Debtors' remaining interests in Airlink including, without limitation, the Airlink Membership Interests, shall be abandoned. In addition, the Debtors and/or the iCap Trustees, as applicable, are authorized to shut down Airlink, notify all regulators, and file any applications or documents to effectuate such abandonment and shutdown.

**M.    Termination of Directors and Officers.**

91.    On the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

44

**N. Appointment of iCap Trustees.**

92. The appointment of Lance Miller and Seth Freeman as the iCap Trustees to perform the functions of the iCap Trustees as set forth in Article V.D of the Plan and the iCap Trust Agreement is hereby approved. The iCap Trustees shall have the rights, powers, and obligations set forth in, and shall be entitled to reimbursement of their costs and expenses incurred in connection with exercising their functions under, the Plan in accordance with Article V.D of the Plan and the iCap Trust Agreement.

**O. Corporate Action.**

93. On the Effective Date, all matters under the Plan involving or requiring action of the directors, members, managers, or officers of the Debtors, including, but not limited to, actions requiring a vote or other approval of the board of directors or any of the members or officers of the Debtors or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by this Confirmation Order and to have occurred and be in effect from and after the Effective Date, without any further action by the Bankruptcy Court or the directors, members, managers, or officers of the Debtors.

94. Without limiting the generality of the foregoing, on the Effective Date and automatically and without further action, (a) any existing director, manager, or officer of the Debtors will be deemed to have resigned on the Effective Date without any further corporate action, (b) the iCap Trustees shall be deemed the manager, officer, and representative of the iCap Trust to exercise the rights, power, and authority of the iCap Trust under applicable provisions of the Plan and bankruptcy and non-bankruptcy law, and (c) all matters provided under the Plan shall be deemed to be authorized and approved without further approval from the Bankruptcy Court. This Confirmation Order modifies the Debtors' constituent documents such that the provisions of the Plan can be effectuated. The Plan shall be administered by the iCap Trustees, and all actions

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

45

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

taken thereunder in the name of the iCap Trust shall be taken through the iCap Trustees. All corporate governance activities of the iCap Trust shall be exercised by the iCap Trustees in their discretion, subject to the terms of the Plan.

**P.** **Closing of the Chapter 11 Cases.**

95.     As soon as practicable after the iCap Trustees exhaust substantially all of the iCap Trust Assets by making the final Distributions under the Plan, the iCap Trustees shall, at the expense of the iCap Trust, (a) abandon, destroy, or otherwise dispose of any books and records of the Debtors that the iCap Trustees deem not necessary for the continued administration of the Plan or required to be retained under applicable law (as determined by the iCap Trustees in good faith), without the need for any order of the Bankruptcy Court, *provided, however*, that such right shall be limited in accordance with paragraph 97 of this Confirmation Order, (b) file a motion for entry of a final decree closing the Chapter 11 Cases that have not been already closed in accordance with the Bankruptcy Code and the Bankruptcy Rules and stating that the assets of the iCap Trust have been exhausted and final Distributions have been made under the Plan, (c) file the necessary paperwork in the respective jurisdictions to effectuate the dissolution of the Debtors in accordance with the laws of such jurisdiction, and (d) resign as the officer, director, and manager, as applicable, of the Debtors. Upon the Bankruptcy Court's entry of a Final Order granting the motion described in clause (b) of the preceding sentence, the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith, and the remaining Chapter 11 Cases shall be closed on the date that the Bankruptcy Court has entered such Final Order.

96.     Notwithstanding the immediately preceding paragraph, if the iCap Trustees deem it appropriate, the iCap Trustees may seek authority from the Bankruptcy

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

46

Court to close any of the Chapter 11 Cases and dissolve or merge any of the Debtors prior to all final Distributions having been made under the Plan.

**Q.** **Books and Records.**

97. On the Effective Date, the Debtors' books and records shall be transferred to the iCap Trustees. The iCap Trustees shall be free, in their discretion to abandon, destroy, or otherwise dispose of the books and records in compliance with applicable non-bankruptcy law, or any other order of the Bankruptcy Court, at any time on and after the Effective Date, without the need for any other or further order; *provided, however*, that neither the Debtors nor the iCap Trustees shall destroy or otherwise abandon any books, records, electronically stored information, or other documents without providing advance notice to the SEC (c/o William M. Uptegrove, U.S. Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326, UptegroveW@SEC.GOV), which shall have seven (7) days to object to any proposed destruction or abandonment, and with authorization from the Bankruptcy Court; *provided further* that, nothing in the Plan or this Confirmation Order shall affect the obligations of the Debtors, the iCap Trust, and/or any transferee or custodian to maintain any books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

**R.** **Dissolution of the Debtors.**

98. Upon the Distribution of all iCap Trust Assets, the Debtors shall be dissolved for all purposes by the iCap Trustees without the necessity for any other or further actions to be taken by or on behalf of any Debtors or payments to be made in connection therewith; *provided*, *however*, that, without the need of any further approval, the iCap Trustees in their discretion may execute and file documents and take all other actions as they deem appropriate relating to the dissolution of the Debtors under

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

47

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

applicable law, and in such event, all applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as provided herein, without the payment of any fee, tax, or charge and without need for the filing of any certificates.

## S. **Cancellation of Indebtedness.**

99. Except as otherwise provided in the Plan, on the Effective Date, except for the purpose of evidencing a right to Distribution under the Plan, any Notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtors, except assumed executory contracts and assumed unexpired leases, and/or such Notes or other instruments evidencing indebtedness or obligations of the Debtors that are unimpaired, reinstated, assumed, or amended and restated under the Plan, shall be cancelled and terminated and of no further force or effect.

## T. **Exit Financing.**

100. The Debtors or the iCap Trust, as applicable, are hereby authorized to enter into, execute, deliver, file, record, and issue the Exit Financing Documents and to incur the obligations under the Exit Financing, including the granting of liens thereunder, the payment of all fees, expenses, indemnities, and other amounts provided for in each Exit Financing and the other instruments, agreements, and documents entered into in connection therewith, all of which are hereby approved. The Debtors or the iCap Trust, as applicable, are authorized and empowered to incur and to perform their obligations in accordance with, and subject to, the Exit Financing Documents and to perform all acts, and make, execute, and deliver all instruments and documents that may be required for the performance by the Debtors or the iCap Trust, as applicable, under the Exit Financing Documents and the creation and perfection of the liens described in and provided for by the Exit Financing Documents.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

48

101. Upon the Effective Date, the Exit Financing Documents shall constitute legal, valid, binding, and authorized debt obligations of each of the Debtors or the iCap Trust, as applicable, and the terms and provisions set forth in the Exit Financing Documents shall be enforceable in accordance with their terms. The financial accommodations to be extended pursuant to the Exit Financing Documents shall be deemed to have been extended in good faith, for legitimate business purposes, are reasonable, and are for reasonably equivalent value as an inducement to the lenders thereunder to extend credit thereunder.

102. On the Effective Date, all of the liens and security interests to be granted in accordance with the Exit Financing Documents (a) shall be deemed to be granted, (b) shall be legal, binding, and enforceable liens on, and security interests in, the applicable collateral granted thereunder in accordance with the terms of the Exit Financing Documents, (c) shall be deemed automatically perfected and non-avoidable on the Effective Date, subject only to such liens and security interests as may be permitted under the Exit Financing Documents, (d) shall not be subject to avoidance, recharacterization, or equitable subordination for any purposes whatsoever, and (e) shall not constitute preferential transfers, fraudulent transfers, or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law.

**U.** **Effectuating Documents; Further Transactions.**

103. On and after the Effective Date, the iCap Trustees are authorized to, and may issue, execute, deliver, file, or record, such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, without the need for any approvals, authorization, or consents, except for those expressly required pursuant to the Plan.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

49

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

104. Issuance of the iCap Trust Interests in accordance with the Plan is approved. The iCap Trust is authorized and empowered, without further approval of this Bankruptcy Court or any other Person, to take such actions and to perform such acts as may be necessary, desirable, or appropriate to implement the issuance of the iCap Trust Interests in accordance with the Plan and to execute and deliver all agreements, documents, securities, instruments, and certificate relating thereto.

105. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors or the iCap Trustees, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all document or transactions contemplated by the Plan or this Confirmation Order.

## V. Section 1146 Exemption.

106. In accordance with section 1146 of the Bankruptcy Code and Washington Administrative Code 458-61A-207, no stamp tax, conveyance fee, real estate, excise, or other transfer tax, mortgage tax, mortgage recording tax, Uniform Commercial Code filing or recording filing fee, or similar tax shall apply to (a) the sale or transfer of iCap Trust Assets to the iCap Trust; (b) the issuance, Distribution, transfer, or exchange of Notes or equity securities under the Plan; (c) the establishment of any mortgage, deed of trust, Lien, pledge, or other security interest, or the execution or delivery of any lease, sublease, deed, or other transfer instrument related to or in support of the Plan; or (d) the sale of any real estate by the iCap Trust. Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents and any third party shall forgo the collection of any such tax, recordation fee, or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or assessment.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

50

23-01243-WLH11    Doc 3914    Filed 09/03/25    Entered 09/03/25 13:41:25    Pg 73 of 227

**W.    Preservation of Rights of Action.**

107.    Except as otherwise provided in the Plan or this Confirmation Order (including in the Investor Claims Special Provisions), in accordance with section 1123(b) of the Bankruptcy Code, from and after the Effective Date, the iCap Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as iCap Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases, subject to the requirements set forth in the Plan and the iCap Trust Agreement. The iCap Trust shall have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the iCap Trust Actions without notice to or approval from the Bankruptcy Court, subject to the iCap Trust Agreement. In accordance with the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the iCap Trust may compromise and settle iCap Trust Actions, subject to the iCap Trust Agreement. For the avoidance of doubt, nothing in the Disclosure Statement or the Plan shall require the iCap Trust to commence or pursue litigation concerning any iCap Trust Action.

108.    The failure to specifically identify in the Disclosure Statement (including its exhibits and schedules) or the Plan any potential or existing Avoidance Actions or Causes of Action as an iCap Trust Action is not intended to and shall not limit the rights of the iCap Trust to pursue any such Avoidance Actions or Causes of Action. Unless a iCap Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including this Confirmation Order), the Debtors

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

51

expressly reserve such iCap Trust Action for later resolution by the iCap Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor or the iCap Trust is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits. No preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to any iCap Trust Actions upon, after, or as a consequence of the confirmation of the Plan.

## X.  Releases, Exculpation, and Injunctions.

109.  The following release, exculpation, and injunction provisions set forth in Article X of the Plan are hereby approved and authorized in their entirety.

110.  **Releases and Related Matters. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors'**

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

52

**businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in Article X.G of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.**

**111. Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Article X.G of the Plan; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.**

112. For the avoidance of doubt, the Release does not apply to Christopher Christensen and/or Jim Christensen. The Released Parties shall not include any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors (the "Excluded Parties"). Excluded Parties shall not include any consultant retained or engaged by the Debtors during the Chapter 11 Cases except for Christopher Christensen and Jim Christensen.

113. **Exculpation. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent**

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

53

permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any postpetition act or omission occurring from the Petition Date to the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan, or any other act taken or omission originating or occurring after the Petition Date but before the Effective Date in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided, however*, that nothing in Article X.H of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order, including with respect to the Supplemental DIP Credit Agreement; and *provided, further*, that the exculpation provisions of Article X.H of the Plan shall not apply to acts or omissions constituting actual fraud, willful misconduct, gross negligence, or malpractice by such Exculpated Party as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. This Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by Article X.H of the Plan. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the scope of the CRO's Related Parties are limited to only the Related Parties that participated in these Chapter 11 Cases.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

54

114. **Injunction. Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of the Plan or (ii) are subject to exculpation pursuant to Article X.H of the Plan, are permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under section 362(a) of the Bankruptcy Code shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in Article X.I of the Plan shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to**

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

55

have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in Article X.I of the Plan.

115. **Injunction Against Interference with the Plan**. Upon entry of this Confirmation Order, all Holders of Claims and Equity Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions of any kind against the iCap Trustees, the iCap Trust, or any of the iCap Trust Assets that interfere with the implementation or consummation of the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in Article X.J of the Plan.

**Y.** **Provisions Governing Distributions.**

116. The distribution provisions of Article VI of the Plan shall be, and hereby are, approved in their entirety. The iCap Trustees shall make all Distributions under the Plan to the appropriate Holders of Allowed Claims in accordance with the terms of the Plan and the iCap Trust Agreement, as applicable.

**Z.** **Administration of the iCap Trust.**

117. The iCap Trust Agreement, substantially in the form filed with the Plan Supplement, as such Plan Supplement may be amended in accordance with the Plan and this Confirmation Order is approved.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

56

**AA.** **Post-Confirmation Notices, Professional Compensation, and Bar Dates.**

   **1.** **Notice of Entry of the Confirmation Order and Occurrence of the Effective Date.**

118.   In accordance with Bankruptcy Rules 2002 and 3020(c), promptly after the occurrence of the Effective Date, the Debtors shall promptly cause notice of confirmation of the Plan and the occurrence of the Effective Date (the "Notice of Effective Date"), to be served by e-mail or United States first class mail to all parties served with the notice of the Confirmation Hearing; *provided*, that the Debtors are excused from distributing the Notice of Effective Date to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Effective Date. Mailing of the Notice of Effective Date in the time and manner set forth in this paragraph will be good, adequate, and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c). No further notice is necessary.

119.   The Notice of Effective Date will constitute sufficient notice of the entry of this Confirmation Order to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

   **2.** **Final Administrative Claims Bar Date.**

120.   The provisions governing the treatment of Allowed Administrative Expense Claims set forth in Article III.A.1 of the Plan are approved in their entirety. Administrative expense requests asserting Administrative Expense Claims arising from the Petition Date through and including the Effective Date, excluding (a) Claims of Professional Persons in the Chapter 11 Cases and (b) claims arising in the ordinary course of business, must be filed no later than thirty (30) days after the Notice of Effective Date is filed with the Bankruptcy Court or such later date as may be

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

57

established by order of the Bankruptcy Court (the "<u>Administrative Expense Claims Bar Date</u>"). Holders of Administrative Expense Claims who are required to file a request asserting Administrative Expense Claims and who do not file such request by the Administrative Expense Claims Bar Date, may not receive or be entitled to receive any payment or Distribution of property from the Debtors or their successors or assigns with respect to such Administrative Expense Claim in the Chapter 11 Cases. Notwithstanding the foregoing, pursuant to section 503(b)(1)(D) of the Bankruptcy Code, no Governmental Unit shall be required to file a request for payment of any Administrative Expense Claim of a type described in sections 503(b)(1)(B) or 503(b)(1)(C) of the Bankruptcy Code as a condition to such Claim being Allowed.

**3.** **<u>Professional Fees.</u>**

121. The provisions governing compensation or reimbursement of Professional Persons set forth in Article III.A.1.b of the Plan are approved in their entirety. All final requests for compensation or reimbursement of Professional Persons retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall be filed and served on: (a) the iCap Trustees, (i) Pivot Management Group, LLC, 1230 Rosecrans Ave., Suite 530, Manhattan Beach, CA 90266 (Attn: Lance Miller (Lance.miller@pivotgrp.com)) and (ii) B. Riley Advisory Services, 19800 MacArthur Boulevard, Suite 820, Irvine, CA 92612 (Attn: Seth Freeman (SFreeman@brileyfin.com)); (b) counsel to the Debtors, O'Melveny & Myers LLP (i) 400 South Hope Street, Suite 1900, Los Angeles, CA 90071 (Attn: Julian Gurule (jgurule@omm.com)) and (ii) 1301 Avenue of the Americas, Suite 1700, New York, NY 10019 (Attn: Diana Perez (dperez@omm.com)); (c) counsel to the Unsecured Creditors' Committee, (i) Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101 (Attn: Armand J. Kornfeld (jkornfeld@bskd.com) and Aimee S. Willig (awillig@bskd.com)) and (ii) K&L Gates, 925 Fourth Avenue, Suite 2900, Seattle, WA

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

58

98104 (Attn: John T. Bender (John.Bender@klgates.com)); (d) the Office of the United States Trustee, United States Department of Justice, 920 West Riverside Avenue, Room 593, Spokane, WA 99201 (Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov)); and (e) such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, by no later than sixty (60) days after the Effective Date, unless otherwise agreed by the Debtors or the iCap Trustees, as applicable. Objections to any Claims of Professional Persons must be filed with the Bankruptcy Court and served on the iCap Trustees and the applicable Professional Person no later than fourteen (14) days after service of such applicable final fee application, unless otherwise ordered by the Bankruptcy Court. After Notice and Hearing in accordance with the procedures established by the Bankruptcy Code and any prior orders of the Bankruptcy Court in the Chapter 11 Cases, the Allowed amounts of such Claims shall be determined by the Bankruptcy Court and, once approved by the Bankruptcy Court, shall be promptly paid in Cash.

    **4.**    **Bar Date for Rejection Damages Claims.**

122. Proofs of Claim asserted in connection with any executory contracts or unexpired leases rejected under the Plan must be filed so that they are actually received by BMC no later than thirty (30) days after service of the notice of Effective Date. Any proofs of Claim not filed and served within such time period shall not receive or be entitled to receive any payment or Distribution from the Debtors or the iCap Trust with respect to such Claim in the Chapter 11 Cases.

    **5.**    **Notice of Subsequent Pleadings.**

123. Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date shall be limited to the following parties: (a) the iCap Trustees (as set forth in the iCap Trust Agreement);

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

59

23-01243-WLH11    Doc 3914    Filed 09/03/25    Entered 09/03/25 13:41:25    Pg 82 of 227

(b) the U.S. Trustee; and (c) any Person that files a renewed request for notice under Bankruptcy Rule 2002 after the Effective Date.

**BB.** **Payment of Statutory Fees.**

124. The Debtors shall timely make all payments required under the Plan. Without limiting the generality of the foregoing, the iCap Trust shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation until the Case Closing Date. After Confirmation, the iCap Trust shall serve on the U.S. Trustee quarterly a financial report for each quarter (or portion thereof) the Chapter 11 Cases remain open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

**CC.** **Effectiveness of All Actions.**

125. All actions authorized to be taken pursuant to the Plan, including, without limitation, entry into the iCap Trust Agreement and the Exit Financing, shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of the Bankruptcy Court, or further action by the respective officers, directors, managers, members, or stockholders of the Debtors or the iCap Trustees and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or stockholders.

126. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure Statement, the iCap Trust Agreement, and any

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

60

other documents, instruments, securities, or agreements, and any amendments or modifications thereto, including with respect to the Exit Financing.

**DD.** **Conflicts.**

127. Except as set forth in the Plan, to the extent that any provision of the Plan, the Plan Supplement, or any other document (but excluding, for the avoidance of doubt, this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan (without reference to the Plan Supplement), the Plan (without reference to the Plan Supplement) shall govern and control; *provided*, *however*, that notwithstanding anything herein or the Plan to the contrary, in the event of a conflict between this Confirmation Order, on the one hand, and any of the Plan or the Plan Supplement on the other hand, this Confirmation Order shall govern and control in all respects.

**EE.** **SEC Rights.**

128. Notwithstanding any language to the contrary in the Disclosure Statement, the Plan, and/or this Confirmation Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers or (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, causes of action, proceedings, or investigations against any non-Debtor Person or non-Debtor entity in any forum.

**FF.** **Reservation of Rights.**

129. Except as expressly set forth in the Plan, the Plan shall have no force or effect unless the Bankruptcy Court shall enter this Confirmation Order. None of the filing of the Plan, any statement or provision contained herein, or the taking of any action by any Debtor with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Equity Interests before the Effective Date.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

61

**GG. Severability.**

130.    In the event the Bankruptcy Court determines, before Confirmation, that any provision in the Plan is invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without consent of the Debtors; and (c) nonseverable and mutually dependent.

**HH. Non-Occurrence of Effective Date Conditions.**

131.    If the conditions necessary for the Effective Date are not met or duly waived as outlined in Articles IX.A and B of the Plan, upon notification filed by the Debtors with the Bankruptcy Court, the following shall occur: (i) this Confirmation Order will be vacated; (ii) no Distributions will be made; (iii) the Debtors, the Estates, the Committee, and all Creditors will revert to the status quo as of the day immediately preceding the Confirmation Hearing as if the Confirmation Order had not been entered; and (iv) all obligations of the Debtors and the Estates regarding Claims will remain unchanged. Nothing in the Plan will constitute a waiver or release of any Claims by or

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

62

against the Debtors, the Estates, or any other Person, nor will it prejudice the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

## II.    Retention of Jurisdiction.

132.    Pursuant to sections 105(c) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retains jurisdiction and power over all matters arising in, arising under, or related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including the jurisdiction and power related to those matters set forth in Article XIII of the Plan.

## JJ.    Dissolution of Committee.

133.    Upon the occurrence of the Effective Date, the Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) applications for allowance and payment of the fees of Professional Persons, and (c) any pending motions or other actions seeking enforcement or implementation of the provisions of the Plan).

## KK.    Final Order.

134.    This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon entry hereof.

## LL.    Enforceability of Plan.

135.    Pursuant to sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable. Upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding on the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

63

Debtors, all Creditors and Holders of Equity Interests, and all other Persons in accordance with their respective terms.

**MM.  Substantial Consummation.**

136.   "Substantial Consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**NN.   Immediate Binding Effect.**

137.   Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, and any and all Holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons and Entities that are party, or subject, to the settlements, compromises, releases, and injunctions described in the Plan, each Person and Entity acquiring property under the Plan, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, with respect to the foregoing.

///End of Order///

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND MODIFIED SECOND AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

64

1  PRESENTED BY:

2

3  By:    /s/ Oren B. Haker
    OREN B. HAKER (WSBA No. 48725)
4  BRITTA E. WARREN, WSBA No. 43329
   BLACK HELTERLINE LLP

5
   *Co-Counsel to Debtors and Debtors in Possession*
6

7  By:    /s/ Julian I. Gurule
   JULIAN I. GURULE (Admitted *Pro Hac Vice*)
8  O'MELVENY & MYERS, LLP

9  *Co-Counsel to Debtors and Debtors in Possession*

10

11 By:    /s/ Armand J. Kornfeld
   ARMAND J. KORNFELD, WSBA No. 17214
12 AIMEE S. WILLIG, WSBA No. 22859
   JASON WAX, WSBA No. 41944
13 BUSH KORNFELD LLP

14 *Counsel for the Official Committee of
   Unsecured Creditors*
15
   And
16
   JOHN T. BENDER, WSBA No. 49658
17 K&L GATES LLP

18 *Special Litigation Counsel for the Official
   Committee of Unsecured Creditors*
19

20

21

22

23

24

25

26

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING SECOND MODIFIED SECOND
AMENDED PLAN OF LIQUIDATION**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

65

1

**Exhibit A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HONORABLE WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re | Chapter 11 |
|---|---|
| iCap ENTERPRISES, INC., *et al.*, | Lead Case No. 23-01243-WLH11 Jointly Administered |
| Debtors.[1] | SECOND MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF iCap ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS |

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# INTRODUCTION[2]

iCap Enterprises, Inc. and its affiliated debtors propose this Plan, which resolves the outstanding Claims and Equity Interests that have been asserted against the Debtors. The court has approved the Disclosure Statement filed by the Debtors and it contains a detailed discussion of the Debtors' historical operations and assets; a summary of this Plan; and a discussion of risk factors and uncertainties associated with the Plan that may impact both consummation of the Plan as well as any Distributions projected to be made under the Plan.

YOU ARE URGED TO READ THE DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY TO DETERMINE HOW THEY MAY IMPACT YOUR CLAIM BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

## ARTICLE I.
## DEFINED TERMS AND RULES OF INTERPRETATION

**A.    Definitions**

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed in the Bankruptcy Code or the Bankruptcy Rules, as applicable. When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

1.    <u>Administrative Expense Claim</u>:  A Claim entitled to priority under Bankruptcy Code section 507(a)(2), including (a) claims incurred by the Debtors since the Petition Date and allowed by the Court of a type described in Bankruptcy Code section 503(b); (b) all Allowed Claims of Professional Persons pursuant to Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estates under 28 U.S.C. § 1930.

2.    <u>Allowed Claim</u>:  Any Claim in the amount and of the priority classification set forth in the proof of such Claim that has been filed timely in the

---

[2] Capitalized terms in the Introduction have the meanings set forth in Article I below.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Chapter 11 Cases, or in the absence of such proof, as set forth in the Schedules filed in the Chapter 11 Cases, unless:

(i) with respect to a Scheduled Claim that is not otherwise the subject of a proof of Claim, such Claim has been (a) listed in the Schedules as disputed, contingent, or unliquidated or (b) objected to or is objected to after Confirmation, in which case such Claim shall be allowed only in such amount and such classification as is either agreed to by the iCap Trust or as otherwise authorized by Final Order of the Bankruptcy Court;

(ii) with respect to a Filed Claim, such Claim has been objected to or is objected to after Confirmation, in which case such claim shall be allowed only in such amount and such classification as is either agreed to by the iCap Trust or as otherwise authorized by Final Order of the Bankruptcy Court; or

(iii) such Claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

3.      Available Cash: All Cash held by the Debtors on the Effective Date or by the iCap Trust on or after the Effective Date, after accounting for the Senior Claims Reserve and the Secured Claims Reserves. Available Cash shall be determined after payment, allocation, or reserve in accordance with the Plan for unpaid or unutilized amounts for iCap Trust Funding.

4.      Avoidance Actions:  Any and all causes of action, claims, remedies, or rights that may be brought by or on behalf of the Debtors or the Estates under Bankruptcy Code sections 542, 544, 547, 548, 549, 550, 551, or 553, or under related state or federal statutes, or pursuant to any theory or cause of action under common law, regardless whether such action has been commenced prior to the Effective Date.

5.      Ballot:  The form for acceptance or rejection of the Plan distributed to those Creditors entitled to vote on the Plan. Any Ballot that is executed by the Holder of an Allowed Claim but that does not indicate an acceptance or rejection of the Plan shall be deemed to be an acceptance of the Plan.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

6.      Bankruptcy Code or Code:  The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

7.      Bankruptcy Court or Court:  The United States Bankruptcy Court for the Eastern District of Washington at Yakima, before which the Chapter 11 Cases are pending, or if that Court ceases to exercise jurisdiction over the Chapter 11 Cases, the Court that does exercise jurisdiction.

8.      Bankruptcy Rules:  The Federal Rules of Bankruptcy Procedure and any applicable Local Rules of the Bankruptcy Court, as amended from time to time.

9.      Broker Settlement: Any settlement between the iCap Trust and any "broker," registered investment advisor, salesperson, consultant, affiliated entity, or professional who is not an Excluded Party and was involved in any way in the marketing or sale of any products offered by any of the Debtors.

10.      Business Day:  Any day except Saturday, Sunday, or a "legal holiday" as defined in Bankruptcy Rule 9006(a)(6).

11.      Case Closing Date: The date on which all Chapter 11 Cases have been closed.

12.      Cash:  Legal tender of the United States of America or cash equivalents including, but not limited to, bank deposits, wire transfers, checks, and other similar items.

13.      Causes of Action:  Any and all claims, rights, actions, causes of action, liabilities, obligations, suits, debts, remedies, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, rights of setoff, third-party claims, subordination claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and cross claims, damages, or judgments whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, foreseen or unforeseen, asserted or unasserted, existing or hereafter arising, in law, at equity, by statute, whether for tort, fraud, contract, or otherwise, including any and all claims that

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

constitute property of the Estates pursuant to Bankruptcy Code section 541. For the avoidance of doubt, "Causes of Action" include: (a) the right to object to Claims or Equity Interests; (b) any claim pursuant to Bankruptcy Code section 362; (c) any counterclaim or defense, including fraud, mistake, duress, usury, or recoupment; and (d) any Avoidance Actions.

14. Chapter 11 Cases: The chapter 11 bankruptcy cases commenced by the Debtors, which are being jointly administered under the case caption In re iCap Enterprises, Inc., et al., Case No. 23-01243-WLH.

15. Claim: A claim as defined in Bankruptcy Code section 101(5).

16. Claim Objection Deadline: The first Business Day that is on or before (a) the 180th day following the later of (i) the Effective Date and (ii) the date that a proof of Claim is amended or a Claim is otherwise asserted or amended in writing by or on behalf of a Holder of such Claim, or (b) such later date as may be fixed in accordance with the terms of the Plan.

17. Claims Agent: BMC Group, Inc., the Debtors' court-appointed claims, noticing, and balloting agent.

18. Claims Bar Date: July 10, 2024, the deadline for filing proofs of Claim in the Chapter 11 Cases by non-Governmental Units, and March 27, 2024 for Governmental Units.

19. Class: A class of Claims or Equity Interests as defined in Article II of this Plan.

20. Class A iCap Trust Interests: The iCap Trust Interests to be distributed to the Holders of Allowed Investor Class A Claims and Allowed General Unsecured Class A Claims under the Plan.

21. Class B iCap Trust Interests: The iCap Trust Interests to be distributed to the Holders of Allowed Investor Class B Claims and Allowed General Unsecured Class B Claims under the Plan.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

22. <u>Collateral</u>: Any Estate asset that is subject to a Lien to secure the payment or performance of an Allowed Claim, which Lien is perfected and not subject to avoidance under the Bankruptcy Code or otherwise invalid or unenforceable under the Bankruptcy Code or applicable nonbankruptcy law.

23. <u>Collateral Source Recoveries</u>: Any recoveries from other sources (other than those pursuant to the Plan) that an Investor receives or has ever received on account of losses represented by its Investor Claim, including, without limitation, proceeds of insurance, litigation, or settlements.

24. <u>Confirmation</u>: The entry of the Confirmation Order by the Bankruptcy Court.

25. <u>Confirmation Hearing</u>: The hearing or hearings held by the Bankruptcy Court to consider confirmation of the Plan as required by Bankruptcy Code section 1128(a).

26. <u>Confirmation Order</u>: The order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code section 1129.

27. <u>Contingent Claim</u>: Any Claim that is Scheduled or Filed as contingent.

28. <u>Contributed Claims</u>: All Causes of Action that a Creditor has against any Person that is not a Released Party and that are related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties, excluding any Individual Investor-Specific Claims.

29. <u>Contributing Claimants</u>: The Creditors that elect on their Ballots to contribute Contributed Claims to the iCap Trust.

30. <u>Contributing Claimants Enhancement Multiplier</u>: The Claim of a Contributing Claimant shall be multiplied by 1.10.

31. <u>Creditor</u>: A "creditor" within the meaning of Bankruptcy Code section 101(10).

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

32.   CRO: Lance Miller solely in his capacity as the Chief Restructuring Officer of the Debtors.

33.   D&O Insurance: All primary and excess insurance polices that provide coverage for the Debtors' former and current directors and officers, including any "tail" or "runoff" coverage for such policies.

34.   Debtor or Debtors:  Individually and collectively, iCap Enterprises, Inc., and each of the entities listed in footnote 1 on page 1 of this Plan.

35.   DIP Parties: The banks and other financial institutions party to the Supplemental DIP Credit Agreement from time to time, in their capacities as lenders thereunder.

36.   Disclosure Statement: That certain disclosure statement relating to the Plan, including all referenced exhibits and schedules, as approved by the Bankruptcy Court pursuant to Bankruptcy Code section 1125, as it subsequently may be amended, modified, or supplemented by the Plan Proponents.

37.   Disputed Claim:  With respect to a Scheduled Claim, a Claim that (a) was listed in a Debtor's Schedules as "disputed," and that has not subsequently been Allowed or (b) is the subject of a timely Filed objection that has not been resolved. With respect to a Filed Claim, a Claim that is the subject of a timely Filed objection that has not been resolved.

38.   Distribution: Any payment or transfer of consideration made pursuant to the Plan or the iCap Trust Agreement.

39.   Distribution Agent: (i) The persons or entities serving as the iCap Trustees, but solely in their separate capacity as distribution agent under the Plan with respect to Distributions to Holders of Allowed Administrative Expense Claims, Priority Tax Claims, and Claims in Classes 1 and 2 on account of such Allowed Claims, or (ii) any party designated by the iCap Trustees to serve in such capacity.

40.   Distribution Date: The date on which the iCap Trustees determine, in their sole discretion, to make a Distribution.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

41.  <u>Distribution Record Date</u>: The Effective Date.

42.  <u>Distribution Reserve</u>: One or more reserves related to Contingent Claims, Disputed Claims, or Unliquidated Claims established under the Plan for iCap Trust Interests distributable under the Plan with respect to such Claims and amounts payable under the Plan with respect to such Claims or on account of such reserved iCap Trust Interests.

43.  <u>Document Destruction Notice Parties</u>: As defined in Article X.M of the Plan.

44.  <u>Effective Date</u>:  The first Business Day upon which all provisions, terms, and conditions to the Effective Date set forth in Article IX have been satisfied or waived pursuant to the terms set forth therein.

45.  <u>Equity Interest</u>:  An equity interest in the Debtor.

46.  <u>Estate Assets</u>: Any and all right, title, and interest of the Debtors and the Estates in and to property of whatever type or nature, including, but not limited to, all Avoidance Actions and Causes of Action as of the Effective Date, and any assets contributed to or recovered by or for the iCap Trust on or after the Effective Date, unless such interest is later disclaimed by the iCap Trustees after consultation with the iCap Trust Supervisory Board.

47.  <u>Estates</u>: The Estates created for the Debtors pursuant to Bankruptcy Code section 541(a).

48.  <u>Excluded Debtors</u>: VH 1121 14th LLC and VH Willows Townhomes, LLC.

49.  <u>Excluded Parties</u>: Any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the prepetition marketing or sale of any products offered by any of the Debtors, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the prepetition marketing or sale of any products offered by any

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

of the Debtors. For the avoidance of doubt, Excluded Parties shall not include any consultant retained or engaged by the Debtors during the Chapter 11 Cases except for Christopher Christensen and Jim Christensen.

50.    Exculpated Parties: The Debtors; the Unsecured Creditors Committee and its current and former members (in their capacities as such); the CRO; and the preceding's respective Related Parties, *provided*, *however*, that the Exculpated Parties shall not include any Excluded Party.

51.    Exit Financing: Financing comprised of amounts loaned pursuant to (a) the First Lien Exit Loan Facility and (b) the Tritalent Exit Loan Facility to fund the iCap Trust Expenses, plus such amounts as necessary to make payments required to made in connection with the Plan . The material terms of the Exit Financing will be included in the Plan Supplement.

52.    Federal Judgment Rate: The rate of interest in effect as of the Effective Date provided for under 28 U.S.C. § 1961 for postjudgment interest in federal court proceedings.

53.    File, Filed, or Filing: Duly and properly filed with the Bankruptcy Court and reflected on the docket of the Chapter 11 Cases, except with respect to proofs of Claim that must be filed with the Claims Agent, in which case "File" or "Filed" means duly and properly filed with the Claims Agent and reflected on the official claims register maintained by the Claims Agent.

54.    Final Order:   An order or judgment entered by the Bankruptcy Court or other court of competent jurisdiction: (a) that has not been reversed, stayed, modified, amended, or revoked, and as to which (i) any right to appeal or seek certiorari, review, reargument, stay, or rehearing has been waived or (ii) the time to appeal or seek certiorari, review, reargument, stay, or rehearing has expired and no appeal or petition for certiorari, review, reargument, stay, or rehearing is pending or (b) as to which an appeal has been taken or petition for certiorari, review, reargument, stay, or rehearing has been filed and (i) such appeal or petition for certiorari, review, reargument, stay, or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review, reargument, stay, or rehearing was sought and (ii) the time to appeal further or seek certiorari, further review, reargument, stay, or

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

rehearing has expired and no such further appeal or petition for certiorari, further review, reargument, stay, or rehearing is pending; *provided, however*, that no order or judgment shall fail to be a "Final Order" solely because of the possibility that a motion pursuant to Bankruptcy Code sections 502(j) or 1144, rules 59 or 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rules 9023 and 9024 may be filed with respect to such order or judgment.

55. <u>First Lien Exit Loan Facility</u>: That certain senior term loan in the aggregate principal amount of five million and 00/100 Dollars ($5,000,000.00) provided by iCap DIP Finance Group LLC. The material terms of the First Lien Exit Loan Facility will be included in the Plan Supplement.

56. <u>General Unsecured Claim</u>: A Claim that is (a) based upon (i) a proof of Claim executed and filed in accordance with Bankruptcy Rule 3003(c) prior to the Claims Bar Date, or (ii) the listing of the Claim in the Debtors' Schedules as other than disputed, contingent, or unliquidated, and (b) not a Secured Claim, Administrative Expense Claim, Priority Tax Claim, Supplemental DIP Claim, Priority Claim, Subordinated Claim, or Investor Claim.

57. <u>General Unsecured Class A Claim</u>: A General Unsecured Claim equal to the Outstanding Principal Amount for each particular Holder of a General Unsecured Claim.

58. <u>General Unsecured Class B Claim</u>: A General Unsecured Claim comprised of any Claim for prepetition interest, which Claim shall be subordinated to Investor Class A Claims and General Unsecured Class A Claims under the Plan (but *pari passu* with Investor Class B Claims and senior in priority to Subordinated Claims). Such Claim shall equal the accrued prepetition interest at the applicable contract rate. The calculation and allowance of General Unsecured Class B Claims shall be determined in accordance with the procedures established in the reasonable judgment of the iCap Trustees.

59. <u>Governmental Unit</u>: A "governmental unit" as defined in Bankruptcy Code section 101(27).

60. <u>Holder</u>: A holder of a Claim or Equity Interest as the case may be.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

61. <u>iCap Trust</u>: A trust established on the Effective Date for the benefit of the iCap Trust Beneficiaries in accordance with the terms of the Plan and the iCap Trust Agreement.

62. <u>iCap Trust Actions</u>: Collectively, all Avoidance Actions and Causes of Action held by the Debtors or the Estates and any Causes of Action that are contributed to the iCap Trust as Contributed Claims, in each case as against any Person that is not a Released Party.

63. <u>iCap Trust Agreement</u>: The agreement substantially in the form Filed in the Plan Supplement and reasonably acceptable to the Debtors and the Unsecured Creditors' Committee establishing and delineating the terms and conditions of the iCap Trust, including the rights and duties of the iCap Trustees and the iCap Trust Supervisory Board.

64. <u>iCap Trust Assets</u>: Collectively, (a) the iCap Trust Actions; (b) the iCap Trust Funding; (c) 100% of the ownership interests in the Debtors (and all assets, proceeds, and distributions from such entities); (d) Available Cash as of the Effective Date and Available Cash that is possessed by or turned over to the iCap Trust after the Effective Date; and (e) other assets that may be transferred or otherwise provided, directly or indirectly, to or for the benefit of the Debtors (after the Petition Date but before the Effective Date) or the iCap Trust (on or after the Effective Date) by any Person.

65. <u>iCap Trust Beneficiary</u>: Each Holder of an iCap Trust Interest.

66. <u>iCap Trust Expenses</u>: Any and all reasonable fees, costs, and expenses incurred by the iCap Trustees in managing and operating the iCap Trust not inconsistent with the Plan or the iCap Trust Agreement, including the maintenance or disposition of the iCap Trust Assets (including iCap Trustee fees, indemnity reserves, attorneys' fees, the fees of professionals, and other Persons retained by the iCap Trustees, personnel-related expenses, and any taxes imposed on the iCap Trust, in respect of the iCap Trust Assets), and any other expenses incurred or otherwise payable in accordance with the iCap Trust Agreement.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

67. _iCap Trust Funding_: Any Cash or reserves existing as of the Effective Date, and all Cash required (a) to make payments in accordance with the Plan to Administrative Expense Claims, Priority Tax Claims, Priority Claims, and Secured Claims; or (b) to fund any other unfunded post-Confirmation reserve requirements of the iCap Trust in connection with the Plan, any agreements, or any Bankruptcy Court orders.

68. _iCap Trust Interests_: Collectively, the Class A iCap Trust Interests and the Class B iCap Trust Interests. All iCap Trust Interests will be evidenced by entry into the Distribution Agent's books and records, without a separate certificate of interest.

69. _iCap Trust Interests Waterfall_: On each Distribution Date, the iCap Trust shall distribute its Available Cash as follows:

a. The iCap Trust shall distribute Available Cash to each Holder of a Class A iCap Trust Interest on a Pro Rata basis (based on such Holder's number of Class A iCap Trust Interests), after accounting for any Disputed Claims, until all Allowed Investor Class A Claims and Allowed General Unsecured Class A Claims have been paid in full without post-petition or post-Confirmation interest;

b. Thereafter, the iCap Trust shall distribute Available Cash to each Holder of a Class B iCap Trust Interest on a Pro Rata basis (based on such Holder's number of Class B iCap Trust Interests), after accounting for any Disputed Claims, until all Allowed Investor Class B Claims and Allowed General Unsecured Class B Claims have been paid in full without post-petition or post-Confirmation interest.

70. _iCap Trust Supervisory Board_: A three-person supervisory board for the iCap Trust, whose initial members shall be Lilian Tan, Thomas Temple, and Jay Kornfeld of the firm Bush Kornfeld LLP. In the event of a vacancy or resignation of a board member, such board seat will remain vacant.

71. _iCap Trustees_: Lance Miller and Seth Freeman; and any successor appointed pursuant to the terms of the iCap Trust Agreement.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

72.     Insider: Any "insider," as defined in Bankruptcy Code section 101(31), and with respect to a limited liability company, any director, officer, person in control, or relative of any of the foregoing.

73.     Intercompany Claim: A Claim of one Debtor against another Debtor.

74.     Intercompany Lien: Any lien securing or purporting to secure an Intercompany Claim.

75.     Investor: A Person or entity that purchased an investment product (including any debentures, promissory notes, or other debt securities issued by the Debtors) or made an investment offered by any Debtor pursuant to an offering memorandum or private placement memorandum that was issued by a Debtor.

76.     Investor Avoidance Settlement: Any settlement between the iCap Trust and one or more Investors related to a potential or actual Avoidance Action against the Investors.

77.     Investor Claims: Any and all Claims of an Investor against any Debtor, which shall be composed of (i) an Investor Class A Claim and (ii) an Investor Class B Claim.

78.     Investor Claims Special Provisions: As defined in Article III.C.1 of the Plan.

79.     Investor Class A Claim: An Investor Claim for restitution of an Investor to be treated *pari passu* with General Unsecured Class A Claims. Such Claim shall equal the total Outstanding Principal Amount for each particular Investor. For avoidance of doubt, an Allowed Investor Class A Claim shall be reduced dollar for dollar on account of any Collateral Source Recoveries the Investor receives on account of the losses represented by its Investor Claim, and if such Allowed Investor Class A Claim is reduced to zero, the Investor's Allowed Investor Class B Claim will be reduced dollar for dollar on account of any additional Collateral Source Recoveries that may be received by the Investor.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

80.    Investor Class B Claim: An Investor Claim comprised of any Claim by the Investor for prepetition interest in connection with such Investor's principal investment in a Debtor, which Claim shall be subordinated to Investor Class A Claims and General Unsecured Class A Claims under the Plan (but *pari passu* with General Unsecured Class B Claims and senior in priority to Subordinated Claims). Such Claim shall equal the accrued interest from the time of the Investor's principal investment to the Petition Date at a rate of seven percent (7%), compounded annually. The calculation and allowance of Investor Class B Claims shall be determined in accordance with the procedures established in the reasonable judgment of the iCap Trustees.

81.    Lien: Has the meaning ascribed in Bankruptcy Code section 101(37), including any lien, security interest, pledge, title retention agreement, encumbrance, leasehold, charge, mortgage, deed of trust, assignment of rents, assignment or hypothecation to secure payment of a debt or performance of an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

82.    Net Prepetition Investor Recovery: With respect to a specific Investor, (a) the total Cash value remitted to the Investor from the Ponzi Start Date until the Petition Date (whether the payment was considered a return on the investment, interest, a referral fee, or a repayment of principal), minus (b) the total Cash value invested prepetition as principal by the Investor, (provided that the value of (a) is greater than the value of (b)), capped by the amount of total Cash value remitted to the Investor.

83.    Notes: Any and all investments, interests, or other rights with respect to any of the Debtors that were referred to, marketed, or sold as "notes," "loans," or "mortgages."

84.    Notice and Hearing:  Proceedings as contemplated under Bankruptcy Code section 102(1).

85.    Outstanding Principal Amount: An amount equal to the aggregate principal balance outstanding as of the Petition Date, excluding any purportedly accrued prepetition interest.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

86.     <u>Person</u>: Any person or organization created or recognized by law, including any association, company, cooperative, corporation, entity, estate, fund, individual, joint stock company, joint venture, limited liability company, partnership, trust, trustee, unincorporated organization, government or any political subdivision thereof, or any other entity or organization of whatever nature.

87.     <u>Petition Date</u>:  September 29, 2023, the date upon which the lead Debtor commenced its Chapter 11 Cases.

88.     <u>Plan</u>:  This Joint Plan of Liquidation, all exhibits to the Plan, and the Plan Supplement, as such may be amended from time to time in the reasonable discretion of the Plan Proponents.

89.     <u>Plan Proponents</u>: The Debtors and the Unsecured Creditors' Committee.

90.     <u>Plan Supplement</u>: The supplementary documents regarding the implementation and effectuation of the Plan, to be filed on or before the date that is eleven (11) calendar days prior to the Voting Deadline, as such documents may be amended and supplemented from time to time prior to the Confirmation Hearing in the reasonable discretion of the Plan Proponents.

91.     <u>Ponzi Finding</u>: A finding by the Bankruptcy Court that the Debtors' prepetition operations constituted a Ponzi scheme, as set forth more fully in Article III.C of the Plan.

92.     <u>Ponzi Start Date</u>: No later than October 2018.

93.     <u>Priority Claim</u>: A Claim entitled to priority under Bankruptcy Code section 507(a), other than an Administrative Expense Claim or a Priority Tax Claim.

94.     <u>Priority Tax Claims</u>:  Allowed Claims of Governmental Units for the principal amount of a tax within the meaning of Bankruptcy Code section 507(a)(8), and statutory interest accruing thereon prior to the Petition Date.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

95.  Professional Person:  A person, including a trustee (if one is appointed), retained or to be compensated pursuant to Bankruptcy Code sections 326, 327, 328, 330, and/or 1103.

96.  Pro Rata: Proportionately so that the ratio of (a) the amount of consideration distributed on account of a particular Allowed Claim or iCap Trust Interest to (b) the amount or number of that Allowed Claim or iCap Trust Interest, is the same as the ratio of (x) the amount of consideration available for Distribution on account of, as applicable, all Allowed Claims in the Class in which the particular Allowed Claim is included or all applicable iCap Trust Interests to (y) as applicable, the amount of all Allowed Claims in that Class or the number of applicable iCap Trust Interests.

97.  Related Parties: Collectively, all of the respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, Professional Persons, representatives, and successors of the referenced Person; *provided, however*, that the Debtors' Related Parties will be limited to the following Persons: the directors, officers, attorneys, accountants, consultants, professionals, and employees who (a) are employed by the Debtors on the Effective Date or (b) whose employment was approved by the Bankruptcy Court.

98.  Released Parties: The Debtors; the Unsecured Creditors' Committee and its current and former members (in their capacities as such); the CRO; the DIP Parties; and the preceding's respective Related Parties, *provided*, *however*, that the Released Parties shall not include any Excluded Party.

99.  Releasing Parties: The Debtors; the Estates; and any Person exercising or seeking to exercise any rights of the Estates (but solely in that capacity), including the Unsecured Creditors' Committee (but not its current or former individual members), the iCap Trustees, and any other successor to the Debtors or any other estate representative that is or could be appointed or selected pursuant to Bankruptcy Code section 1123(b)(3) or otherwise.

100.  Scheduled: As set forth in the Schedules.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

101. <u>Schedules</u>: The schedules of assets, liabilities, and executory contracts and the statement of financial affairs filed on behalf of each Debtor pursuant to Bankruptcy Code section 521, and in accordance with the Bankruptcy Rules, as each has been, or may be, amended and supplemented from time to time.

102. <u>SEC</u>: The United States Securities and Exchange Commission.

103. <u>Secured Claim</u>: A Claim that is a secured Claim against a Debtor determined in accordance with Bankruptcy Code section 506(a).

104. <u>Securities Act</u>: The Securities Act of 1933, as amended.

105. <u>Secured Claims Reserves</u>: Individual reserves of Cash in respect of each Holder of a Secured Claim (including such Secured Claims that are Contingent Claims, Disputed Claims, or Unliquidated Claims), comprised of the proceeds of the Collateral securing such Secured Claim, to be established by the iCap Trustees on or as soon as reasonably practicable after the Effective Date, out of which the Distribution Agent will make Distributions to the Holders of Secured Claims (if and to the extent Allowed) from the applicable reserve for such Holder in accordance with the Plan.

106. <u>Senior Claims Reserve</u>: One or more reserves of Cash in respect of, as applicable, Administrative Expense Claims, Priority Tax Claims, and Priority Claims (including such Claims that are Contingent Claims, Disputed Claims, or Unliquidated Claims), in amounts to be established by the iCap Trustees on or as soon as reasonably practicable after the Effective Date, out of which (i) the Distribution Agent will make Distributions to the Holders of the foregoing Claims (if and to the extent Allowed) in accordance with the Plan, and (ii) the iCap Trustees and their agents, including the Distribution Agent (if not the iCap Trustees), will be reimbursed from such monies for reasonable costs and expenses incurred by said parties (including fees and costs to litigate and otherwise resolve Contingent Claims, Disputed Claims, or Unliquidated Claims, and administer and make Distributions out of the Senior Claims Reserve and the Secured Claims Reserves).

107. <u>Subordinated Claim</u>: Any Claim that is subordinated to General Unsecured Claims pursuant to Bankruptcy Code section 510, a Final Order, or by consent of the Creditor holding such Claim, but not any Investor Class B Claims.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

108. <u>Supplemental DIP Claim</u>: Any Claim arising under or relating to the Supplemental DIP Credit Agreement.

109. <u>Supplemental DIP Credit Agreement</u>: That certain *Debtor-In-Possession Loan and Security Agreement* dated as of July 18, 2024, by and among, the Debtors, Socotra REIT I, LLC; WE Alliance Secured Income Fund, LLC; Jason Yelowitz, in his capacity as trustee of the Jason Yelowitz 2006 Trust Dated March 31, 2006; and Keith Holdings, LLC; as the same may have been further amended, modified, ratified, extended, renewed, restated, or replaced, and any other agreements and documents related thereto.

110. <u>Tritalent</u>:  Tritalent Funding Group and Halton Co.

111. <u>Tritalent Exit Loan Facility</u>:  That certain junior term loan in the aggregate principal amount of five hundred thousand and 00/100 Dollars ($500,000.00) provided by Tritalent. The material terms of the Tritalent Exit Loan Facility will be included in the Plan Supplement.

112. <u>Unliquidated Claim</u>: Any Claim that is Scheduled as unliquidated or Filed in an unliquidated amount.

113. <u>Unsecured Creditors' Committee</u>: The official committee of unsecured creditors, as contemplated under Bankruptcy Code section 1102.

114. <u>Voting Deadline</u>: The deadline by which all Ballots to accept or reject the Plan must be received in order to be counted.

**B.  Rules of Interpretation**

The rules of construction set forth in Bankruptcy Code section 102 shall apply to the Plan. For purposes of the Plan and unless otherwise specified herein: (i) each term, whether stated in the singular or the plural, shall include, in the appropriate context, both the singular and the plural; (ii) each pronoun stated in the masculine, feminine, or neuter gender shall include, in the appropriate context, the masculine, feminine, and the neuter gender; (iii) the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (iv) the words "include" and

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

"including," and variations thereof, shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation;" (v) all references to articles or Articles are references to the Articles hereof; (vi) all captions and headings are inserted for convenience of reference only and are not intended to be a part of, or to affect the interpretation of, the Plan; (vii) any reference to a Person as a Holder of a Claim or Equity Interest includes that Person's successors and assigns; (viii) any reference to an existing document, schedule, or exhibit, whether or not filed, having been filed, or to be filed, shall mean that document, schedule or exhibit, as it may thereafter be amended, restated, modified, or supplemented; (ix) any reference to an event occurring on a specified date, including on the Effective Date, shall mean that the event will occur on that date or as soon thereafter as reasonably practicable; (x) any reference to a contract, lease, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions except as specifically provided herein; (xi) all references to statutes, regulations, orders, rules of courts, and the like shall mean as amended from time to time and as applicable to the Chapter 11 Cases; and (xii) subject to the provisions of any contract, certificate of incorporation, bylaw, instrument, release, or other agreement or document entered into in connection with the Plan, the rights and obligations arising pursuant to the Plan shall be governed by, and construed and enforced in accordance with, the applicable federal law, including the Bankruptcy Code and Bankruptcy Rules.

## ARTICLE II.
## CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims against the Debtors are classified as set forth below. A Claim is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

> Class 1: Priority Claims
> Class 2: Secured Claims
> Class 3: Investor Claims
> Class 4: General Unsecured Claims
> Class 5: Subordinated Claims
> Class 6: Equity Interests

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE III.
## PROVISIONS FOR SATISFYING CLAIMS AND SPECIFYING TREATMENT OF EACH CLASS UNDER THE PLAN

The treatment of all Allowed Claims and Allowed Equity Interests shall be as follows:

## A.  Unclassified Claims

1.  <u>Administrative Expense Claims</u>. Administrative Expense Claims incurred in the ordinary course of the Debtors' business following the Petition Date (including fees owed to the CRO and/or either of Paladin Management Group, LLC and Pivot Management Group, LLC) shall be paid in the ordinary course of business in accordance with the terms and conditions of the particular agreements governing such obligations (as such terms were modified by any orders approving such agreements), or on such other terms as the Holder of such Claim and the Debtors (prior to the Effective Date) or the iCap Trustees (from the Effective Date forward) shall agree to in writing. All other Administrative Expense Claims, including Claims of Professional Persons, shall be paid on the later of the Effective Date or the date each such Claim becomes an Allowed Claim or on such other terms as the Holder of such Claim and the Debtors (prior to the Effective Date) or the iCap Trustees (from the Effective Date forward) shall agree to in writing. Claims arising under 28 U.S.C. § 1930 shall be paid as required by that statute.

a.  <u>Administrative Expense Claims Bar Date</u>. Administrative expense requests asserting Administrative Expense Claims arising from the Petition Date through and including the Effective Date, excluding (a) Claims of Professional Persons in the Chapter 11 Cases and (b) claims arising in the ordinary course of business, must be filed no later than 30 days after the notice of the Effective Date is filed with the Bankruptcy Court or such later date as may be established by order of the Bankruptcy Court.

b.  <u>Final Fee Applications</u>. All final requests for compensation or reimbursement of Professional Persons retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall be filed and served on: (a) the iCap Trustees, (i) Pivot Management Group, LLC, 1230 Rosecrans Ave.,

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 20

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Suite 530, Manhattan Beach, CA 90266 (Attn: Lance Miller (Lance.miller@pivotgrp.com)) and (ii) B. Riley Advisory Services, 19800 MacArthur Boulevard, Suite 820, Irvine, CA 92612 (Attn: Seth Freeman (SFreeman@brileyfin.com)); (b) counsel to the Debtors, O'Melveny & Myers LLP (i) 400 South Hope Street, Suite 1900, Los Angeles, CA 90071 (Attn: Julian Gurule (jgurule@omm.com)) and (ii) 1301 Avenue of the Americas, Suite 1700, New York, NY 10019 (Attn: Diana Perez (dperez@omm.com)); (c) counsel to the Unsecured Creditors' Committee, (i) Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101 (Attn: Armand J. Kornfeld (jkornfeld@bskd.com) and Aimee S. Willig (awillig@bskd.com)) and (ii) Corr Cronin LLP, 1015 Second Ave., Floor 10, Seattle, WA 98104 (Attn: John T. Bender (jbender@corrcronin.com)); (d) the Office of the United States Trustee, United States Department of Justice, 920 West Riverside Avenue, Room 593, Spokane, WA 99201 (Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov)); and (e) such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, by no later than sixty (60) days after the Effective Date, unless otherwise agreed by the Debtors or the iCap Trustees, as applicable. Objections to any Claims of Professional Fees must be filed with the Bankruptcy Court and served on the iCap Trustees and the applicable Professional Person no later than fourteen (14) days after service of such applicable final fee application, unless otherwise ordered by the Bankruptcy Court. After Notice and Hearing in accordance with the procedures established by the Bankruptcy Code and any prior orders of the Bankruptcy Court in the Chapter 11 Cases, the Allowed amounts of such Claims shall be determined by the Bankruptcy Court and, once approved by the Bankruptcy Court, shall be promptly paid in Cash.

2. <u>Priority Tax Claims</u>. Allowed Priority Tax Claims shall be paid, at the iCap Trust's option, as follows: (a) Cash equal to the unpaid portion of such Allowed Priority Tax Claim on the later of the Effective Date and thirty (30) calendar days following the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim; (b) in regular installment payments in Cash over a period not exceeding five (5) years after the Petition Date, plus interest on the unpaid portion thereof at the rate determined under applicable nonbankruptcy law as of the calendar month in which the Effective Date occurs (*provided* that such election shall be without prejudice to the right to prepay any such Allowed Priority Tax Claim in full or in part without penalty);

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 21

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

or (c) such other treatment as to which the Holder of an Allowed Priority Tax Claim and the iCap Trust shall have agreed upon in writing.

3.   Supplemental DIP Claims. On the Effective Date, (a) all obligations of the Debtors under the Supplemental DIP Credit Agreement shall be assumed by the iCap Trust; (b) all Liens and security interests granted to secure the Debtors' obligations under the Supplemental DIP Credit Agreement shall remain in place and shall be otherwise subject to the terms and conditions of the Supplemental DIP Credit Agreement and any related subordination terms; and (c) the legal, equitable, and contractual rights of the parties under the Supplemental DIP Credit Agreement shall be unaltered by the Plan.

## B.   Classified Claims and Interests

### 1.   Class 1: Priority Claims

Class 1 consists of Priority Claims. Class 1 is unimpaired and deemed to accept the Plan.

On the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which a Priority Claim becomes an Allowed Priority Claim, the Holder of such Allowed Priority Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Priority Claim, either (a) Cash from the iCap Trust equal to the unpaid portion of such Allowed Priority Claim or (b) such other less favorable treatment from the iCap Trust to which such Holder and the iCap Trust shall have agreed upon in writing.

### 2.   Class 2: Secured Claims

Class 2 consists of the following sub-classes of Secured Claims:

a.  **Class 2A: UW 17th Ave, LLC Secured Claims**
    (i)   Class 2A.1 Studio 19 Architects Secured Claim
    (ii)  Class 2A.2 UW 17th Davido Consulting Group
    (iii) Class 2A.3 Dhillon Secured Claim

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 22

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b. **Class 2B: VH 1121 14th LLC Secured Claims**
 (i) Class 2B.1 14th Wilmington Savings Fund Secured Claim

c. **Class 2C: VH Willows Townhomes, LLC Secured Claims**
 (i) Class 2C.1 Willows Wilmington Savings Secured Claim

d. **Class 2D: VH Senior Care, LLC Secured Claims**
 (i) Class 2D.1 Redmond Funding Group Secured Claim

e. **Class 2E: 725 Broadway, LLC Secured Claims**
 (i) Class 2E.1 Christopher Jones Architects Secured Claim
 (ii) Class 2E.2 Broadway Davido Consulting Secured Claim
 (iii) Class 2E.3 Malsam Tsang Engineering Secured Claim
 (iv) Class 2E.4 Broadway Davido Consulting Secured Claim
 (v) Class 2E.5 Broadway Oak Hills Construction LLC

f. **Class 2F: Senza Kenmore, LLC Secured Claims**
 (i) Class 2F.1 Van Hoof Construction Secured Claim
 (ii) Class 2F.2 T.S. Dance Construction Secured Claim

g. **Class 2G: iCap Campbell Way, LLC Secured Claims**
 (i) Class 2G.1 Campbell Davido Consulting Secured Claim
 (ii) Class 2G.2 Deed of Trust of Pacific NW Opportunity & Income Fund, LLC

h. **Class 2H: VH Pioneer Village, LLC Secured Claims**
 (i) Class 2H.1 Tritalent Funding Group Secured Claim

i. **Class 2I: CS2 Real Estate Development Secured Claims**
 (i) Class 2I.1 BRMK Management Secured Claim
 (ii) Class 2I.2 United Rentals Secured Claim
 (iii) Class 2I.3 Sunbelt Rentals Secured Claim
 (iv) Class 2I.4 CS2 Oak Hills Construction Secured Claim
 (v) Class 2I.5 Rexel USA, Inc. dba Platt Electric Supply Claim

j. **Class 2J: Secured Real Property Tax Claims**

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 23

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Class 2 is unimpaired and deemed to accept the Plan.

Except as explicitly provided for in the Plan, the legal, equitable, and contractual rights of Holders of Allowed Secured Claims are unaltered by the Plan, and, notwithstanding substantive consolidation of the Debtors and vesting of the iCap Trust Assets in the iCap Trust, the Liens of the Holders of Allowed Secured Claims will continue to attach to their respective Collateral, *provided* that all such Claims shall remain subject to any and all defenses, counterclaims, and setoff or recoupment rights with respect thereto. On the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which a Secured Claim becomes an Allowed Secured Claim, the Holder of such Allowed Secured Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Secured Claim, at the option of the Debtors or the iCap Trust, either (a) the net proceeds from the sale of the Collateral securing such Allowed Secured Claim; *provided, however*, that if the sale of the Collateral securing an Allowed Secured Claim closes after the occurrence of the Effective Date, the payment of the net proceeds shall be delivered to the Holder of the Allowed Secured Claim within thirty (30) calendar days of the closing of such sale, (b) the surrender of the Collateral securing such Allowed Secured Claim, or (c) such other less favorable treatment from the iCap Trust to which such Holder and the iCap Trust shall have agreed upon in writing. Pending allowance of a Secured Claim, the Debtors or the iCap Trust, as applicable, will segregate the proceeds from the sale of the Collateral securing such Secured Claim in the individual Secured Claims Reserve for the Holder of such Claim.

**3.      Class 3: Investor Claims**

Class 3 consists of Investor Claims, as more particularly described below. Class 3 is impaired under the Plan and entitled to vote on the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Investor Claims will receive (i) on the later of the Effective Date and thirty (30) calendar days following the date on which such Investor Claim becomes an Allowed Investor Claim, one (1) Class A iCap Trust Interest for each dollar of Allowed Investor Class A Claims and one (1) Class B iCap Trust Interest for each dollar of Allowed Investor Class B Claims held by the applicable Investor (any resulting fractional iCap Trust Interests will be rounded to the nearest hundredth of

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 24

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

such iCap Trust Interest), and (ii) the other consideration provided for in the Investor Claims Special Provisions set forth in Article III.C.1 of the Plan. All Distributions of Cash on account of the iCap Trust Interests will be made by the iCap Trust in accordance with the iCap Trust Interests Waterfall.

For clarity, the practical effect of the above is the following:

Class A iCap Trust Interests, which consist of Investors' principal balance owed on the Petition Date, will be paid through Distributions by the iCap Trust until fully satisfied. Once all of the Class A iCap Trust Interests are paid in full, then Distributions will be made to Class B iCap Trust Interests, which consist of Investors' accrued interest due as of the Petition Date.

As an example, if Investor X invested $100,000 one year before the Petition Date with the Debtors, under the Plan, Investor X will receive (i) a $100,000 Investor Class A Claim (*i.e.*, the original principal investment of $100,000); and (ii) a $7,000 Investor Class B Claim (representing 7% per annum interest on the $100,000 investment).

The treatment of any and all Investor Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Investor may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the iCap Trust by making the Ballot election described below).

Each Holder of an Investor Claim may agree by electing on its Ballot to contribute its Contributed Claims to the iCap Trust. By electing such option on its Ballot the Investor agrees that, subject to the occurrence of the Effective Date and the formation of the iCap Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the iCap Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize its contribution. The relative share of iCap Trust recoveries for any electing Investor will be enhanced by having the amounts that otherwise would be its Allowed Investor Class A Claim and its Allowed Investor Class B Claim each increased by the Contributing Claimants' Enhancement Multiplier – *i.e.,* **10%**.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 25

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**4.     Class 4: General Unsecured Claims**

Class 4 consists of General Unsecured Claims, as more particularly described below. Class 4 is impaired under the Plan and entitled to vote on the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed General Unsecured Claims will receive on the later of the Effective Date and thirty (30) calendar days following the date on which such General Unsecured Claim becomes an Allowed General Unsecured Claim, one (1) Class A iCap Trust Interest for each dollar of Allowed General Unsecured Class A Claims and one (1) Class B iCap Trust Interest for each dollar of Allowed General Unsecured Class B Claims held by the applicable Holder (any resulting fractional iCap Trust Interests will be rounded to the nearest hundredth of such iCap Trust Interest). All Distributions of Cash on account of the iCap Trust Interests will be made by the iCap Trust in accordance with the iCap Trust Interests Waterfall.

**5.     Class 5:  Subordinated Claims**

Class 5 consists of all Subordinated Claims. Class 5 is impaired under the Plan and deemed to reject the Plan.

The Holders of Allowed Subordinated Claims will retain a residual right to receive Available Cash that remains in the iCap Trust after the final administration of all iCap Trust Assets, and the complete satisfaction of all senior payment rights within the iCap Trust Interests Waterfall, including satisfaction of all Investor Class B Claims and General Unsecured Class B Claims. The Plan Proponents have decided not to solicit the votes of the Holders of any Subordinated Claims, and such Holders are therefore deemed to have rejected the Plan.

**6.     Class 6: Equity Interests**

Class 6 consists of all Equity Interests and purported Equity Interests in the Debtors. Class 6 is impaired under the Plan and deemed to reject the Plan.

On and after the Effective Date, (a) Holders of Equity Interests shall not be entitled to, and shall not receive or retain, any property or interest in property under the

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 26

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Plan on account of such Equity Interests and (b) the Equity Interests shall be deemed to be held by the iCap Trust under applicable non-bankruptcy law and the iCap Trustees shall be authorized to exercise all of the rights and powers of a sole member as provided by the Plan.

Any purported Equity Interests or Liens on Equity Interests held by an Investor in any Debtor will be considered void, cancelled, and of no further force and effect. These Claims will be regarded as Class 3 Investor Claims in accordance with the Plan, irrespective of any labels used by the Debtors and/or Investors prior to the Petition Date.

## C. Comprehensive Settlement of Claims and Controversies

Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

The Plan Proponents will also seek findings in the Confirmation Order (the "**Ponzi Findings**") that (i) beginning no later than the Ponzi Start Date through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the iCap enterprise operated as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad; and (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors. The Plan Proponents shall not seek Ponzi Findings that would be binding on any other court or governmental or regulatory authority.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 27

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

This comprehensive compromise and settlement is a critical component of the Plan and is designed to provide a resolution of the innumerable disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

**1.     Special Provisions Relating to Investor Claims.** The following provisions apply to Investor Claims (the "**Investor Claims Special Provisions**"):

a.     The Holders of Allowed Investor Claims will receive the treatment provided for such Holders under the Plan. For the avoidance of doubt, any and all purported Equity Interests of an Investor in any Debtor shall be deemed and treated as Investor Claims of the Investor pursuant to the Plan, regardless of the prepetition designations used by the Debtors and/or Investors.

b.     The iCap Trust will be created to pursue the iCap Trust Actions for the benefit of all the iCap Trust Beneficiaries; to establish and hold the Distribution Reserves; and to receive and distribute to the holders of iCap Trust Interests the net proceeds of the monetization or other disposition of the iCap Trust Assets in accordance with the Plan and the iCap Trust Agreement.

c.     The iCap Trustees shall have discretion, subject to the iCap Trust Agreement, to determine whether and how to make demand upon, or sue, Investors liable for a Net Prepetition Investor Recovery, including, but not limited to, the discretion not to bring suit or make a demand because of the Investor's financial hardship. That discretion shall be exercised in accordance with guidelines developed by the iCap Trustees in consultation with the iCap Trust Supervisory Board subject to the iCap Trust Agreement. No party should assume that they will be entitled to the exercise of such discretion.

d.     In the event that an Investor Claim has been transferred or assigned, all Collateral Source Recoveries that were received by a prior Holder of the Claim shall be included for purposes of determining the Allowed amount of an Investor Claim as if such transferee or assignee had received such distribution or recovery.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 28

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

e.      Upon request, Investors must, within twenty-one (21) calendar days of receipt of such request, respond to requests for information by the iCap Trustees with respect to Investor Claims. Failure to respond to a request for information may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion.

f.      At the end of each quarter, beginning with the first full quarter after the iCap Trust is established, the iCap Trustees will provide a report to the Investors summarizing the recovery actions the iCap Trust has engaged in during the quarter and detailing whether the iCap Trust is abandoning any specific Avoidance Actions or Causes of Action that it has determined it will not pursue, thus allowing Investors to pursue such actions, at their option.

**2.      Special Provisions Relating to Individual Investor-Specific Claims.** Investors retain the right to independently pursue any claims against third parties where they have independent legal standing, and where such claims are **not** owned by the iCap Trust under this Plan, specifically claims owned by the iCap Trust and defined in the Plan as Causes of Action and Avoidance Actions ("**Individual Investor-Specific Claims**"). Examples of such claims include, but are not limited to: loss of lien or lien priority; claims against the investor's own professional advisors; claims against retirement service providers; and other claims arising from an investor's specific situation. For the avoidance of doubt, Individual Investor-Specific Claims do not encompass claims shared by all Investors or claims to recover commissions or referral fees paid by the Debtors to third parties in relation to an Investor's investment with the Debtors. The Plan will not interfere with an Investor's right to pursue these Individual Investor-Specific Claims, except as required (as determined by the iCap Trustees) to preserve iCap Trust Assets.

a.      Any recovery by an Investor on an Individual Investor-Specific Claim shall reduce that Investor's entitlement to receive Distributions from the iCap Trust as follows:

(1)      Any recovery, net of reasonable fees and expenses actually incurred by or on behalf of the Investor, shall be first applied to reduce the applicable Investor Class A Claim, if any, and then after the Investor Class A Claim is reduced to $0, shall be applied to reduce the applicable Investor Class B Claim.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 29

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b. Each Investor must promptly notify the Debtors or the iCap Trustees, as applicable, in writing, if such Investor receives any consideration on account of an Individual Investor-Specific Claim. This notification must be submitted within thirty (30) days of receiving said consideration and must detail the total amount recovered, along with any associated fees and expenses incurred. Failure to adhere to this reporting obligation may subject the Investor's Claim to disallowance in the iCap Trustees' full discretion, and the clawback of any Distributions previously received under the Plan.

## ARTICLE IV.
## ACCEPTANCE OR REJECTION OF THE PLAN

**A. Impaired Claims Entitled to Vote**

The Plan Proponents shall only solicit the votes of Holders of Allowed Claims in Class 3 (Investor Claims) and Class 4 (General Unsecured Claims).

**B. Acceptance by an Impaired Class**

Pursuant to Bankruptcy Code section 1126(c), except as provided in Bankruptcy Code section 1126(e), acceptance of the Plan by Holders of Claims in any Class eligible to vote on it occurs when the Plan receives approval from Holders representing at least two-thirds (⅔) in dollar amount and over one-half (½) in number of the Allowed Claims in that Class who have duly voted to accept or reject the Plan within the stipulated timeframe.

**C. Presumed Acceptance by Unimpaired Classes**

Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired under the Plan. Pursuant to Bankruptcy Code section 1126(f), Holders of unimpaired Claims are presumed to have accepted the Plan and the Plan Proponents therefore will not solicit their votes.

**D. Certain Impaired Classes Deemed to Reject the Plan**

The Plan Proponents have decided not to solicit the votes of Holders of any Claims in Class 5 (Subordinated Claims) and Holders of those Claims will therefore be

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 30

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

deemed to have rejected the Plan and will not be entitled to vote on the Plan. Holders of Class 6 Equity Interests are not entitled to receive or retain any property or interests in property under the Plan and are therefore deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g). They are not entitled to vote on the Plan and their votes will not be solicited by the Plan Proponents.

**E.     Modification of Votes Already Cast**

After the Voting Deadline, Creditors eligible to vote on the Plan cannot modify their cast votes or any related elections without obtaining written consent from the Plan Proponents. Such consent is subject to the reasonable discretion of the Plan Proponents.

**F.     Vacant Classes Eliminated**

Any Class that does not contain a Holder of an Allowed Claim, or a Holder of a Claim that is temporarily allowed under Bankruptcy Rule 3018, measured as of the date on which the Confirmation Hearing begins, shall be deemed deleted from the Plan for the purpose of determining whether the Plan was accepted by that Class pursuant to Bankruptcy Code section 1129(a)(8).

**ARTICLE V.**
**IMPLEMENTATION OF THE PLAN**

**A.     Overview**

As detailed below, the Plan will be implemented through, among other things, the establishment of the iCap Trust and the appointment of the iCap Trustees and the iCap Trust Supervisory Board. The iCap Trust will make Distributions in accordance with the Plan.

**B.     Streamlining the Debtors' Structure and Governance**

    **1.     Corporate Action.** On the Effective Date, all matters under the Plan involving or requiring action of the directors, members, managers, or officers of the Debtors, including, but not limited to, actions requiring a vote or other approval of the board of directors or any of the members or officers of the Debtors or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by the Confirmation Order and to have occurred and be in effect from

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 31

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

and after the Effective Date, without any further action by the Bankruptcy Court or the directors, members, managers, or officers of the Debtors.

**2.  Debtors' Existing Directors and Officers.** On the Effective Date, each of the Debtors' existing directors and officers including, without limitation, the CRO, shall be terminated automatically without the need for any further action and without the need for any corporate or limited liability company filings, and they shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated); *provided, however*, that the Debtors' indemnification and defense obligations under any such agreements shall survive the foregoing termination and remain unaltered by the Plan. On the Effective Date, the iCap Trustees shall succeed to all such powers as would have been applicable to the Debtors' officers and directors in respect of all iCap Trust Assets.

**3.  Dissolution of the Debtors.** On and as of the earlier of the Case Closing Date and the date on which the iCap Trustees File with the Bankruptcy Court a notice of dissolution as to a Debtor, such Debtor will be dissolved automatically without the need for any further action, including the filing of any corporate or limited liability company filings; *provided, however*, that the iCap Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Debtor. All applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as provided herein, without the payment of any fee, tax, or charge and without need for the filing of any certificates.

**4.  Corporate Documents and Corporate Authority.** On the Effective Date, the certificates of incorporation, bylaws, operating agreements, and articles of organization, as applicable, of all the Debtors shall be deemed amended to the extent necessary to carry out the provisions of the Plan. The entry of the Confirmation Order shall constitute authorization for the Debtors and the iCap Trustees, as applicable, to take or cause to be taken all actions (including, if applicable, corporate actions) necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 32

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

without further approval, act, or action under any applicable law, order, rule, or regulation.

## C.    Cancellation of Indebtedness

On the Effective Date, except for the purpose of evidencing a right to distribution under this Plan, any Notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtors, except assumed executory contracts and assumed unexpired leases, and/or such Notes or other instruments evidencing indebtedness or obligations of the Debtors that are unimpaired, reinstated, assumed, or amended and restated under this Plan, shall be cancelled and terminated and of no further force or effect.

## D.    iCap Trust

**1.    Appointments.** On and after the Effective Date, the initial iCap Trustees shall become and serve as iCap Trustees. The iCap Trustees' shared compensation will be set at five percent (5%) of the iCap Trust's gross recoveries, the payment terms and timing of which will be set forth in the iCap Trust Agreement and the Plan Supplement.

On and after the Effective Date, the initial iCap Trust Supervisory Board shall begin to serve without further action consistent with the terms of the Plan and iCap Trust Agreement. The purpose of the iCap Trust Supervisory Board is to oversee the performance of the iCap Trustees' duties and to otherwise carry out and serve the functions described in the Plan and in the iCap Trust Agreement. Compensation for the iCap Trust Supervisory Board will be set forth in the iCap Trust Agreement and the Plan Supplement.

At the time of Confirmation of the Plan and formation of the iCap Trust, John Bender shall serve as litigation counsel to the iCap Trust and Bush Kornfeld LLP shall serve as restructuring counsel to the iCap Trust.

**2.    Creation and Governance of the iCap Trust.** On the Effective Date, the iCap Trustees shall execute the iCap Trust Agreement and shall take any other steps necessary to establish the iCap Trust in accordance with the Plan. For federal income tax purposes, the transfer of the assets to the iCap Trust will be treated as a sale or other

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 33

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

disposition of assets to the iCap Trust Beneficiaries in exchange for their Claims in the Chapter 11 Cases. Any income or loss from the transfer of assets to the iCap Trust shall flow through to the ultimate taxpaying member of each Debtor who will be responsible to pay the tax liability. For federal income tax purposes, the iCap Trust Beneficiaries shall be treated as the grantors of the iCap Trust and deemed to be the owners of the assets of the iCap Trust. The transfer of the iCap Trust Assets to the iCap Trust shall be deemed a transfer to the iCap Trust Beneficiaries by the Debtors, followed by a deemed transfer by such iCap Trust Beneficiaries to the iCap Trust. The Debtors, the iCap Trust Beneficiaries, and the iCap Trust will consistently report the valuation of the assets transferred to the iCap Trust. Such consistent valuations and revised reporting will be used for all federal income tax purposes. Income deductions, gain, or loss from the iCap Trust shall be reported to the beneficiaries of the iCap Trust in conjunction with the filing of the iCap Trust's income tax returns. Each iCap Trust Beneficiary shall report income, deductions, gain, or loss on such iCap Trust Beneficiary's income tax returns. The iCap Trust shall be governed by the iCap Trust Agreement and administered by the iCap Trustees and the iCap Trust Supervisory Board. The powers, rights, and responsibilities of the iCap Trustees shall be specified in the iCap Trust Agreement.

      **3.**     **Vesting of iCap Trust Assets.**   On the Effective Date, the iCap Trust will be automatically vested with all the Debtors' and the Estates' respective rights, title, and interest in and to all iCap Trust Assets. Except as specifically provided in the Plan or the Confirmation Order, the iCap Trust Assets shall automatically vest in the iCap Trust free and clear of all Claims, Liens, or interests subject only to the iCap Trust Interests and the iCap Trust Expenses, as provided for in the iCap Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The iCap Trustees shall be the exclusive trustee of the iCap Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all iCap Trust Assets. The iCap Trust shall hold and distribute the iCap Trust Assets in accordance with the provisions of the Plan and the iCap Trust Agreement.

      Notwithstanding the foregoing or any other provision in the Plan, in the event that the iCap Trust receives any monies from the United States or any other Governmental Unit, obtained as forfeited assets (or otherwise) by the Governmental

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 34

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Unit for the benefit of the Investor victims of the Debtors' prepetition Ponzi scheme, all such monies shall not constitute Estate Assets or iCap Trust Assets, and the iCap Trustees are authorized to and shall distribute all such monies only to Investors who are Holders of Class A iCap Trust Interests or Class B iCap Trust Interests on account thereof, subject to the Plan and the iCap Trust Agreement; *provided* that the iCap Trustees and their agents will be reimbursed from such monies for reasonable costs and expenses incurred by said parties related to the iCap Trust's collection, administration, and distribution of such monies to the applicable Investors.

    **4.**    **Sales of Estate Assets.** In accordance with Bankruptcy Code section 1146(a), no stamp tax, conveyance fee, real estate, excise, or other transfer tax, mortgage tax, mortgage recording tax, Uniform Commercial Code filing or recording filing fee, or similar tax shall apply to (1) the sale or transfer of iCap Trust Assets to the iCap Trust; (2) the issuance, Distribution, transfer, or exchange of Notes or equity securities under the Plan; or (3) the establishment of any mortgage, deed of trust, Lien, pledge, or other security interest, or the execution or delivery of any lease, sublease, deed, or other transfer instrument related to or in support of the Plan. Upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents and any third party shall forgo the collection of any such tax, recordation fee, or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or assessment.

    As part of implementation of the Plan, following Confirmation, the iCap Trustees will sell iCap Trust Assets. No further order of the court will be necessary to sell iCap Trust Assets. All sales of real property contemplated by the Plan shall be free and clear of all Liens, claims, encumbrances, and/or interests of any kind pursuant to Bankruptcy Code Sections 1123(a)(5)(D) and 1141(c), with the proceeds of such sales being paid pursuant to the terms of the Plan. Pursuant to Washington Administrative Code 458-61A-207, the iCap Trust will be exempt from the imposition of real estate excise taxes that would otherwise be payable under Revised Code of Washington 82.45.060 and/or other applicable law as to any sale of the iCap Trust Assets at any time following Confirmation. Pursuant to Bankruptcy Code section1146, the iCap Trust's making or delivery of an instrument of transfer as to any iCap Trust Assets following Confirmation may not be taxed under any law imposing a stamp tax or similar tax.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 35

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**5.      Purpose of the iCap Trust.** The iCap Trust shall be established for the purpose of pursuing or liquidating the iCap Trust Assets and making Distributions to the iCap Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d) and the terms of the Plan.

**6.      Authority.** Subject to the supervision of the iCap Trust Supervisory Board as set forth in the iCap Trust Agreement, the iCap Trustees shall have the authority without the need for Bankruptcy Court approval (in each case, unless otherwise provided in the Plan) to carry out and implement all applicable provisions of the Plan, including to:

a.      review, reconcile, compromise, settle, or object to Claims and resolve such objections as set forth in the Plan;

b.      assert and enforce all legal or equitable remedies and defenses belonging to the Debtors or their Estates, including setoff, recoupment, and any rights under Bankruptcy Code section 502(d);

c.      calculate and make Distributions and calculate and establish reserves under and in accordance with the Plan;

d.      retain, compensate, and employ professionals and other Persons to represent the iCap Trustees with respect to and in connection with their rights and responsibilities;

e.      establish, maintain, and administer documents and accounts of the Debtors as appropriate, which shall be segregated to the extent appropriate in accordance with the Plan;

f.      maintain, conserve, collect, settle, and protect the iCap Trust Assets, including, but not limited to, pursuing, engaging in, and consummating any Investor Avoidance Settlements and/or Broker Settlements;

g.      pursue, prosecute, settle, or abandon any iCap Trust Actions, including, but not limited to, Investor Avoidance Settlements and/or Broker Settlements;

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 36

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

h.    act on behalf of the Debtors in all adversary proceedings and contested matters then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere;

i.    proceed with and employ all discovery devices permitted under applicable law, including Bankruptcy Rule 2004, in order to investigate any Claims, iCap Trust Actions, or iCap Trust Assets;

j.    sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the iCap Trust Assets or any part thereof or interest therein upon such terms as the iCap Trustees determine to be necessary, appropriate, or desirable;

k.    negotiate, incur, and pay the iCap Trust Expenses;

l.    prepare and file any and all informational returns, reports, statements, returns, and other documents or disclosures relating to the Debtors that are required under the Plan, by any Governmental Unit, or by applicable law;

m.    compile and maintain the official claims register, including for purposes of making initial and subsequent Distributions under the Plan;

n.    take such actions as are necessary or appropriate to wind-down and dissolve the Debtors;

o.    effect all actions and execute all agreements, instruments, and other documents, and take all actions, necessary to consummate the Plan;

p.    comply with the Plan, exercise the iCap Trustees' rights, and perform the iCap Trustees' obligations; and

q.    exercise such other powers as deemed by the iCap Trustees to be necessary and proper to implement the Plan.

To the extent necessary to give full effect to their administrative rights and duties under the Plan, the iCap Trustees shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 37

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

officer or manager of each of the Debtors under any applicable nonbankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106. The iCap Trust Supervisory Board will have all rights and powers of a corporate board appointed under Washington law.

**7.     Limitation of Liability.** The iCap Trustees and the iCap Trust Supervisory Board shall enjoy all the rights, powers, immunities, and privileges applicable to a Bankruptcy Code chapter 7 trustee with respect to limitations of liability. The iCap Trustees may, in connection with the performance of their functions, in their sole and absolute discretion, consult with their attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such Persons, regardless of whether such advice or opinions were in writing. Notwithstanding such authority, the iCap Trustees shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and their determination not to do so shall not result in the imposition of liability on the iCap Trustees unless such determination is based on willful misconduct, gross negligence, or fraud. Persons dealing with the iCap Trustees shall look only to the iCap Trust Assets to satisfy any liability incurred by the iCap Trustees to such Person in carrying out the terms of the Plan or the iCap Trust Agreement. No recourse will ever be had, directly or indirectly, against the iCap Trustees or their members, officers, directors, employees, professionals, representatives, agents, successors, or assigns, by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge, or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant, or agreement whatsoever executed by the iCap Trustees under the Plan or by reason of the creation of any indebtedness by the iCap Trustees under the Plan.

**8.     Indemnification.** The iCap Trust Agreement will include customary indemnification provisions.

**9.     Insurance.** The iCap Trustees shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, at the iCap Trust's sole expense, for themselves, the iCap Trustees, and their respective agents, including coverage with respect to the liabilities, duties, and obligations of the iCap Trustees, which insurance coverage may, at the sole discretion of the iCap Trustees, be extended for a reasonable period after the termination of the iCap Trust.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 38

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**10. Tax Reporting.** The iCap Trust shall timely file tax returns for the iCap Trust treating the iCap Trust as a grantor trust pursuant to Treasury Regulation section 1.671- 4(a).

The iCap Trust shall be responsible for timely payment of all taxes (if any) imposed on and payable by the iCap Trust, the Debtors, or any iCap Trust Assets.

The iCap Trust shall distribute such tax-related notices, beneficiary statements, and informational returns, as applicable, to the applicable Holders of Allowed Claims as are required by applicable law or that the iCap Trustees determine are otherwise necessary or desirable.

The iCap Trust is authorized to file a request for expedited determination under Bankruptcy Code section 505(b) for any tax returns filed with respect to the Debtors.

**11. Distributions to iCap Trust Beneficiaries.** After payment of or reserve for all senior claims (including without limitation, Administrative Expense Claims, Priority Claims, Priority Tax Claims, and Secured Claims) in accordance with the Plan and the iCap Trust Agreement, the iCap Trust shall make Distributions to iCap Trust Beneficiaries pursuant to the iCap Trust Interests Waterfall.

The iCap Trust, in the iCap Trustees' sole discretion, may make periodic Distributions to the iCap Trust Beneficiaries at any time following the Effective Date; *provided* that such Distributions are otherwise permitted under, and not inconsistent with, the iCap Trust Interests Waterfall, the other terms of the Plan, the iCap Trust Agreement, and applicable law.

**12. Cash Investments.** The iCap Trustees may invest Cash of the iCap Trust, including any earnings or proceeds from such investment, and such investments will not be required to comply with Bankruptcy Code section 345(b); *provided, however,* that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

**13. Securities Act Exemption.** To the extent the iCap Trust Interests are deemed to be "securities," the issuance of those interests under the Plan is exempt

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 39

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

from registration under the Securities Act and any applicable state and local securities laws pursuant to Bankruptcy Code section 1145.

**14.** **Contribution of Contributed Claims.** On the Effective Date, all Contributed Claims are irrevocably contributed to the iCap Trust and shall thereafter be iCap Trust Actions for all purposes. No Person may rely on the absence of a specific reference in the Plan, the Confirmation Order, the iCap Trust Agreement, or the Disclosure Statement to any Contributed Claims against such Person as any indication that the iCap Trust will not pursue any and all available Contributed Claims against such Person. The objection to the Allowance of any Claims will not in any way limit the ability or the right of the iCap Trust to assert, commence, or prosecute any Contributed Claims. Nothing contained in the Plan, the Confirmation Order, the iCap Trust Agreement, or the Disclosure Statement will be deemed to be a waiver, release, or relinquishment of any Contributed Claims that the Contributing Claimants had immediately prior to the Effective Date. The iCap Trust shall have, retain, reserve, and be entitled to assert all Contributed Claims fully as if the Contributed Claims had not been contributed to the iCap Trust in accordance with the Plan and the iCap Trust Agreement.

**15.** **Authority to Pursue and Resolve iCap Trust Actions.** The iCap Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all iCap Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement. From and after the Effective Date, the iCap Trust, in accordance with Bankruptcy Code section 1123(b)(3), shall serve as a representative of the Estates with respect to any and all iCap Trust Actions that were Estate Assets and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all iCap Trust Actions in any court or other tribunal.

**16.** **Termination.** The iCap Trustees and the iCap Trust shall be discharged or terminated, as the case may be, at such time as: (a) the iCap Trustees determine that the pursuit of additional iCap Trust Actions is not likely to yield sufficient additional

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 40

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

proceeds to justify further pursuit of such iCap Trust Actions and (b) all Distributions required to be made by the iCap Trust to Holders of Allowed Claims and to the iCap Trust Beneficiaries under the Plan and the iCap Trust Agreement have been made, but in no event shall the iCap Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, unless a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the iCap Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the iCap Trust Assets. Upon termination of the iCap Trust, any remaining iCap Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the iCap Trustees to a non-profit organization of their choice.

17. **Interpretation.** To the extent there is any inconsistency between the Plan and the iCap Trust Agreement, the Plan shall control.

**E. Substantive Consolidation**

On the Effective Date, the Debtors, other than the Excluded Debtors with respect to Claims in Classes 2B and 2C, shall be substantively consolidated pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129; *provided, however*, that the Debtors or iCap Trustees, as applicable, reserve the right to effectuate, without further motion practice, substantive consolidation of the Excluded Debtors after the Claims in Classes 2B and 2C are consensually resolved with the Holders of such Claims upon filing notice with the Bankruptcy Court. As a result of the substantive consolidation, on the Effective Date, all property, rights, and claims of the Debtors and all Claims against the Debtors (other than Claims in Classes 2B and 2C) shall be deemed to be pooled for purposes of Distributions under the Plan and, in the iCap Trustees' discretion, other purposes. Further, as a result of this substantive consolidation, all claims between and among the Debtors shall be cancelled. Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims, and any contingent or otherwise duplicative Claims against one or more of the Debtors based upon claims for which one or more of the Debtors are also liable shall be disallowed. Holders of Claims in Classes

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 41

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2B and 2C shall be entitled to recover up to the full amount of their Allowed Secured Claim from the sale proceeds for their Collateral.

Entry of the Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129, of the substantive consolidation of the Debtors in the manner set forth in this Article; *provided, however*, that while the Debtors shall be substantively consolidated for purposes of Distributions to Creditors, such that all Investors shall have claims against a single pool of the Debtors' consolidated assets, the actual substantive consolidation of entities, particularly for tax purposes, shall be at the option of the Debtors or the iCap Trust, as applicable. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

Substantive consolidation under the Plan shall not affect, without limitation, any defenses or rights the Debtors or the iCap Trust may have to any Claim, Cause of Action, or Avoidance Action, including the ability to assert a counterclaim.

Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however*, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by the iCap Trust as to any Collateral so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

The Disclosure Statement and the Plan together form a request for the Bankruptcy Court's approval of the substantive consolidation outlined in the Plan. Unless a Creditor, purportedly impacted by this consolidation, submits a written objection before the Plan's confirmation objection deadline, the consolidation described in the Plan may receive approval during the Confirmation Hearing. Should objections be filed within the specified timeframe, the Bankruptcy Court will address such objections at the Confirmation Hearing.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 42

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

If the Bankruptcy Court determines that substantive consolidation of any given Debtor is not appropriate, then the Debtors may request that the Bankruptcy Court otherwise confirm the Plan and approve the treatment of and Distributions to the different Classes under the Plan on an adjusted, Debtor-by-Debtor basis. Furthermore, the Debtors reserve their rights (i) to seek confirmation of the Plan without implementing substantive consolidation of any given Debtor, and, in the Debtors' reasonable discretion after consultation with the Unsecured Creditors' Committee, to request that the Bankruptcy Court approve the treatment of and Distributions to any given Class under the Plan on an adjusted, Debtor-by-Debtor basis; and (ii) after consultation with the Unsecured Creditors' Committee, to seek to substantively consolidate all Debtors into iCap Enterprises, Inc. if all impaired Classes entitled to vote on the Plan vote to accept the Plan.

## F.   Preservation of Rights of Action

1.      **Avoidance Actions and Causes of Action.** Except as otherwise provided in the Plan or the Confirmation Order (including in the Investor Claims Special Provisions), in accordance with Bankruptcy Code section 1123(b), from and after the Effective Date, the iCap Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as iCap Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases, subject to the requirements set forth in the Plan and the iCap Trust Agreement. The iCap Trust shall have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the iCap Trust Actions without notice to or approval from the Bankruptcy Court, subject to the iCap Trust Agreement. In accordance with the Plan, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the iCap Trust may compromise and settle iCap Trust Actions, subject to the iCap Trust Agreement. It is anticipated that the iCap Trust will pursue iCap Trust Actions primarily under alternate fee arrangements and not a typical hourly fee structure, employing the services of professionals selected by (i) the Debtors, in

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 43

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

consultation with the Unsecured Creditors' Committee, prior to the Effective Date or (ii) the iCap Trustees, as provided in the iCap Trust Agreement, on and after the Effective Date. For the avoidance of doubt, nothing in the Disclosure Statement or this Plan shall require the iCap Trust to commence or pursue litigation concerning any iCap Trust Action.

**2.      Preservation of All iCap Trust Actions Not Expressly Settled or Released.** The failure to specifically identify in the Disclosure Statement (including its exhibits and schedules) or the Plan any potential or existing Avoidance Actions or Causes of Action as an iCap Trust Action is not intended to and shall not limit the rights of the iCap Trust to pursue any such Avoidance Actions or Causes of Action. Unless a iCap Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including the Confirmation Order), the Debtors expressly reserve such iCap Trust Action for later resolution by the iCap Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor or the iCap Trust is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits. No preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to any iCap Trust Actions upon, after, or as a consequence of the confirmation of the Plan.

**3.      Categories of Preserved Claims.** The Plan specifically preserves the right for the iCap Trust and iCap Trustees to pursue any and all claims that the Debtors and/or their Estates have the right to pursue, including **all** Causes of Action and Avoidance Actions. Without in any way limiting the iCap Trust's and the iCap Trustees' rights to pursue claims against third parties, the following are illustrative categories of claims that the iCap Trust will have the right to pursue:

(a) Insider and non-Insider preference actions arising under bankruptcy and/or state law;

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 44

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(b) Fraudulent transfer actions arising under bankruptcy and/or state law;

(c) Turnover actions under bankruptcy law;

(d) Any and all other rights and/or claims arising under the bankruptcy laws;

(e) Claims against third parties that aided and abetted the Debtors' conduct;

(f) Intentional and unintentional tort claims against third parties, including professional firms and former iCap principals and employees;

(g) Claims against third parties that may arise out of or relate to the conduct of an alleged Ponzi scheme;

(h) Breach of contract claims;

(i) Employment claims against former iCap employees, including breach of duties and breach of non-compete agreements and/or other agreements;

(j) Claims against third parties for return of commissions paid;

(k) Claims against former principals, directors, and officers for breach of fiduciary duties, breach of duty of loyalty, and similar claims; and

(l) All other claims not included in these categories that are Causes of Action and Avoidance Actions.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 45

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

### G. Exit Financing

On the Effective Date, without the need for further action, the iCap Trust shall enter into the Exit Financing, including the First Lien Exit Loan Facility and the Tritalent Exit Loan Facility.

### H. Abandonment of Certain Estate Assets

Unless previously sold or disposed of, on the Effective Date, and without the need for further action, the following Estate Assets shall be deemed abandoned by the Debtors and their Estates pursuant to Bankruptcy Code section 554 and shall not be considered iCap Trust Assets:

- the real property commonly known as 715-775 Broadway, Tacoma, WA; and
- the Debtors' interests in Airlink Holding, LLC and Airlink Markets, LLC (which entities shall be dissolved by the Debtors under the Confirmation Order) including, without limitation, Airlink Holding, LLC's membership interests in Airlink Markets, LLC.

### ARTICLE VI.
### PROVISIONS GOVERNING DISTRIBUTIONS

### A. Distributions to Senior Claims and Establishment of Senior Claims Reserve

On or as soon as reasonably practicable after the Effective Date, the iCap Trustees will establish the Senior Claims Reserve out of Available Cash, and the Distribution Agent shall make Distributions out of the Senior Claims Reserve to Holders of, as applicable, Allowed Administrative Expense Claims, Priority Tax Claims, and Priority Claims in accordance with the Plan. After the payment of all such Claims in accordance with the Plan and the payment of all related reasonable costs and expenses of the iCap Trustees and the Distribution Agent (including fees and costs to litigate and otherwise resolve Contingent Claims, Disputed Claims, or Unliquidated Claims, and administer and make Distributions), any remaining Cash in the Senior Claims Reserve will be promptly remitted to the iCap Trust to be used for any purposes subject to the Plan and the iCap Trust Agreement. The iCap Trustees or their designee

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 46

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

shall not be required to give any bond or surety or other security for the performance of any duties as the Distribution Agent.

**B.     Distributions to Secured Claims and Establishment of the Secured Claims Reserves**

On or as soon as reasonably practicable after the Effective Date, the iCap Trustees will establish the Secured Claims Reserves. Upon the sale or refinancing of any Collateral subject to a Lien of a Holder of an Allowed Secured Claim, such Claim shall be paid from the applicable Secured Claims Reserve or treated as otherwise provided in Article III.B.2. After the payment of all such Claims in accordance with the Plan, any remaining Cash in the Secured Claims Reserves will be promptly remitted to the iCap Trust to be used for any purposes subject to the Plan and the iCap Trust Agreement.

**C.     Calculating Distributions**

The iCap Trust shall undertake in its reasonable discretion to make in accordance with the Plan all calculations of Available Cash, Investor Claims, and of other amounts for or relating to Distributions for Holders of Allowed Claims to be made from the iCap Trust or for reserves for Holders of Contingent Claims, Disputed Claims, and Unliquidated Claims to be established by the iCap Trust, and may establish and hold back from Distributions reasonable reserves for other contingencies. When calculating Distributions (and amounts to hold in Distribution Reserves) with respect to Investor Claims, the Outstanding Principal Amounts to be utilized by the iCap Trust shall be determined in accordance with the procedures established by the iCap Trustees.

**D.     Interest and Other Charges**

Except to the extent provided (i) in Bankruptcy Code section 506(b) and Allowed by a Final Order or otherwise agreed, (ii) in the Plan, or (iii) in the Confirmation Order, postpetition interest shall not accrue or be paid on any Claims, and no Holder of an Allowed Claim shall be entitled to interest, penalties, fees, or late charges accruing or chargeable on any Claim from and after the Petition Date.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 47

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

### E. Means and Methods of Payment

All Distributions under the Plan shall be made in U.S. Dollars. Where a Claim has been denominated in foreign currency on a proof of Claim, the Allowed amount of such Claim shall be calculated in U.S. Dollars based upon the currency conversion rate in place as of the Petition Date and in accordance with Bankruptcy Code section 502(b).

Cash payments under the Plan shall be made, at the option and in the sole discretion of the iCap Trustees, by (i) checks drawn on or (ii) wire transfer, electronic funds transfer, or ACH from a domestic bank. Cash payments to foreign Creditors may be made, at the option and in the sole discretion of the iCap Trustees, by such means as are necessary or customary in a particular foreign jurisdiction. Cash payments made pursuant to the Plan in the form of checks shall be null and void if not cashed within 180 calendar days of the date of the issuance. Requests for reissuance of any check within 180 calendar days of the date of the issuance shall be made directly to the iCap Trustees.

### F. Fractional Distributions

Notwithstanding anything in the Plan to the contrary, no payment of fractional cents shall be made pursuant to the Plan. Whenever any payment of a fraction of a cent under the Plan would otherwise be required, the actual Distribution made shall reflect a rounding of such fraction to the nearest whole penny (up or down), with half cents or more being rounded up and fractions less than half of a cent being rounded down.

### G. No Distributions with Respect to Certain Claims

Notwithstanding anything in the Plan to the contrary, no Distributions or other consideration of any kind shall be made on account of a Claim that is not an Allowed Claim. Nonetheless, in undertaking the calculations concerning Allowed Claims under the Plan, including the determination of Distributions due to Holders of Allowed Claims, each Contingent Claim, Disputed Claim, or Unliquidated Claim shall be treated as if it were an Allowed Claim, including rights conferred by Bankruptcy Code section 506(b), which shall continue to apply until Distribution to the Holders of Secured Claims (which, for Unliquidated Claims, shall mean they shall be treated as if Allowed in such amounts as determined in the reasonable discretion of the iCap Trustees),

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 48

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

except that if the Holder of such Claim and the iCap Trustees otherwise determine the amount or number that would constitute a sufficient reserve for such a Claim, such amount or number shall be used with respect to such Claim. For purposes of calculating and making Distributions pursuant to the Plan, the iCap Trustees shall be entitled to estimate, in good faith and with due regard to litigation risks associated with Disputed Claims, the maximum dollar amount of Allowed Claims and Disputed Claims, inclusive of Contingent Claims or Unliquidated Claims in a particular Class. The iCap Trustees also shall be entitled to seek one or more estimation orders from the Bankruptcy Court for such purposes, which requests may be joined with objections to the Claims that are subject to any such request. Appropriate Disputed Claims reserves shall be established for each category of Claims as to which estimates are utilized or sought.

The iCap Trust may establish a Distribution Reserve on account of Disputed Claims, Contingent Claims, or Unliquidated Claims. The iCap Trust may, for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), (i) make an election pursuant to Treasury Regulation section 1.468B-9 to treat the Distribution Reserve as a "disputed ownership fund" within the meaning of that section, (ii) allocate taxable income or loss to the Distribution Reserve, with respect to any given taxable year (but only for the portion of the taxable year with respect to which such Claims are Disputed Claims), and (iii) distribute assets from the Distribution Reserve as, when, and to the extent, such Disputed Claims cease to be Disputed Claims, Contingent Claims, or Unliquidated Claims, whether by virtue of becoming Allowed or otherwise resolved. The iCap Trust Beneficiaries shall be bound by such election, if made by the iCap Trustees, and as such shall, for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), report consistently therewith.

## H.    Delivery of Distributions

Distributions in respect of iCap Trust Interests shall be made to Holders of iCap Trust Interests as of the Distribution Record Date. The iCap Trustees shall have no obligation to recognize any transfer of Claims occurring after the close of business on the Distribution Record Date. Distributions to Holders of iCap Trust Interests or Allowed Claims that have not been converted to iCap Trust Interests shall be made (a) at the addresses set forth in the proofs of Claim Filed by such Holders; (b) at the

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 49

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

addresses reflected in the Schedules if no proof of Claim has been Filed; or (c) at the addresses set forth in any written notices of address changes delivered to the Claims Agent or the iCap Trustees. If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the iCap Trustees are notified of such Holder's then-current address. The responsibility to provide the Claims Agent or the iCap Trustees with a current address of a Holder of iCap Trust Interests or Claims shall always be the responsibility of such Holder. Amounts in respect of undeliverable Distributions made by the iCap Trustees shall be held in trust on behalf of the Holder of the iCap Trust Interest or Claim to which they are payable by the iCap Trustees until the earlier of the date that such undeliverable Distributions are claimed by such Holder and 180 calendar days after the date the undeliverable Distributions were made.

## I.     Withholding, Payment, and Reporting Requirements for Distributions

All Distributions under the Plan shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions shall be subject to any such withholding, payment, and reporting requirements. The iCap Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements, including, to the extent such information is not already available to the iCap Trust, requiring each Holder of an iCap Trust Interest or Claim to provide a duly completed and properly executed current Form W-9, Form W-8 (if the payee is a foreign entity), or similar tax form as a prerequisite to receiving a Distribution. If a Holder of an iCap Trust Interest or Claim does not provide an appropriate Form W-9, Form W-8 (if the payee is a foreign entity), or similar tax form or documents reasonably requested by the iCap Trust within 90 days of written request, the iCap Trust will be required to back up withholding amounts due to such Holder and/or take such other action as it deems reasonably appropriate.

Notwithstanding any other provision of the Plan, (a) each Holder of a iCap Trust Interest or an Allowed Claim that is to receive a Distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any Governmental Unit, including income, withholding, and other tax obligations, on account of such Distribution, and including, in the case of any Holder of a Disputed Claim that has become an Allowed Claim, any tax obligation that

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 50

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

would be imposed on the iCap Trust in connection with such Distribution; and (b) no Distribution shall be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements reasonably satisfactory to the iCap Trust for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed in connection with such Distribution.

## J. Defense and Setoff Rights

On and after the Effective Date, the iCap Trust shall have all of the Debtors' and the Estates' rights under Bankruptcy Code section 558. Nothing in the Plan shall affect the rights and defenses of the Debtors, the Estates, or the iCap Trust in respect of any Claim, including all rights in respect of legal and equitable objections, defenses, setoffs, or recoupment against such Claims. Accordingly, the iCap Trust may, but shall not be required to, set off against any Claim or any Allowed Claim, and the payments or other Distributions to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever that the Debtors, the Estates, or the iCap Trust, as applicable, may have against the Holder of such Claim; *provided, however*, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim or rights that may exist against such Holder.

## K. Allocation of Distributions

Distributions received under the Plan by Holders of iCap Trust Interests and Claims shall be allocated first to the principal amount of such Claim, and then to accrued interest, if any, with respect to such Claim.

## L. Joint Distributions

The iCap Trustees may, in their sole discretion, make Distributions jointly to any Holder of a Claim and any other Person that the iCap Trustees have determined to have an interest in such Claim.

## M. Forfeiture of Distributions

If the Holder of a Claim fails to cash a check payable to it within the time period set forth in Article VI.E, fails to claim an undeliverable Distribution within the time limit set forth in Article VI.H, or fails to complete and return to the iCap Trustees the appropriate Form W-8 or Form W-9 within 180 calendar days after a request for the completion and return of the appropriate form pursuant to Article VI.I (or such later time as approved by a Bankruptcy Court order), then such Holder shall be deemed to

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 51

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

have forfeited its right to any reserved and future Distributions under the Plan. Any such forfeited Distributions shall be deemed Available Cash for all purposes, notwithstanding any federal or state escheat laws to the contrary.

## N.     Claims Paid by Third Parties

Except as otherwise set forth herein, and specifically Article III.C.2.a. governing payments received by an Investor on account of Individual Investor-Specific Claims, to the extent a Holder of a Claim receives a Distribution on account of such Claim under the Plan and receives payment from a party that is not a Debtor or the iCap Trustees on account of such Claim, such Holder shall, within thirty (30) days of receipt thereof, repay or return the Distribution to the applicable Debtor or the iCap Trustees, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Distribution under the Plan. The failure of such Holder to timely repay or return such excess Distribution shall result in the Holder owing the iCap Trust annualized interest at the Federal Judgment Rate, as in effect as of the Petition Date, on such amount owed for each Business Day after the thirty-day grace period specified above until the amount is repaid. For the avoidance of doubt, only prior distributions are required to be returned or paid to the iCap Trust, and no forfeiture of an Investor's Claim shall result unless the Investor fails to comply with Article III.C.2.a.

## ARTICLE VII.
## CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS

## A.     Disputed Claims Resolution

From and after the Effective Date, the iCap Trust shall have the exclusive authority to compromise, resolve, and Allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, except as otherwise provided in the iCap Trust Agreement, and any agreement entered into by the iCap Trust with respect to the Allowance of any Claim shall be conclusive evidence and a final determination of the Allowance of such Claim; *provided, however*, that, under the Plan, all Claims asserted by any of the Excluded Parties are Disputed Claims in their entirety and will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order. Notwithstanding anything else to the contrary

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 52

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

herein, and as provided in Bankruptcy Code section 502(d), the iCap Trustees are not required to make any Distributions to Holders of Allowed Claims, and no such Claims shall be deemed Allowed, unless and until such Holder has paid the Net Prepetition Investor Recovery, or such portion thereof as agreed to as a compromise and settlement, to the iCap Trust or until any iCap Trust Action seeking recovery of the Net Prepetition Investor Recovery is disallowed in its entirety by a Final Order.

## B. Claim Objections

All objections to Claims shall be Filed by the iCap Trust on or before the Claim Objection Deadline, which date may be extended (a) by sixty (60) days in the discretion of the iCap Trustees without further order of the Bankruptcy Court after notice to parties who have Filed requests for notice and (b) beyond the first sixty-day extension by order of the Bankruptcy Court upon motion Filed prior to the expiration of such period and notice to parties who have Filed requests for notice. If a timely objection has not been Filed to a proof of Claim or the Schedules have not been amended with respect to a Claim that was Scheduled by the Debtors but was not Scheduled as contingent, unliquidated, or disputed, then the Claim to which the proof of Claim or Scheduled Claim relates will be treated as an Allowed Claim.

## C. No Distribution on Disputed Claims

Notwithstanding any provision of the Plan specifying the time for payment of Distributions to Holders of Claims, no payment or Distribution shall be made to the Holder of a Disputed Claim until the time such Claim has been determined to be an Allowed Claim. Notwithstanding the existence of a Disputed Claim in a Class to which a Distribution under this Plan is due, such Distribution to other Holders in such Class shall not be affected by any delay in the resolution of the Disputed Claim. Upon the allowance of any Disputed Claim, the Holder shall be paid the amount that such Holder would have received had its Claim been an Allowed Claim on the Effective Date.

## D. Disposition of Reserves After Disallowance

After an objection to a Disputed Claim is sustained or a Contingent Claim or Unliquidated Claim has been determined in whole or in part by a Final Order or by agreement, such that the Contingent Claim, Disputed Claim, or Unliquidated Claim is a

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 53

BUSH KORNFELD LLP
LAW OFFICES
601 Union St, Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

disallowed Claim in whole or in part, any Cash held in an applicable Distribution Reserve in respect of the particular Claim in excess of the Distributions due on account of any resulting Allowed Claim shall be used or distributed in a manner consistent with the Plan and any reserved iCap Trust Interests shall be cancelled.

## ARTICLE VIII.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtors have no executory contracts or unexpired leases within the meaning of Bankruptcy Code section 365.

## ARTICLE IX.
## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE

**A.     Occurrence of Effective Date**

The Effective Date shall not occur and the Plan shall not be considered consummated until each of the following conditions has either been satisfied or waived as set forth below in Article IX.B:

1.     Entry of the Confirmation Order by the Bankruptcy Court in a form reasonably acceptable to both the Debtors and the Unsecured Creditors' Committee, and no request for revocation of the Confirmation Order under Bankruptcy Code section 1144 shall have been made, or, if made, shall remain pending;

2.     The Confirmation Order shall have become a Final Order in full force and effect and shall not be subject to any stay of effectiveness;

3.     The iCap Trustees shall be duly appointed, qualified, and acting in that capacity;

4.     The iCap Trust shall have access to funding under the Exit Financing;

5.     There shall not be in effect any (a) order, opinion, ruling, or other decision entered by any court or other Governmental Unit or (b) U.S. or other applicable law staying, restraining, enjoining, prohibiting, or otherwise making illegal the implementation of any of the transactions contemplated by the Plan; and

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 54

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

6.      All necessary actions, agreements, instruments, or other documents to implement the terms and provisions of the Plan have been completed or executed and delivered, as required.

**B.      Waiver of Conditions**

The conditions set forth in Article IX.A of the Plan may be waived, in whole or in part, in writing by agreement of the Debtors, at any time, without notice or further order of the Bankruptcy Court.

**C.      Non-Occurrence of Effective Date Conditions**

If the conditions necessary for the Effective Date are not met or duly waived as outlined in Articles IX.A and B of the Plan, upon notification filed by the Debtors with the Bankruptcy Court, the following shall occur: (i) the Confirmation Order will be vacated; (ii) no Distributions will be made; (iii) the Debtors, the Estates, the Unsecured Creditors' Committee, and all Creditors will revert to the status quo as of the day immediately preceding the Confirmation Hearing as if the Confirmation Order had not been entered; and (iv) all obligations of the Debtors and the Estates regarding Claims will remain unchanged. Nothing in the Plan will constitute a waiver or release of any Claims by or against the Debtors, the Estates, or any other Person, nor will it prejudice the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

**D.      Effective Date Notice**

Following the Effective Date, the iCap Trust or its representatives will promptly send notices to all Creditors and the United States Trustee. These notices will include information regarding: (i) the Confirmation Order and the Plan's Confirmation; (ii) the Effective Date; (iii) the assumption, assignment, and rejection of executory contracts and unexpired leases pursuant to the Plan, if any, along with the deadline for filing any Claims resulting from such rejection; (iv) the deadline set forth in the Plan for filing Administrative Expense Claims; (v) the deadline by which Professional Persons must file and serve any requests for payment of professional fees; and (vi) any other pertinent matters deemed appropriate by the iCap Trustees.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 55

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE X.
## MISCELLANEOUS PROVISIONS

**A.    Mailing List**

The official listing of Creditor identities and mailing addresses is maintained by the Claims Agent (the "Official Mailing List"). It shall be the obligation of each Creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such person or entity.

**B.    Employment of Professional Persons**

The Debtors shall be authorized to employ and compensate Professional Persons following Confirmation upon such terms as the Debtors deem reasonable and appropriate without further notice or order of the Court.

**C.    Payments Shall Be Timely**

The Debtors shall timely make all payments required under this Plan. Without limiting the generality of the foregoing, the iCap Trust shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation until the Case Closing Date. After Confirmation, the iCap Trust shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the Chapter 11 Cases remain open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

**D.    Treatment of Negotiable Instruments**

Any negotiable instrument held by the Holder of a Claim shall be deemed exchanged, canceled, or satisfied, as the case may be, on the Effective Date.

**E.    Stay of Confirmation Order Shall Not Apply**

The stay of enforceability of the Confirmation Order pursuant to Bankruptcy Rule 3020(e) shall not apply, and the Confirmation Order shall be enforceable according to its terms absent further order of the Bankruptcy Court.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 56

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## F.    Preservation of Privileges and Defenses

The actions taken by the Debtors, the iCap Trust, or any of their respective Related Parties in connection with the Plan shall not be a waiver of any privilege or defense of the Debtors or the iCap Trust. Notwithstanding any Debtors providing any privileged information related to any iCap Trust Actions to the iCap Trustees, the iCap Trust, or any Person associated with any of the foregoing, such privileged information shall be without waiver in recognition of the joint, common, or successor interest in prosecuting the iCap Trust Actions and shall remain privileged. The iCap Trust shall retain the right to waive its own privileges. Only the iCap Trustees shall have the right to waive the attorney-client privilege, work-product doctrine, or other protections as to the Debtors and the iCap Trust.

## G.    Releases and Related Matters

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the fullest extent permitted under applicable law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined by Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in this Article X.G shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.

Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in this Article; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 57

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

## H.    Exculpation

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any postpetition act or omission occurring from the Petition Date to the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, Confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan, or any other act taken or omission originating or occurring after the Petition Date but before the Effective Date in connection with or in contemplation of the restructuring, sale, or liquidation of the Debtors; *provided*, *however*, that nothing in this Article X.H shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order, including with respect to the Supplemental DIP Credit Agreement; and *provided*, *further*, that the exculpation provisions of this Article X.H shall not apply to acts or omissions constituting actual fraud, willful misconduct, gross negligence, or malpractice by such Exculpated Party as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting the Exculpated Parties from liability. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Article X.H of the Plan.

## I.    Injunction

Except as otherwise expressly provided in the Plan, and except in connection with the enforcement of the Plan or any documents provided for or contemplated in the Plan, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or the Estates that (i) have been released pursuant to Article X.G of this

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 58

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Plan or (ii) are subject to exculpation pursuant to Article X.H of this Plan, are permanently enjoined from and after the Effective Date from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest; (d) asserting, directly or indirectly, any setoff, or recoupment of any kind against any obligation due to the Debtors, the Estates, or their successors and assignees, or any of their assets and property, with respect to any such Claim or Equity Interest, unless approved by the Bankruptcy Court; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Equity Interest. Without limiting the foregoing, the automatic stay provided under Bankruptcy Code section 362(a) shall remain in effect until the Chapter 11 Cases are closed. Nothing contained in this Article X.I shall prohibit the Holder of a Filed proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Holder of such Claim or Equity Interest of any of the obligations of the Debtors or the iCap Trustees under the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in this Article X.I.

## J.    Injunction Against Interference with the Plan

Upon entry of the Confirmation Order, all Holders of Claims and Equity Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions of any kind against the iCap Trustees, the iCap Trust, or any of the iCap Trust Assets that interfere with the implementation or consummation of the Plan. The iCap Trust shall be entitled, as liquidated damages, to the payment of any fees and costs incurred by the iCap Trust to address any violation of the injunction contained in this Article X.J.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 59

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**K.  SEC Rights**

Notwithstanding any language to the contrary in the Disclosure Statement, this Plan, and/or the Confirmation Order, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, Causes of Action, proceeding, or investigations against any non-Debtor Person or non-Debtor entity in any forum.

**L.  Insurance Policies**

Nothing in the Plan or the Confirmation Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the rights and obligations of the Debtors (and their Estates), third party beneficiaries or named insureds, and the Debtors' insurers (and third-party claims administrators) under any of the Debtors' insurance policies (including any D&O Insurance) or modify the coverage or benefits provided thereunder or the terms and conditions thereof or diminishes or impairs the enforceability of the insurance policies. For all issues relating to insurance coverage, the provisions, terms, conditions, and limitations of the Debtors' insurance policies shall control. For the avoidance of doubt, nothing herein (a) constitutes a rejection of any insurance policy (including the D&O Insurance) or (b) relieves any party from any injunction or stay created or preserved under the Plan.

**M.  Books and Records**

On the Effective Date, the Debtors' books and records shall be transferred to the iCap Trustees. The iCap Trustees shall be free, in their discretion to abandon, destroy, or otherwise dispose of the books and records in compliance with applicable non-bankruptcy law, or any other order of the Bankruptcy Court, at any time on and after the Effective Date, without the need for any other or further order; *provided, however,* that neither the Debtors nor the iCap Trustees shall destroy or otherwise abandon any books, records, electronically stored information, or other documents without providing advance notice to the SEC (c/o William M. Uptegrove, U.S. Securities and Exchange Commission, 950 East Paces Ferry Road, NE, Suite 900, Atlanta, GA 30326, UptegroveW@SEC.GOV), which shall have seven (7) days to object to any proposed

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 60

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

destruction or abandonment, and with authorization from the Bankruptcy Court; *provided further* that, nothing in the Plan or the Confirmation Order shall affect the obligations of the Debtors, the iCap Trust, and/or any transferee or custodian to maintain any books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

In the event that the iCap Trust becomes the subject of a directive or requirement to retain any books and records, the iCap Trust may provide notice to the parties who requested or obtained such directive or requirement (the "**Document Destruction Notice Parties**") of an intent to destroy such documents. In the event a Document Destruction Notice Party objects to the destruction, it shall provide the iCap Trust with a written agreement and assurance, each of which is reasonably acceptable to the iCap Trust, providing for the reimbursement and payment of all costs and expenses associated with the continued maintenance of such documents and records by the iCap Trust. Such costs and expenses shall include, but may not be limited to, third party fees and expenses, storage device costs, copying fees, the fees and expenses of counsel or other professionals to address any subpoenas or document production demands, and, if such extended maintenance precludes entry of the final decree, any fees (including U.S. Trustee fees) associated with such delay.

## N.    Severability

In the event the Bankruptcy Court determines, before Confirmation, that any provision in the Plan is invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without consent of the Debtors; and (c) nonseverable and mutually dependent.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 61

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

,

## O. Revocation or Withdrawal of the Plan

The Debtors reserve the right to revoke or withdraw the Plan before Confirmation and to file a subsequent plan. If the Debtors revoke or withdraw the Plan before Confirmation, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any claims by or against the Debtors  or to prejudice in any manner the rights of the Debtors in any further proceedings involving the Debtors.

## P. Notices

All notices, requests, and demands to or upon the iCap Trustees or the Debtors, as applicable, to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered and addressed as follows:

If to the Debtors, to:

iCap Enterprises, Inc. *et al.*
c/o Pivot Management Group, LLC
1230 Rosecrans Ave., Suite 530
Manhattan Beach, CA 90266
Attn:  Lance Miller (Lance.miller@pivotgrp.com)

With copies to:

O'Melveny & Myers LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Attn:  Julian Gurule (jgurule@omm.com)

and

O'Melveny & Myers LLP
1301 Avenue of the Americas, Suite 1700

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 62

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

New York, NY 10019
Attn: Diana Perez (dperez@omm.com)

If to the Unsecured Creditors' Committee, to:

Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Attn: Armand J. Kornfeld (jkornfeld@bskd.com)
      Aimee S. Willig (awillig@bskd.com)
      Jason Wax (jwax@bskd.com)

and

Corr Cronin LLP
1015 Second Ave., Floor 10
Seattle, WA 98104
Attn: John T. Bender (jbender@corrcronin.com)

If to the iCap Trustees, to:

Pivot Management Group, LLC
1230 Rosecrans Ave., Suite 530
Manhattan Beach, CA 90266
Attn: Lance Miller (Lance.miller@pivotgrp.com)

and

B. Riley Advisory Services
19800 MacArthur Boulevard, Suite 820
Irvine, CA 92612
Attn: Seth Freeman (sfreeman@brileyfin.com)

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 63

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**Q. Exhibits/Schedules**

All exhibits and schedules to the Plan, including the Plan Supplement, are incorporated into and are a part of this Plan as if set forth in full herein. After the exhibits and documents are filed, copies of such exhibits and documents shall be available free of charge on the Debtors' case website at: https://cases.creditorinfo.com/icap/documents/docket. To the extent any exhibit or document is inconsistent with the terms of the Plan, unless otherwise ordered by the Bankruptcy Court, the Plan shall control.

**R. Successors and Assigns**

The rights, benefits, and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each such Person.

**S. Reservation of Rights**

Except as expressly set forth herein, the Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. None of the filing of this Plan, any statement or provision contained herein, or the taking of any action by any Debtor with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Equity Interest before the Effective Date.

**T. Dissolution of the Unsecured Creditors' Committee**

Upon the occurrence of the Effective Date, the Unsecured Creditors' Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) applications for allowance and payment of the fees of Professional Persons, and (c) any pending motions or other actions seeking enforcement or implementation of the provisions of the Plan).

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 64

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**U.     Votes Solicited in Good Faith**

Upon entry of the Confirmation Order, the Debtors will be deemed to have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, and pursuant to Bankruptcy Code section 1125(e), the CRO, the Debtors, the Unsecured Creditors' Committee, and their respective affiliates, agents, representatives, members, principals, shareholders, officers, directors, employees, advisors, and attorneys shall have no liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes the Plan.

**ARTICLE XI.**
**SATISFACTION OF INDEBTEDNESS; PLAN IS BINDING**

Except as specifically provided in this Plan or in the Confirmation Order the Distributions made to the various Classes of Creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Equity Interests. The terms of this Plan and the Confirmation Order shall be binding on all parties regardless of whether or not (a) the party's Claim was Scheduled, (b) a proof of Claim was filed, (c) the Claim is an Allowed Claim, or (d) the Holder thereof voted to accept the Plan.

**ARTICLE XII.**
**MODIFICATIONS OF THE PLAN**

Pursuant to the provisions of Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Plan Proponents reserve the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation. Entry of the Confirmation Order shall mean that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to Bankruptcy Code section 1127(a) and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

**ARTICLE XIII.**
**RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT**

**A.     Scope**

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 65

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retains jurisdiction and power over all matters arising in, arising under, or related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including the jurisdiction and the power to do the following:

1. Except as otherwise Allowed pursuant to the Plan or in the Confirmation Order, Allow, classify, determine, disallow, establish the priority or secured or unsecured status of, estimate, limit, liquidate, or subordinate any Claim, in whole or in part, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any objections to the allowance or priority of Claims;

2. Hear and determine all applications for compensation and reimbursement of expenses of Professional Persons under the Plan or under Bankruptcy Code sections 327, 328, 330, 331, 503(b), 1103, and 1129(a)(4);

3. Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable, including, if necessary, the nature or amount of any required cure or the liquidation or allowance of any Claims arising therefrom;

4. Effectuate performance of and payments under the provisions of the Plan and enforce remedies on any default under the Plan;

5. Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases, including the iCap Trust Actions, and with respect to the Plan; *provided* that, for the avoidance of doubt, the iCap Trust shall be entitled to file and prosecute any litigation in any other court of competent jurisdiction;

6. Enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created, executed, or contemplated in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 66

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

7.     Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements (including, without limitation, the iCap Trust Agreement), documents, or instruments executed in connection with the Plan, or to maintain the integrity of the Plan following consummation;

8.     Consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

9.     Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

10.     Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

11.     Hear and determine any matters arising in connection with or relating to the Plan, the Plan Supplement, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with any of the foregoing documents and orders;

12.     Enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings associated with the Plan or otherwise entered in connection with the Chapter 11 Cases (whether or not any or all of the Chapter 11 Cases have been closed);

13.     Except as otherwise limited herein, recover all Estate Assets, wherever located;

14.     Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505, and 1146;

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 67

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

15.     Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, the Bankruptcy Code and title 28 of the United States Code;

16.     Enter and enforce any order and related agreements for the sale or transfer of property and obligations thereunder pursuant to, *inter alia*, Bankruptcy Code sections 363, 1123, or 1146(a);

17.     Enforce all orders previously entered by the Bankruptcy Court;

18.     Resolve any cases, controversies, suits, or disputes related to the iCap Trust, the iCap Trust Supervisory Board, or the iCap Trustees;

19.     Hear and determine all matters in connection with the iCap Trust Assets, including, without limitation, any disputes with respect to the sale of any iCap Trust Assets; and

20.     Enter a final decree closing the Chapter 11 Cases of the Debtors.

**B.      Right to Seek Bankruptcy Court Approval**

Notwithstanding any provision in the Plan permitting actions without the approval of the Bankruptcy Court, the iCap Trustees retain the authority to present to the Bankruptcy Court any questions for explicit approval regarding specific actions proposed by the iCap Trust, including the management, distribution, or potential sale of iCap Trust Assets. The Bankruptcy Court retains jurisdiction and authority for such matters and shall approve or reject any proposed action upon motion filed by the iCap Trust.

**C.      Non-Exercise of Bankruptcy Court Jurisdiction**

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Article XIII of the Plan, the provisions of this Article shall have no effect on, and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to, such matter.

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 68

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

The Bankruptcy Court shall not retain exclusive jurisdiction over disputes concerning documents contained in the Plan Supplement that have a jurisdictional, forum selection, or dispute resolution clause that refers disputes to a different court and any disputes concerning documents contained in the Plan Supplement that contain such clauses shall be governed in accordance with the provisions of such documents.

RESPECTFULLY SUBMITTED this 9th day of October, 2024.

iCap Enterprises, Inc., et al.

By /s/ *Lance Miller*
Name: Lance Miller
Title: Chief Restructuring Officer
        Pivot Management Group, LLC

Official Unsecured Creditors' Committee

By /s/ *Lilian Tan*
Name: Lilian Tan
Title: Co-Chair of the Committee

By /s/ *Thomas Temple*
Name: Thomas Temple
Title: Co-Chair of the Committee

SECOND MODIFIED SECOND AMENDED
JOINT PLAN OF LIQUIDATION – Page 69

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| ICAP ENTERPRISES, INC., *et al.*, <br><br> Debtors.[1] | Lead Case No. 23-01243-11 <br> Jointly Administered <br><br> **DECLARATION OF BRAD DANIEL OF BMC GROUP REGARDING VOTING AND TABULATION OF BALLOTS FOR MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF ICAP ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

[1]The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11 iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (2B3-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11)

VOTING DECLARATION- 1

BN 78851843v2

I, Brad Daniel, hereby submit this declaration (the "Declaration") under penalty of perjury:

1.      I am a Director of BMC Group, Inc. ("BMC") and am authorized to make this Declaration on behalf of BMC.  Pursuant to the *Order Approving Debtors' Ex Parte Application to Employ and Retain BMC Group, Inc. as Noticing, Claims and Balloting Agent,* entered on October 17, 2023, [Docket No. 90], BMC was employed as the Claims, Noticing, and Balloting Agent for iCap Enterprises, Inc., et al. (referred to herein as the "Debtors").

2.      I submit this Declaration in connection with the *Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors,* filed on August 30, 2024, [Docket No. 1249] (as may be amended, modified, or supplemented, the "Plan").  Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge or my review of relevant documents.  If I were called to testify, I could and would testify competently as to the facts set forth herein.

3.      In accordance with the *Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection*

VOTING DECLARATION - 2

*Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief*, entered on August 29, 2024 [Docket No. 1247] (the "Solicitation Procedures Order"),[2] the Debtors were authorized to solicit, receive, and tabulate Ballots accepting or rejecting the Plan.

4.     Pursuant to the Plan, only Holders of Claims in the following Classes (the "Voting Classes") were entitled to vote to accept or reject the Plan:

| Plan Class | Impaired Class Description |
|------------|----------------------------|
| 3 | Investor Claims |
| 4 | General Unsecured Claims |

5.     The procedures for the solicitation and tabulations of votes on the Plan are set forth in the Solicitation Procedures Order.  The undersigned reviewed, determined the validity of, and tabulated Ballots submitted to vote for the acceptance or rejection of the Plan by the Holders of Claims in the Voting Classes in accordance with the Solicitation Procedures Order.

6.     In accordance with the Solicitation Procedures Order, as well as the *Order Granting Debtors' Ex Parte Motion for Entry of Order: (I) Limiting Scope of Notice; (II) Authorizing Service to Investors by Email; and (III) Granting Related Relief*, entered on October 5, 2023 [Docket No. 63], on September 4, 2024, BMC

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Solicitation Procedures Order, as applicable.

VOTING DECLARATION - 3

BN 78851843v2

caused Solicitation Packages to be distributed to Holders of Claims in the Voting Classes, and also served the *Notice of (I) Approval of Disclosure Statement; (II) Establishment of Voting Record Date; (III) Hearing to Consider Confirmation of Plan and Procedures and Deadlines for Objecting to the Plan; and (IV) Procedures and Deadlines for Voting to Accept or Reject the Plan,* on all creditors and parties in interest. BMC filed a *Certificate of Service* regarding the Solicitation Packages with the court on September 6, 2024 [Docket No.1261]. Copies of the Plan and Disclosure Statement, including all exhibits, were made available via the internet, free of charge at: https://cases.creditorinfo.com/icap/documents/docket on August 30, 2024.

7.     BMC received Ballots by first class mail at its P.O. Box, by overnight mail or hand delivery at its office located at 3732 West 120th Street, Hawthorne, CA 90250, and through its online voting portal at https://ballots.bmcgroup.com/icap. All Ballots were date-stamped upon receipt and were processed in accordance with the Solicitation Procedures Order.

8.     In order for a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the Solicitation Procedures Order and executed by the relevant Holder, or such Holder's authorized representative, and must have been received by BMC no later than October 2, 2024 at 4:00 p.m., prevailing Pacific Time (the "Voting Deadline").

VOTING DECLARATION - 4

BN 78851843v2

9.     All validly executed Ballots cast by Holders of Claims in the Voting Classes that were received by BMC were tabulated as outlined in the Solicitation Procedures Order.  In accordance with the Solicitation Procedures Order, Ballots submitted by parties who did not hold a Claim in a Voting Class on the Voting Record Date, and any Ballots submitted after the Voting Deadline, were excluded from the tabulation results.

10.     For purposes of numerosity and amount, creditors casting valid Ballots on account of multiple separate Claims entitled to vote in the same Voting Class were aggregated in such a way as to be counted as a single vote on the Plan.

11.     The final tabulation of votes cast on timely received and properly completed Ballots, including a detail listing of the Ballots received and an indication as to the reason(s) for any exclusion or adjustment of voting amount of any such Ballot received, or waiver of deficiency, is attached hereto as Exhibit "A."

12.     In summary, the valid votes received total as follows:

| Plan Class | Impaired Class Description | VOTES TO ACCEPT | | VOTES TO REJECT | |
|---|---|---|---|---|---|
| | | COUNT | AMOUNT | COUNT | AMOUNT |
| 3 | Investor Claims | 588 96.55% | $128,682,211.06 88.68% | 21 3.45% | $16,433,371.00 11.32% |
| 4 | General Unsecured Claims | 8 80.00% | $252,834.97 75.13% | 2 20.00% | $83,707.00 24.87% |

VOTING DECLARATION - 5

BN 78851843v2

13.     Following the Voting Deadline, an additional 19 Ballots were received, with an aggregate value of $2,326,671.37, all of which voted to Accept the Plan and which, if counted, would raise the above stated percentage of accepts to 96.66% by count and 88.85% by amount.

14.     Additionally, all Ballots were reviewed to determine if the voting party elected to contribute their Contributed Claims to the iCap Trust as per Article V.D.14 of the Plan. There were 471 voting parties who elected to contribute their Contributed Claims for an aggregate total of $87,828.526.21. There were also 17 parties with $2,149,693.07 in aggregate face value of claims who submitted a late filed but otherwise valid Ballot electing to contribute their Contributed Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America, that the foregoing statements are true and correct.

                                        Respectfully submitted,

Dated:  October 9, 2024

                                        /s/   *Brad Daniel*
                                        Brad Daniel

VOTING DECLARATION - 6

BN 78851843v2
24-01035-WLH11    Doc 891    Filed 10/09/24    Entered 10/09/24 14:39:18    Pg 165 of 227

1

2

3

4

5

6                                    EXHIBIT A

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VOTING DECLARATION - 7

BN 78851843v2

# BALLOT TABULATION REPORT
## SUMMARY
### iCap Enterprises, Inc.

| Class | Ballot Counts | | | | | | Ballot Amounts | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Accepted | | Rejected | | Total Counted | Total Excluded | Total Received | Accepted | | | Rejected | | | Total Counted | | Total Excluded | | Total Received |
| Class 3 | 588 | 96.55% | 21 | 3.45% | 609 | 19 | 628 | $ 128,682,211.06 | 88.68% | $ | 16,433,371.00 | 11.32% | $ | 145,115,582.06 | $ | 2,326,671.37 | $ | 147,442,253.43 |
| Class 4 | 8 | 80.00% | 2 | 20.00% | 10 | 0 | 10 | $ | 252,834.97 | 75.13% $ | | 83,707.00 | 24.87% | | 336,541.97 | $ | 0.00 | $ | 336,541.97 |

| Class | Description |
|---|---|
| Class 3 | Investor Claims |
| Class 4 | General Unsecured Claims |

Prepared by BMC Group, Inc. on 10/09/2024 11:07:48 AM ET

| | Ballot Counts | | | | | | | Ballot Amounts | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Class | Accepted | | Rejected | | Total Counted | Total Excluded | Total Received | Accepted | | Rejected | | Total Counted | Total Excluded | Total Received |
| Class 3 | 588 | 96.55% | 21 | 3.45% | 609 | 19 | 628 | $ 128,682,211.06 | 88.68% | $ 16,433,371.00 | 11.32% | $ 145,115,582.06 | $ 2,326,671.37 | $ 147,442,253.43 |

| | | | | | | Accepting | | Rejecting | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ballot # | Claim # | Creditor Name | | Amount | | Amount | Votes | Amount | Votes | Opt In | Excluded | Notes |
| 498 | 736-3 | 5k Partners Ltd. | $ | 320,000.00 | $ | 320,000.00 | 1 | | 0 | Yes | | |
| 268 | 1704-3 | A&S Diieso Nominee Trust U/A 10/9/03 | $ | 54,000.00 | $ | 54,000.00 | 1 | | 0 | | | |
| 98 | 1611-3 | Aaron Sarna and Talya Housman | $ | 55,117.34 | $ | 55,117.34 | 1 | | 0 | Yes | | |
| 506 | 3019-3 | Ackerson Family Living Trust | $ | 197,333.33 | $ | 197,333.33 | 1 | | 0 | Yes | | |
| 154 | 968-3 | Adam and Alyson Troutman | $ | 54,000.00 | $ | 54,000.00 | 1 | | 0 | Yes | | |
| 621 | 326-3 | Alan C Pursley & Kathy L Pursley | $ | 352,833.33 | $ | 352,833.33 | 1 | | 0 | Yes | | |
| 75 | 495-3 | Alan Sullivan | $ | 80,000.00 | $ | 80,000.00 | 1 | | 0 | Yes | | |
| 550 | 669-3 | Albert Yale & Marilyn Yale | $ | 85,333.33 | $ | 85,333.33 | 1 | | 0 | | | |
| 233 | 3135-3 | Allan Klaiman | $ | 75,000.00 | $ | 75,000.00 | 1 | | 0 | Yes | | |
| 451 | 440-3 | Allan P Klaiman | $ | 175,000.00 | $ | 175,000.00 | 0 | | 0 | Yes | | Not counted towards numerosity; Ballot ID 233 cast in the same class for separate claims are counted 1 towards numerosity for this voter. |
| 535 | 299-3 | Allen D Anderson | $ | 174,125.07 | $ | 174,125.07 | 1 | | 0 | Yes | | |
| 51 | 908-3 | Amendment and Restatement of the Wachter Trust | $ | 136,901.33 | $ | 136,901.33 | 1 | | 0 | Yes | | |
| 317 | 1769-3 | Andrew Coster | $ | 81,000.00 | $ | 81,000.00 | 1 | | 0 | Yes | | |
| 557 | 1411-3 | Andrew DeVolder | $ | 53,666.67 | $ | 53,666.67 | 1 | | 0 | Yes | | |
| 489 | 611-3 | Andrew T Murdoch | $ | 73,975.47 | $ | 73,975.47 | 1 | | 0 | Yes | | |
| 82 | 1047-3 | Anita C Henry | $ | 320,000.00 | $ | 320,000.00 | 1 | | 0 | Yes | | |
| 351 | 405-3 | Ann Sullivan | $ | 106,666.67 | $ | 106,666.67 | 1 | | 0 | Yes | | |
| 53 | 721-3 | Apexico, LLC | $ | 320,000.00 | $ | 320,000.00 | 1 | | 0 | Yes | | |
| 275 | 276-3 | Arising Properties, LLC | $ | 434,666.67 | $ | 434,666.67 | 1 | | 0 | Yes | | |
| 558 | 723-3 | Arpad Fejos | $ | 136,142.45 | $ | 136,142.45 | 1 | | 0 | Yes | | |
| 560 | 777-3 | Arpad Fejos & Madeleine Fejos | $ | 71,131.98 | $ | 71,131.98 | 1 | | 0 | Yes | | |
| 573 | 995-3 | Arthur Nanney | $ | 53,333.33 | $ | 53,333.33 | 1 | | 0 | | | |
| 296 | 1057-3 | Arthur O Kaplan | $ | 86,200.00 | $ | 86,200.00 | 1 | | 0 | Yes | | |
| 15 | 1154-3 | Arthur Protas | $ | 53,333.33 | $ | 53,333.33 | 1 | | 0 | | | |
| 150 | 450-3 | Austin M Cavelli | $ | 106,666.67 | $ | 106,666.67 | 1 | | 0 | Yes | | |
| 204 | 412-3 | Avi Suriel | $ | 53,333.33 | $ | 53,333.33 | 1 | | 0 | | | |
| 455 | 1201-3 | B EST Partners, Ltd. | $ | 261,594.22 | | | 0 | $ | 261,594.22 | 1 | | | |
| 482 | 3277-3 | Baoguo Long | $ | 226,977.86 | $ | 226,977.86 | 1 | | 0 | | | |

Prepared by BMC Group, Inc. on 10/09/2024 11:07:48 AM ET

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 437 | 444-3 | Barbara B Weymouth | $ 120,033.07 | $ 120,033.07 | 1 | | 0 | Yes | | |
| 342 | 1217-3 | Barbara Enke | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | | | |
| 326 | 318-3 | Barry Abzug | $ 455,880.34 | $ 455,880.34 | 1 | | 0 | Yes | | |
| 325 | 330-3 | Barry M Abzug Revocable Trust | $ 955,708.52 | $ 955,708.52 | 1 | | 0 | Yes | | |
| 456 | 463-3 | Benjamin Schick | $ 101,951.28 | | 0 | $ 101,951.28 | 1 | | | |
| 424 | 906-3 | Bertrand L Poirier | $ 64,489.29 | $ 64,489.29 | 1 | | 0 | Yes | | |
| 423 | 471-3 | Bertrand Poirier & Diana Poirier | $ 314,510.29 | $ 314,510.29 | 1 | | 0 | Yes | | |
| 156 | 1061-3 | Betty Fries | $ 20,000.00 | $ 20,000.00 | 1 | | 0 | Yes | | |
| 93 | 295-3 | Betty Ingle TOD | $ 63,600.00 | $ 63,600.00 | 1 | | 0 | Yes | | |
| 214 | 1762-3 | Bill C Ng | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 412 | 1689-3 | Brandon and Andrea Wolfe | $ 29,166.66 | $ 29,166.66 | 1 | | 0 | Yes | | |
| 604 | 1194-3 | Brenda Gard | $ 22,717.96 | $ 22,717.96 | 1 | | 0 | Yes | | |
| 266 | 1040-3 | Brent A & Kimbra L Bishop | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 283 | 1143-3 | Brian J Spitzock | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 222 | 705-3 | Brian Jewell | $ 106,666.66 | $ 106,666.66 | 1 | | 0 | Yes | | |
| 213 | 989-3 | Brian Kirschner Revocable Trust Agreement | $ 136,901.33 | $ 136,901.33 | 1 | | 0 | Yes | | |
| 157 | 1009-3 | Brian P Nickels | $ 80,000.00 | $ 80,000.00 | 1 | | 0 | Yes | | |
| 310 | 1155-3 | Bronner Handwerger | $ 175,000.00 | $ 175,000.00 | 1 | | 0 | Yes | | |
| 309 | 1156-3 | Bronner Handwerger Family Trust dated 7/19/2011 | $ 82,689.16 | $ 82,689.16 | 1 | | 0 | Yes | | |
| 611 | 1054-3 | Bruce S Burch | $ 78,755.89 | $ 78,755.89 | 1 | | 0 | Yes | | |
| 360 | 637-3 | Bryant K Alleman & Janice N Alleman, TTEEs | $ 198,560.00 | $ 198,560.00 | 1 | | 0 | Yes | | |
| 349 | 263-3 | C and K Joint Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 32 | 1150-3 | Calhoun Living Trust DTD 2/23/2010 | $ 106,333.33 | $ 106,333.33 | 1 | | 0 | Yes | | |
| 539 | 1340-3 | Carl B Hinton | $ 94,351.07 | $ 94,351.07 | 1 | | 0 | Yes | | |
| 56 | 1596-3 | Carla P Lane | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 186 | 1075-3 | Carlene E Wright | $ 66,278.33 | $ 66,278.33 | 1 | | 0 | Yes | | |
| 425 | 1459-3 | Carol A Pool | $ 80,000.00 | $ 80,000.00 | 1 | | 0 | Yes | | |
| 445 | 1200-3 | Carol B Moore | $ 50,000.00 | $ 50,000.00 | 1 | | 0 | Yes | | |
| 477 | 767-3 | Carol Poole | $ 53,000.00 | $ 53,000.00 | 1 | | 0 | Yes | | |
| 378 | 473-3 | Carolyn Ansley | $ 9,066.67 | $ 9,066.67 | 1 | | 0 | Yes | | |
| 345 | 1501-3 | Carolyn Goins | $ 38,400.00 | $ 38,400.00 | 1 | | 0 | Yes | | |
| 396 | 1364-3 | Carolyn J Bryant | $ 75,083.00 | $ 75,083.00 | 1 | | 0 | Yes | | |
| 102 | 1300-3 | Cassondra Graff Separate Property Trust | $ 175,000.00 | $ 175,000.00 | 1 | | 0 | Yes | | |
| 234 | 928-3 | Cecil and Joanne Ward | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |

*Page 10 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 384 | 1827-3 | Chad and Lindsey Valenzuela | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | Yes | | |
| 265 | 1763-3 | Chandra Sinha | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | Yes | | |
| 465 | 579-3 | Charles A McCord and Janet E McCord | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 544 | 3133-3 | Charles J. Febel Trust | $ 100,000.00 | $ 100,000.00 | 1 | | 0 | Yes | | |
| 586 | 1485-3 | Charles S and Beth A Hall | $ 192,000.00 | $ 192,000.00 | 1 | | 0 | Yes | | |
| 483 | 3289-3 | Chen Shen | $ 163,031.94 | $ 163,031.94 | 1 | | 0 | | | |
| 183 | 1288-3 | Cherie Beck | $ 42,933.33 | $ 42,933.33 | 1 | | 0 | Yes | | |
| 501 | 3081-3 | CHING PING HU | $ 1,001,826.58 | | 0 | $ 1,001,826.58 | 1 | Yes | | |
| 327 | 446-3 | Christina A White | $ 239,333.33 | $ 239,333.33 | 1 | | 0 | Yes | | |
| 585 | 515-3 | Christina E Hite Revocable Trust | $ 63,000.00 | $ 63,000.00 | 1 | | 0 | Yes | | |
| 388 | 264-3 | CHRISTINE TAYLOR | $ 38,511.63 | $ 38,511.63 | 1 | | 0 | Yes | | |
| 35 | 3234-3 | Christopher Alan Davis | $ 21,333.33 | $ 21,333.33 | 1 | | 0 | Yes | | |
| 131 | 94-3 | Christopher Keen | $ 13,416.66 | $ 13,416.66 | 1 | | 0 | Yes | | |
| 484 | 3274-3 | Chunying Tian | $ 2,138,666.67 | $ 2,138,666.67 | 1 | | 0 | | | |
| 590 | 1189-3 | Cooperativa De Seguros Multiples | $ 2,973,558.37 | $ 2,973,558.37 | 1 | | 0 | Yes | | |
| 300 | 779-3 | Cox Family Trust | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 237 | 1234-3 | Craig Freeborn | $ 125,940.26 | $ 125,940.26 | 1 | | 0 | | | |
| 400 | 1415-3 | Craig Herring | $ 73,600.00 | $ 73,600.00 | 1 | | 0 | Yes | | |
| 254 | 1622-3 | Cynthia M Gauthier | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | | | |
| 142 | 996-3 | Dale and Michael Blanchette | $ 37,800.00 | | 0 | $ 37,800.00 | 1 | | | |
| 130 | 1516-3 | Dale Williams | $ 290,416.70 | $ 290,416.70 | 1 | | 0 | Yes | | |
| 439 | 862-3 | Damien Beach | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 18 | 332-3 | Danfan Lin | $ 1,868.25 | $ 1,868.25 | 1 | | 0 | Yes | | |
| 340 | 830-3 | Daniel M Sutch | $ 74,666.67 | $ 74,666.67 | 1 | | 0 | Yes | | |
| 262 | 775-3 | Daniel Strehlow | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | Yes | | |
| 426 | 982-3 | Darling Family Trust | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | Yes | | |
| 129 | 1334-3 | David & Emily Troutman w/ rights of survivorship | $ 213,333.33 | $ 213,333.33 | 1 | | 0 | Yes | | |
| 471 | 626-3 | David & Katherine Emanuel Revocable Trust | $ 32,077.23 | $ 32,077.23 | 1 | | 0 | Yes | | |
| 401 | 1690-3 | David and Lois Gardner, Ttees of Community Trust | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 379 | 1376-3 | David Ansley | $ 59,733.33 | $ 59,733.33 | 1 | | 0 | | | |
| 206 | 1567-3 | David B Saltzman | $ 28,450.67 | $ 28,450.67 | 1 | | 0 | Yes | | |
| 440 | 661-3 | David Ehrlich | $ 160,533.33 | $ 160,533.33 | 1 | | 0 | Yes | | |
| 376 | 731-3 | David Elkin | $ 29,134.00 | $ 29,134.00 | 1 | | 0 | Yes | | |
| 470 | 302-3 | David Emanuel & Katherine Emanuel | $ 52,628.18 | $ 52,628.18 | 1 | | 0 | | | |

Prepared by BMC Group, Inc. on 10/09/2024 11:07:48 AM ET

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 383 | 1717-3 | David G Stevans | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | | | |
| 48 | 1718-3 | David Gold | $ 53,333.34 | $ 53,333.34 | 1 | | 0 | Yes | | |
| 359 | 1660-3 | David Jones | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | | | |
| 10 | 1243-3 | David Kimble | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | Yes | | |
| 369 | 1218-3 | David M Burns Family Trust | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 469 | 609-3 | David P Emanuel | $ 187,422.77 | $ 187,422.77 | 1 | | 0 | | | |
| 128 | 1427-3 | David Troutman | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 320 | 649-3 | Debra Benveniste | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | Yes | | |
| 169 | 1294-3 | Dena Kaplan | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 20 | 710-3 | Dennis Matyja | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 109 | 1475-3 | Derek E Woods | $ 215,333.33 | $ 215,333.33 | 1 | | 0 | Yes | | |
| 281 | 283-3 | Dermot Rogers | $ 107,337.68 | $ 107,337.68 | 1 | | 0 | Yes | | |
| 14 | 1083-3 | Diane M Morin | $ 30,000.00 | $ 30,000.00 | 1 | | 0 | Yes | | |
| 428 | 357-3 | Dianne Hotmer | $ 28,450.67 | $ 28,450.67 | 1 | | 0 | Yes | | |
| 26 | 1375-3 | Dick and Karen Hummel JTWROS | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 438 | 866-3 | Dick Craig | $ 69,766.67 | $ 69,766.67 | 1 | | 0 | Yes | | |
| 115 | 813-3 | Don R and Mary S Moore | $ 215,333.33 | $ 215,333.33 | 1 | | 0 | Yes | | |
| 305 | 1806-3 | Donald J and Denese J Odermann | $ 216,000.00 | $ 216,000.00 | 1 | | 0 | | | |
| 306 | 1661-3 | Donald J Odermann | $ 522,973.33 | $ 522,973.33 | 1 | | 0 | | | |
| 386 | 423-3 | Donald Taylor | $ 66,404.58 | $ 66,404.58 | 1 | | 0 | Yes | | |
| 125 | 760-3 | Donald W Williams | $ 42,601.82 | $ 42,601.82 | 1 | | 0 | Yes | | |
| 446 | 1497-3 | Donna Davis | $ 98,444.89 | $ 98,444.89 | 1 | | 0 | Yes | | |
| 248 | 3219-3 | Donna Jones | $ 228,163.99 | $ 228,163.99 | 1 | | 0 | Yes | | |
| 127 | 1691-3 | Donna L Boyd | $ 42,933.33 | $ 42,933.33 | 1 | | 0 | Yes | | |
| 151 | 1559-3 | Donna Lou Keim | $ 52,921.05 | $ 52,921.05 | 1 | | 0 | | | |
| 348 | 945-3s | Doris A Ribali | $ 25,000.00 | | 0 | $ 25,000.00 | 1 | | | |
| 89 | 465-3 | Dorothy Dean | $ 6,708.33 | $ 6,708.33 | 1 | | 0 | Yes | | |
| 185 | 1472-3 | Dorothy Gieren | $ 92,001.59 | $ 92,001.59 | 1 | | 0 | Yes | | |
| 83 | 1362-3 | Douglas C and Marie P Hartman | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 79 | 1098-3 | Douglas Hartman | $ 25,600.00 | $ 25,600.00 | 1 | | 0 | Yes | | |
| 285 | 1248-3 | Douglas Young | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 70 | 1719-3 | Dr Alan Askinas and Mrs Nancy Askinas | $ 110,234.66 | $ 110,234.66 | 1 | | 0 | Yes | | |
| 38 | 3021-3 | Dr John W Berry | $ 163,567.99 | $ 163,567.99 | 1 | | 0 | Yes | | |
| 118 | 680-3 | Duke B Moseley III | $ 161,666.67 | $ 161,666.67 | 1 | | 0 | Yes | | |

*Page 12 of 28 pages*

23-01243-WLH11   Doc 935   Filed 10/09/24   Entered 10/09/24 14:39:18   Pg 171 of 227

| Ballot # | Claim # | Creditor Name | | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 244 | 3164-3 | Edward Bower | $ | 142,911.10 | $ 142,911.10 | 1 | | 0 | | | |
| 334 | 1085-3 | Ellen B Krasney | $ | 98,636.33 | $ 98,636.33 | 1 | | 0 | Yes | | |
| 270 | 425-3 | Ellen Rozenfeld | $ | 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 90 | 1391-3 | Emma L Quine | $ | 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 188 | 918-3 | English Living Trust Dated 9/15/17 | $ | 53,333.33 | $ 53,333.33 | 1 | | 0 | | | |
| 565 | 307-3 | Eric and Sarah Schmidt | $ | 135,170.67 | $ 135,170.67 | 1 | | 0 | Yes | | |
| 74 | 552-3 | Eric Engel | $ | 437,333.34 | $ 437,333.34 | 1 | | 0 | Yes | | |
| 633 | 288-3 | Erik Nelson | $ | 53,333.33 | | 1 | | 0 | Yes | x | Late Filed |
| 552 | 1069-3 | Eugene Schellenberger | $ | 61,546.67 | $ 61,546.67 | 1 | | 0 | | | Ballot did not mark a vote to Accept or Reject, but tabulated as an Accept vote per Paragraph 24(d) of the Solicitation Procedures Order. |
| 614 | 3242-3s | Evergreen Management Capital LLC | $ | 905,790.04 | $ 452,895.02 | 1 | | 0 | Yes | | |
| 324 | 114-3 | Faith B Abzug | $ | 101,308.51 | $ 101,308.51 | 1 | | 0 | Yes | | |
| 319 | 120-3 | Faith B Abzug Revocable Trust | $ | 303,181.16 | $ 303,181.16 | 1 | | 0 | Yes | | |
| 485 | 3295-3 | Fan Zhang | $ | 542,212.94 | $ 542,212.94 | 1 | | 0 | | | |
| 146 | 1382-3 | Feinberg Family Trust dtd 1/24/12 | $ | 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 572 | 771-3 | Fengdi Chen | $ | 263,387.05 | | 0 | $ 263,387.05 | 1 | | | |
| 49 | 102-3 | Fortune Smart (HK) International Limited | $ | 719,095.41 | $ 719,095.41 | 1 | | 0 | Yes | | |
| 612 | 477-3 | Francis Szymborski Revocable Trust | $ | 213,333.33 | $ 213,333.33 | 1 | | 0 | Yes | | |
| 239 | 1825-3 | Frank Belcastro | $ | 48,000.00 | $ 48,000.00 | 1 | | 0 | Yes | | |
| 76 | 1791-3 | Fredrick W Corwin, Jr | $ | 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 236 | 1020-3 | Gary L and Barbara A Morriss, JTWROS | $ | 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 636 | 901-3 | Gary Lind | $ | 35,200.00 | | 1 | | 0 | Yes | x | Late Filed |
| 504 | 1422-3 | Gary Sears | $ | 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 88 | 468-3 | Gene & Margie Strecker | $ | 318,666.67 | $ 318,666.67 | 1 | | 0 | Yes | | |
| 405 | 517-3 | Gennadiy Vilchik | $ | 64,000.00 | $ 64,000.00 | 1 | | 0 | Yes | | |
| 337 | 1757-3 | Gennaro Gianvito | $ | 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 144 | 1126-3 | George A Bednarz | $ | 193,333.33 | $ 193,333.33 | 1 | | 0 | Yes | | |
| 303 | 334-3 | George White | $ | 27,964.00 | $ 27,964.00 | 1 | | 0 | Yes | | |
| 261 | 498-3 | George Wittman Jr | $ | 130,608.95 | $ 130,608.95 | 1 | | 0 | Yes | | |
| 36 | 388-3 | Georges Bassous | $ | 11,656.14 | $ 11,656.14 | 1 | | 0 | Yes | | |
| 218 | 353-3 | Georgia D Troutman Rvcb Trust 06142001 | $ | 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 21 | 1740-3 | Gerald Goldman | $ | 50,000.00 | $ 50,000.00 | 1 | | 0 | Yes | | |
| 110 | 1353-3 | Gerald L Kirkpatrick | $ | 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |

Prepared by BMC Group, Inc. on 10/09/2024 11:07:48 AM ET

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 58 | 427-3 | Gerald Larue | $ 5,333.33 | $ 5,333.33 | 1 | | 0 | Yes | | |
| 571 | 415-3 | Giancarlo and Daphne Andreani | $ 26,977.70 | $ 26,977.70 | 1 | | 0 | Yes | | |
| 280 | 1031-3 | Gillian Mary Krusing | $ 112,000.00 | $ 112,000.00 | 1 | | 0 | Yes | | |
| 108 | 651-3 | Gordan R Toedman | $ 138,666.67 | $ 138,666.67 | 1 | | 0 | Yes | | |
| 473 | 1634-3 | Graeme L Hudson | $ 28,450.67 | $ 28,450.67 | 1 | | 0 | Yes | | |
| 101 | 1298-3 | Graff Family Trust UAD 11/29/99 | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 395 | 599-3 | Gregory and Jamie Atwood | $ 256,000.00 | $ 256,000.00 | 1 | | 0 | Yes | | |
| 216 | 1749-3 | Gregory Bubb | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 40 | 538-3 | Guifang Wang | $ 126,732.95 | $ 126,732.95 | 1 | | 0 | Yes | | |
| 486 | 3262-3 | Haiyan Li | $ 457,696.10 | $ 457,696.10 | 1 | | 0 | | | |
| 624 | 256-3 | Halcyon PI, LLC | $ 53,333.33 | | 1 | | 0 | Yes | x | Late Filed |
| 626 | 261-3 | Halcyon Retirement Trust | $ 373,333.33 | | 1 | | 0 | Yes | x | Late Filed |
| 366 | 1831-3 | Hannah Eagle | $ 82,112.83 | $ 82,112.83 | 1 | | 0 | Yes | | |
| 312 | 1056-3 | Harold J Molloy | $ 86,200.00 | $ 86,200.00 | 1 | | 0 | Yes | | |
| 536 | 1670-3 | Hema and Vimal Shah | $ 114,081.99 | $ 114,081.99 | 1 | | 0 | Yes | | |
| 620 | 280-3 | Henry G Taylor | $ 629,379.17 | $ 629,379.17 | 1 | | 0 | Yes | | |
| 402 | 1625-3 | Herman Avila | $ 50,000.00 | | 0 | $ 50,000.00 | 1 | | | |
| 99 | 501-3 | Hilton R Miller | $ 495,061.81 | $ 495,061.81 | 1 | | 0 | Yes | | |
| 41 | 718-3 | Hong Li | $ 555,147.10 | $ 555,147.10 | 1 | | 0 | Opt | | |
| 278 | 490-3 | Howard and Laurie Lazoff | $ 221,404.80 | $ 221,404.80 | 1 | | 0 | Yes | | |
| 246 | 1819-3 | Hua Wang | $ 441,528.53 | $ 441,528.53 | 1 | | 0 | Yes | | |
| 330 | 1207-3 | Huy T and Heather Mai | $ 32,200.00 | $ 32,200.00 | 1 | | 0 | Yes | | |
| 582 | 1659-3 | Irmgard Worden | $ 103,666.67 | $ 53,668.00 | 1 | | 0 | Yes | | |
| 561 | 432-3 | J Kipp Wall | $ 160,698.67 | $ 160,698.67 | 1 | | 0 | Yes | | |
| 548 | 508-3 | J. Michael Fitzpatrick | $ 43,169.33 | $ 43,169.33 | 1 | | 0 | Yes | | |
| 111 | 1811-3 | Jack A Olmstead Trust dtd 3/1/2005 | $ 315,000.00 | $ 315,000.00 | 1 | | 0 | Yes | | |
| 230 | 1539-3 | Jack and Sharon Nowlin | $ 43,200.00 | $ 43,200.00 | 1 | | 0 | Yes | | |
| 158 | 1179-3 | Jack G Prevost | $ 538,000.00 | $ 538,000.00 | 1 | | 0 | Yes | | |
| 594 | 1284-3 | Jacob J Ruden | $ 46,666.67 | $ 46,666.67 | 1 | | 0 | Yes | | |
| 432 | 838-3 | Jairo A Estrada | $ 783,000.00 | $ 783,000.00 | 1 | | 0 | Yes | | |
| 431 | 839-3 | Jairo A Estrada CGM Profit Sharing Plan | $ 752,666.67 | $ 752,666.67 | 1 | | 0 | Yes | | |
| 365 | 411-3 | Jake Eagle | $ 70,400.00 | $ 70,400.00 | 1 | | 0 | Yes | | |
| 27 | 924-3 | James A Frandsen | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 219 | 291-3 | James and Anna Halikas | $ 112,471.02 | $ 112,471.02 | 1 | | 0 | Yes | | |

*Page 14 of 28 pages*

23-01243-WLH11 Doc 935 Filed 09/06/25 Entered 09/10/25 14:19:18 Pg 173 of 227

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 350 | 394-3 | James and Martha Manion | $ 69,333.33 | $ 69,333.33 | 1 | | 0 | | | Ballot did not mark a vote to Accept or Reject, but tabulated as an Accept vote per Paragraph 24(d) of the Solicitation Procedures Order. |
| 192 | 1330-3 | James B Baldwin | $ 106,666.66 | $ 106,666.66 | 1 | | 0 | | | |
| 193 | 406-3 | James Baldwin Family Trust | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | | | |
| 338 | 1814-3 | James C Crafton TOD | $ 53,000.00 | $ 53,000.00 | 1 | | 0 | | | |
| 120 | 1476-3 | James C Schmitz Revocable Trust | $ 324,000.00 | $ 324,000.00 | 1 | | 0 | Yes | | |
| 256 | 480-3 | James C. Johnson | $ 80,000.00 | $ 80,000.00 | 1 | | 0 | Yes | | |
| 28 | 308-3 | James D Bohri | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 273 | 979-3 | James Humphrey | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | | | |
| 190 | 1666-3 | James M Healey | $ 27,000.00 | $ 27,000.00 | 1 | | 0 | | | |
| 87 | 605-3 | James M Marzec and Marcia S Marzec | $ 193,693.16 | $ 193,693.16 | 1 | | 0 | Yes | | |
| 267 | 944-3 | James Maczko | $ 274,233.33 | $ 274,233.33 | 1 | | 0 | Yes | | |
| 259 | 644-3 | James Mark | $ 394,680.86 | $ 394,680.86 | 1 | | 0 | Yes | | |
| 260 | 897-3 | James Mark Jr & Elizabeth Mark | $ 3,023.21 | $ 3,023.21 | 1 | | 0 | Yes | | |
| 422 | 1508-3 | James P Sheridan and Helaine M Sheridan | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 466 | 115-3 | James W Lewert | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 562 | 1423-3 | Jamie Butler | $ 12,403.38 | $ 12,403.38 | 1 | | 0 | Yes | | |
| 474 | 572-3 | Jan Button-Minton and Robert P Minton JTWROS | $ 26,978.52 | $ 26,978.52 | 1 | | 0 | Yes | | |
| 200 | 1398-3 | Jan J and Marsha L Klodner | $ 128,000.00 | $ 128,000.00 | 1 | | 0 | Yes | | |
| 104 | 359-3 | Janelle F Ouellette | $ 112,000.00 | $ 112,000.00 | 1 | | 0 | Yes | | |
| 59 | 112-3 | Janine R Sterritt | $ 115,000.00 | $ 115,000.00 | 1 | | 0 | Yes | | |
| 194 | 3177-3 | Jason S. Berg | $ 118,603.34 | $ 118,603.34 | 1 | | 0 | Yes | | |
| 141 | 1624-3 | Jean and Robert Vestal | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | Yes | | |
| 370 | 585-3 | Jean D Coffman | $ 6,708.33 | $ 6,708.33 | 1 | | 0 | Yes | | |
| 179 | 1505-3 | Jeanne Ricotta | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 311 | 1479-3 | Jeffrey A Kaplan | $ 140,066.67 | $ 140,066.67 | 1 | | 0 | Yes | | |
| 301 | 1280-3 | Jeffrey and Diana Brady | $ 215,333.33 | $ 215,333.33 | 1 | | 0 | Yes | | |
| 447 | 1593-3 | Jeffrey Gramm | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 419 | 89-3 | Jeffrey Hittner | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 584 | 1560-3 | Jeffrey J Bradley | $ 80,666.67 | $ 80,666.67 | 1 | | 0 | Yes | | |
| 393 | 1796-3 | Jeffrey R and Patricia A Sermersheim | $ 100,000.00 | $ 100,000.00 | 1 | | 0 | Yes | | |
| 564 | 1588-3 | Jeremy W Funkhouser and Andrea M Sanfilippo | $ 80,666.67 | $ 80,666.67 | 1 | | 0 | Yes | | |
| 408 | 103-3 | Jerome and Anastasia Angel Intervivos | $ 533,333.33 | $ 533,333.33 | 1 | | 0 | Yes | | |

*Page 15 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 274 | 1829-3 | Jerry Anderson and Sharon Eriksson | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | | | |
| 249 | 1244-3 | Jerry Monarch | $ 51,893.33 | $ 51,893.33 | 1 | | 0 | | | |
| 297 | 376-3 | Jerry W Smith | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 174 | 1324-3 | Jesse and Rhoda Abzug | $ 146,666.67 | $ 146,666.67 | 1 | | 0 | Yes | | |
| 175 | 652-3 | Jesse L Abzug | $ 115,215.28 | $ 115,215.28 | 1 | | 0 | Yes | | |
| 487 | 3248-3 | Jia Lu | $ 294,594.79 | $ 294,594.79 | 1 | | 0 | | | |
| 272 | 230-3 | Jianlin Fu | $ 15,881.46 | $ 15,881.46 | 1 | | 0 | Yes | | |
| 288 | 454-3 | Jiaying Zheng | $ 199,457.36 | $ 199,457.36 | 1 | | 0 | Yes | | |
| 223 | 781-3 | Jiazhu Li | $ 656,483.30 | $ 656,483.30 | 1 | | 0 | | | |
| 390 | 274-3 | Jill R Santangelo Living Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 232 | 557-3 | Jingying Lou | $ 27,227.13 | $ 27,227.13 | 1 | | 0 | Yes | | |
| 601 | 258-3 | Joan Parman | $ 141,310.23 | $ 141,310.23 | 1 | | 0 | Yes | | |
| 523 | 1247-3 | JoAnn Amick and Richard Amick JTWROS | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 490 | 704-3 | Joanne Owens-Peck | $ 24,523.08 | $ 24,523.08 | 1 | | 0 | Yes | | |
| 251 | 844-3 | Joe and Tammy Jones | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 250 | 617-3 | Joe Jones | $ 65,268.35 | $ 65,268.35 | 1 | | 0 | Yes | | |
| 55 | 1794-3 | Joe Kanner | $ 57,040.00 | $ 57,040.00 | 1 | | 0 | Yes | | |
| 352 | 1807-3 | John and Judith McClellan | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 463 | 702-3 | John and Judy Frazier | $ 64,127.14 | $ 64,127.14 | 1 | | 0 | Yes | | |
| 353 | 324-3 | John and Ruth Payne | $ 53,333.34 | $ 53,333.34 | 1 | | 0 | Yes | | |
| 625 | 336-3 | John Ariko | $ 160,000.00 | | 1 | | 0 | Yes | x | Late Filed |
| 354 | 1360-3 | John B Phillips | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 595 | 628-3 | John Brindisi | $ 24,512.01 | $ 24,512.01 | 1 | | 0 | Yes | | |
| 420 | 1647-3 | John F Hogan | $ 242,166.66 | $ 242,166.66 | 1 | | 0 | Yes | | |
| 138 | 1536-3 | John F Sullivan Revocable Trust UTAD 4/20/2000 | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 433 | 845-3 | John H Carlson | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 114 | 1018-3 | John J Wilbert | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 441 | 636-3 | John K Goodnow and Lucille Goodnow | $ 401,052.75 | $ 401,052.75 | 1 | | 0 | Yes | | |
| 298 | 774-3 | John Kaiser | $ 106,000.00 | $ 106,000.00 | 1 | | 0 | Yes | | |
| 257 | 512-3 | John L Malisia Revocable Trust Dtd. Dec 17, 2020 | $ 40,645.16 | $ 40,645.16 | 1 | | 0 | Yes | | |
| 540 | 1558-3 | John M Sager | $ 64,800.00 | $ 64,800.00 | 1 | | 0 | Yes | | |
| 62 | 786-3 | John Paul Reid | $ 53,313.35 | $ 53,313.35 | 1 | | 0 | Yes | | |
| 168 | 1028-3 | John S Schoppe | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 435 | 1160-3 | John Stanley Quantrill | $ 74,666.67 | $ 74,666.67 | 1 | | 0 | Yes | | |

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 152 | 1502-3 | Jon M and Helen C Johnston, JTWROS | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 31 | 696-3 | Jonathan Sarna | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 563 | 1615-3 | Jose A Rodriguez-Ruiz and Maria Munarch | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 91 | 990-3 | Joseph and Karen Santone | $ 30,625.63 | $ 30,625.63 | 1 | | 0 | Yes | | |
| 516 | 1537-3 | Joseph E Kuhn and Charlotte G Kuhn | $ 105,600.00 | $ 105,600.00 | 1 | | 0 | Yes | | |
| 29 | 1405-3 | Joseph Sanfilippo | $ 600,000.00 | $ 600,000.00 | 1 | | 0 | Yes | | |
| 414 | 695-3 | Judith A Burns Revocable Trust dtd 12/28/09 | $ 20,672.29 | | 0 | $ 20,672.29 | 1 | | | |
| 606 | 733-3 | Judith Espinar | $ 243,190.71 | $ 243,190.71 | 1 | | 0 | Yes | | |
| 208 | 1568-3 | Judith Fabricant | $ 110,234.66 | $ 110,234.66 | 1 | | 0 | Yes | | |
| 500 | 1406-3 | Judith M Green | $ 376,333.33 | $ 376,333.33 | 1 | | 0 | | | |
| 551 | 546-3 | Julie A Coombs-Tupper Family Trust | $ 206,664.38 | $ 206,664.38 | 1 | | 0 | | | |
| 555 | 116-3 | Julie Coombs-Tupper | $ 390,549.31 | $ 390,549.31 | 1 | | 0 | | | |
| 202 | 438-3 | Julie Roberts | $ 28,450.67 | $ 28,450.67 | 1 | | 0 | Yes | | |
| 1 | 522-3 | Jun Shen | $ 38,123.87 | $ 38,123.87 | 1 | | 0 | Yes | | |
| 50 | 532-3 | Junming Chen | $ 825,848.05 | $ 825,848.05 | 1 | | 0 | Yes | | |
| 335 | 562-3 | Karen McAllister | $ 80,000.00 | $ 80,000.00 | 1 | | 0 | Yes | | |
| 191 | 1601-3 | Karolee Kassner-Samac | $ 27,000.00 | $ 27,000.00 | 1 | | 0 | | | |
| 362 | 606-3 | Katherine S Dean | $ 6,708.33 | $ 6,708.33 | 1 | | 0 | Yes | | |
| 458 | 269-3 | Kathryn Hecht | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 291 | 3121-3 | Kay L Delgado | $ 292,000.00 | $ 292,000.00 | 1 | | 0 | Yes | | |
| 488 | 3276-3 | Ke ren | $ 329,500.94 | $ 329,500.94 | 1 | | 0 | | | |
| 411 | 1532-3 | Keith A Riegelsberger | $ 398,682.14 | $ 398,682.14 | 1 | | 0 | Yes | | |
| 80 | 656-3 | Keith A Wilson | $ 260,138.11 | $ 260,138.11 | 1 | | 0 | Yes | | |
| 444 | 107-3 | Kelle Tyson | $ 56,994.35 | $ 56,994.35 | 1 | | 0 | | | |
| 12 | 853-3 | Kenneth and Juliana Barrow | $ 160,000.00 | $ 160,000.00 | 1 | | 0 | Yes | | |
| 23 | 958-3 | Kenneth and Patricia Cason | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 271 | 1221-3 | Kenneth G and Carla M Stevens | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 494 | 734-3 | Kenneth L Michaelis & Elaine A Michaelis | $ 57,205.48 | $ 57,205.48 | 1 | | 0 | Yes | | |
| 139 | 1015-3 | Kenneth Rochen | $ 85,958.77 | $ 85,958.77 | 1 | | 0 | Yes | | |
| 159 | 1354-3 | Kent Charboneau | $ 268,333.33 | $ 268,333.33 | 1 | | 0 | Yes | | |
| 413 | 429-3 | Kerry M Golds and Derek C Mazique | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 514 | 1600-3 | Kevin J Pouche | $ 90,000.00 | $ 90,000.00 | 1 | | 0 | Yes | | |
| 308 | 681-3 | Kevin M Medeiros | $ 32,400.00 | $ 32,400.00 | 1 | | 0 | Yes | | |
| 371 | 1597-3 | Kevin M West | $ 114,240.00 | $ 114,240.00 | 1 | | 0 | Yes | | |

*Page 17 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 418 | 1675-3s | Kevin Summa | $ 25,000.00 | $ 25,000.00 | 1 | | 0 | Yes | | |
| 61 | 1541-3 | Kirk D Hartman | $ 352,272.00 | $ 352,272.00 | 1 | | 0 | Yes | | |
| 567 | 804-3 | Kriston Tretton | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 508 | 3249-3 | Kun Wang | $ 1,356,160.60 | $ 1,356,160.60 | 1 | | 0 | | | |
| 580 | 382-3 | Kuo Zhong | $ 579,159.39 | | 0 | $ 579,159.39 | 1 | | | |
| 57 | 1202-3 | Kurt R Baldry | $ 87,708.20 | $ 87,708.20 | 1 | | 0 | Yes | | |
| 417 | 802-3 | Larry E and Rita S Vest (JTWROS) | $ 323,333.33 | $ 323,333.33 | 1 | | 0 | Yes | | |
| 374 | 1424-3 | Larry Hahn | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 434 | 613-3 | Larry McCord | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 7 | 1429-3 | Larry W Hairgrove | $ 403,493.33 | $ 403,493.33 | 1 | | 0 | Yes | | |
| 381 | 1282-3 | Laura M Stevens | $ 107,666.67 | $ 107,666.67 | 1 | | 0 | Yes | | |
| 430 | 1328-3 | LAWRENCE E MAGEE | $ 168,396.90 | $ 168,396.90 | 1 | | 0 | Yes | | |
| 404 | 109-3 | Leandro C & Teresita V Centenera | $ 319,469.97 | $ 319,469.97 | 1 | | 0 | Yes | | |
| 613 | 848-3 | Leslie D Gardner | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 510 | 3250-3 | Li Tan | $ 1,295,990.78 | $ 1,295,990.78 | 1 | | 0 | | | |
| 502 | 1547-3 | Linda E Smedberg Trust Number 01E47 | $ 74,666.67 | $ 74,666.67 | 1 | | 0 | Yes | | |
| 124 | 624-3 | Linda J Williams | $ 224,271.83 | $ 224,271.83 | 1 | | 0 | Yes | | |
| 209 | 1027-3 | Linda Olson-Schoppe | $ 134,166.67 | $ 134,166.67 | 1 | | 0 | | | |
| 245 | 750-3 | Ling Luo | $ 71,143.36 | $ 71,143.36 | 1 | | 0 | | | |
| 263 | 428-3 | Lingyi Zhong | $ 10,219.10 | $ 10,219.10 | 1 | | 0 | Yes | | |
| 509 | 3284-3 | Linji Sun | $ 12,927,604.48 | $ 12,927,604.48 | 1 | | 0 | | | |
| 459 | 3236-3 | Liyun Jin | $ 1,545.66 | $ 1,545.66 | 1 | | 0 | | | |
| 286 | 1826-3s | Lizheng Sun | $ 582,500.00 | $ 582,500.00 | 1 | | 0 | Yes | | |
| 24 | 1518-3 | Loren F Halverson | $ 73,600.00 | $ 73,600.00 | 1 | | 0 | Yes | | |
| 333 | 1713-3 | Lori Youngberg | $ 107,333.34 | $ 107,333.34 | 1 | | 0 | Yes | | |
| 640 | 1267-3 | Lorin D Ronnow | $ 218,305.09 | | 1 | | 0 | Yes | x | Late Filed |
| 623 | 327-3 | Lorraine Kulpa | $ 73,600.00 | | 1 | | 0 | Yes | x | Late Filed |
| 336 | 1283-3 | Louis C Mitchell Jr | $ 162,666.67 | $ 162,666.67 | 1 | | 0 | Yes | | |
| 556 | 631-3 | Lowell Family Trust | $ 318,611.83 | $ 318,611.83 | 1 | | 0 | Yes | | |
| 579 | 87-3 | Lu Gao | $ 131,277.57 | | 0 | $ 131,277.57 | 1 | | | |
| 22 | 641-3 | Lynne R Levin Revocable Trust U/A 09/19/2012 | $ 213,333.34 | $ 213,333.34 | 1 | | 0 | Yes | | |
| 177 | 1641-3s | Madronica Clarke | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 450 | 443-3 | Mallory Revocable Trust | $ 61,528.05 | $ 61,528.05 | 1 | | 0 | Yes | | |

*Page 18 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 553 | 1070-3 | Margaret Schellenberger | $ 88,533.33 | $ 88,533.33 | 1 | | 0 | | | Ballot did not mark a vote to Accept or Reject, but tabulated as an Accept vote per Paragraph 24(d) of the Solicitation Procedures Order. |
| 587 | 1060-3 | Marilyn J Varcoe | $ 37,700.00 | $ 37,700.00 | 1 | | 0 | | | |
| 276 | 566-3 | Mark and Elaine Gershenson | $ 80,000.00 | $ 80,000.00 | 1 | | 0 | Yes | | |
| 224 | 743-3 | Mark and Judith Stolnitz | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | Yes | | |
| 153 | 1452-3 | Mark and Linda Moulding | $ 113,988.68 | $ 113,988.68 | 1 | | 0 | Yes | | |
| 581 | 1367-3 | Mark and Monique Sullivan | $ 81,000.00 | $ 81,000.00 | 1 | | 0 | Yes | | |
| 559 | 1368-3 | Mark and Monique Sullivan Trust UAD 08/28/14 | $ 291,666.67 | $ 291,666.67 | 1 | | 0 | | | |
| 592 | 764-3 | Mark Borenstein | $ 379,346.71 | | 0 | $ 379,346.71 | 1 | Yes | | |
| 277 | 1216-3 | Mark D Gershenson | $ 85,352.00 | $ 85,352.00 | 1 | | 0 | Yes | | |
| 436 | 1091-3 | Mark Hadenfeldt | $ 79,646.36 | $ 79,646.36 | 1 | | 0 | Yes | | |
| 140 | 267-3 | Marlana Rochen | $ 52,533.10 | $ 52,533.10 | 1 | | 0 | Yes | | |
| 112 | 273-3 | Martin F Stone | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 113 | 503-3 | Martin Frederick Stone Revocable Trust | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 3 | 1252-3 | Martin T Sorge | $ 50,000.00 | $ 50,000.00 | 1 | | 0 | Yes | | |
| 355 | 1745-3 | Marvin L and Laurel A Rode | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 68 | 535-3 | Mary Brady | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 279 | 289-3 | Mary D Kemper | $ 6,708.33 | $ 6,708.33 | 1 | | 0 | Yes | | |
| 136 | 627-3 | Mary H Breen | $ 106,000.00 | $ 106,000.00 | 1 | | 0 | Yes | | |
| 397 | 1331-3 | Mary Jane and Thomas D Sullivan | $ 42,666.67 | $ 42,666.67 | 1 | | 0 | Yes | | |
| 599 | 640-3 | Maureen H Hall | $ 76,800.00 | $ 76,800.00 | 1 | | 0 | Yes | | |
| 165 | 1492-3 | Maureen H McNeil | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 264 | 1764-3 | Maya Sinha | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | Yes | | |
| 638 | 322-3 | Meifang Pan | $ 305,851.30 | | 1 | | 0 | Yes | x | Late Filed |
| 492 | 316 | MGSM Holdings LLC | $ 566,212.50 | $ 566,212.50 | 1 | | 0 | Yes | | |
| 45 | 1514-3 | Michael A Adelizzi | $ 31,008.44 | $ 31,008.44 | 1 | | 0 | Yes | | |
| 73 | 275-3 | Michael A Germana | $ 52,500.00 | $ 52,500.00 | 1 | | 0 | Yes | | |
| 160 | 1355-3 | Michael Charboneau | $ 268,333.33 | $ 268,333.33 | 1 | | 0 | Yes | | |
| 282 | 539-3 | Michael Cole | $ 81,000.00 | $ 81,000.00 | 1 | | 0 | Yes | | |
| 235 | 916-3 | Michael D and Marilynn Chance | $ 42,933.33 | $ 42,933.33 | 1 | | 0 | Yes | | |
| 367 | 1278-3 | Michael D Wesdell | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 71 | 1030-3 | Michael E Flusche | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 8 | 732-3 | Michael Garloch | $ 68,900.00 | $ 68,900.00 | 1 | | 0 | Yes | | |

*Page 19 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 622 | 3238-3 | Michael Hassebrock | $ 149,539.30 | | 1 | | 0 | Yes | x | Late Filed |
| 619 | 343-3 | Michael Insler | $ 85,333.33 | $ 85,333.33 | 1 | | 0 | Yes | | |
| 389 | 885-3 | Michael J Cada | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 105 | 698-3 | Michael J Wittman and Mary Jo Wittman | $ 608,752.05 | $ 608,752.05 | 1 | | 0 | Yes | | |
| 137 | 1272-3 | Michael Kuhn | $ 55,786.67 | $ 55,786.67 | 1 | | 0 | Yes | | |
| 149 | 852-3 | Michael M Phillips | $ 62,106.67 | $ 62,106.67 | 1 | | 0 | Yes | | |
| 588 | 424-3 | Michael Szymborski | $ 160,000.00 | $ 160,000.00 | 1 | | 0 | Yes | | |
| 605 | 366-3 | Michael Uhle | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 178 | 1296-3 | Michael V Bradley | $ 204,953.24 | $ 204,953.24 | 1 | | 0 | Yes | | |
| 403 | 1176-3 | Michael W and Debbie L Hanna Family Trust | $ 139,533.33 | $ 139,533.33 | 1 | | 0 | Yes | | |
| 364 | 377-3 | Mickey and Ruth Dodds | $ 127,150.50 | $ 127,150.50 | 1 | | 0 | Yes | | |
| 639 | 3138-3 | Mika Tominaga | $ 13,177.44 | | 1 | | 0 | Yes | x | Late Filed |
| 511 | 3292-3 | Ming Li | $ 199,950.16 | $ 199,950.16 | 1 | | 0 | | | |
| 576 | 1103-3 | Mingyi Hu | $ 9,633,023.69 | | 0 | $ 9,633,023.69 | 1 | | | |
| 449 | 602-3 | Mitchell Willis | $ 45,913.00 | $ 45,913.00 | 1 | | 0 | Yes | | |
| 347 | 595-3 | Mona Asher | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 462 | 3114-3 | Monica C. Wehby | $ 100,000.00 | $ 100,000.00 | 1 | | 0 | Yes | | |
| 583 | 1369-3 | Monique Sullivan | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 247 | 729-3 | Morrie G Gold | $ 110,234.66 | $ 110,234.66 | 1 | | 0 | Yes | | |
| 182 | 1112-3 | Mutchnik Liquidity, LLC | $ 319,000.00 | $ 319,000.00 | 1 | | 0 | Yes | | |
| 635 | 1107-3 | Myla Lind | $ 66,133.33 | | 1 | | 0 | Yes | x | Late Filed |
| 161 | 997-3 | Nancy C Molvig | $ 20,672.29 | $ 20,672.29 | 1 | | 0 | Yes | | |
| 302 | 314-3 | Nancy Mehler | $ 27,964.00 | $ 27,964.00 | 1 | | 0 | Yes | | |
| 171 | 255-3 | Naomi Ruth Stone 1993 Living Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 499 | 1255-3 | Nelson N Peck, Jr | $ 164,519.13 | $ 164,519.13 | 1 | | 0 | Yes | | |
| 577 | 3139-3 | New Vision Trust Custodian FBO Angela Warm IRA #05 | $ 52,625.00 | $ 52,625.00 | 1 | | 0 | Yes | | |
| 77 | 1703-3 | Nicholas Flumara Charitable Remainder Trust | $ 114,939.00 | $ 114,939.00 | 1 | | 0 | Yes | | |
| 394 | 292-3 | Nicholas Harshfield | $ 27,269.80 | $ 27,269.80 | 1 | | 0 | Yes | | |
| 65 | 542-3 | Nicole Kidd | $ 27,400.62 | $ 27,400.62 | 1 | | 0 | Yes | | |
| 368 | 707-3 | Nora Hansen | $ 131,200.00 | $ 131,200.00 | 1 | | 0 | Yes | | |
| 538 | 3210-3 | Noreen E. Burns | $ 10,336.15 | $ 10,336.15 | 1 | | 0 | Yes | | |
| 189 | 1533-3 | Norman Cole | $ 22,969.21 | $ 22,969.21 | 1 | | 0 | Yes | | |
| 593 | 1728-3 | Oscar Hernandez Lopez Retirement Plan | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |

*Page 20 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 543 | 1414-3 | Padma J Thakrar | $ 65,659.91 | $ 65,659.91 | 1 | | 0 | Yes | | |
| 269 | 1637-3 | Pamela B Adelman Declaration of Trust | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 415 | 909-3 | Pamela M Neville Revocable Trust dtd 12/28/13 | $ 20,672.29 | | 0 | $ 20,672.29 | 1 | | | |
| 199 | 821-3 | Pamela Zapffe | $ 129,600.00 | $ 129,600.00 | 1 | | 0 | | | |
| 85 | 1196-3 | Patricia A Whitaker | $ 443,200.00 | $ 443,200.00 | 1 | | 0 | Yes | | |
| 203 | 1209-3 | Patricia L Pauls | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 187 | 956-3 | Patricia M Menendez | $ 42,933.33 | $ 42,933.33 | 1 | | 0 | Yes | | |
| 241 | 1148-3 | Patricia Murray Reardon Revocable Trust | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 608 | 1090-3 | Patricia O`Brien Taylor Revocable Living Trust | $ 16,626.72 | $ 16,626.72 | 1 | | 0 | Yes | | |
| 37 | 451-3 | Patrick Obeid | $ 5,839.99 | $ 5,839.99 | 1 | | 0 | Yes | | |
| 195 | 645-3 | Patrick Payne | $ 362,666.67 | $ 362,666.67 | 1 | | 0 | Yes | | |
| 339 | 467-3 | Paul & Regina Gurtler | $ 53,000.00 | $ 53,000.00 | 1 | | 0 | Yes | | |
| 43 | 1397-3 | Paul and Judith V Hambelton | $ 44,280.00 | $ 44,280.00 | 1 | | 0 | Yes | | |
| 346 | 667-3 | Paul D Stone | $ 77,866.67 | $ 77,866.67 | 1 | | 0 | Yes | | |
| 252 | 1413-3 | Paul E and Chillys E Case | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | | | |
| 30 | 964-3 | Paul E and Phyllis B Rudolph | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 361 | 683-3 | Paul G Miele | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 231 | 279-3 | Paul J Wong | $ 108,450.67 | $ 108,450.67 | 1 | | 0 | Yes | | |
| 95 | 1493-3 | Paul M and Maureen F McNeil | $ 50,000.00 | $ 50,000.00 | 1 | | 0 | Yes | | |
| 96 | 1494-3 | Paul M McNeil | $ 75,000.00 | $ 75,000.00 | 1 | | 0 | Yes | | |
| 491 | 3182-3 | Paul Weiss | $ 209,494.83 | $ 209,494.83 | 1 | | 0 | Yes | | |
| 240 | 1408-3 | Paul Zerr | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 513 | 3251-3 | Ping Zhang | $ 1,284,112.19 | $ 1,284,112.19 | 1 | | 0 | | | |
| 452 | 3131-3 | Qianxi Fan | $ 54,156.40 | $ 54,156.40 | 1 | | 0 | | | |
| 97 | 104-3 | Qingxiao Jiang | $ 1,656,186.87 | $ 1,656,186.87 | 1 | | 0 | Yes | | |
| 515 | 3252-3 | Qiong Huang | $ 253,658.49 | $ 253,658.49 | 1 | | 0 | | | |
| 119 | 969-3 | Radley D Pearsall | $ 431,000.00 | $ 431,000.00 | 1 | | 0 | Yes | | |
| 116 | 970-3 | Radley D Pearsall Premarital Trust 1/1/02 | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 81 | 589-3 | Rae Jean Wilson Revocable Living Trust | $ 26,500.00 | $ 26,500.00 | 1 | | 0 | Yes | | |
| 382 | 842-3 | Raida Rabah | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | | | |
| 284 | 1215-3 | Rajul R Shah | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | | | |
| 453 | 3233-3 | RALPH J DI BARI IRREVOCABLE TRUST | $ 21,466.67 | $ 21,466.67 | 1 | | 0 | | | |
| 328 | 3158-3 | Rance & Kaye G. Borderick as Joint Tenants with | $ 52,500.00 | $ 52,500.00 | 1 | | 0 | | | |
| 596 | 919-3 | Randal and Debora Snow | $ 160,000.00 | $ 160,000.00 | 1 | | 0 | | | |

*Page 21 of 28 pages*

23-01243-WLH11   Doc 935   Filed 09/09/25   Entered 09/09/25 14:39:18   Pg 180 of 227

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 123 | 1291-3 | Randall D Einhorn Trust dtd 9/6/02 | $ 35,917.33 | $ 35,917.33 | 1 | | 0 | Yes | | |
| 503 | 1656-3 | Randy Chambers | $ 85,333.33 | $ 85,333.33 | 1 | | 0 | Yes | | |
| 429 | 920-3 | Razaullah Khwaja and Pamela Scott | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 107 | 547-3 | Reginald Roorda | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 46 | 312-3 | Reich Family Trust | $ 106,666.66 | $ 106,666.66 | 1 | | 0 | | | |
| 427 | 1106-3 | Revocable Trust of William D MacAleer | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | | | |
| 472 | 537-3 | Rex C Tanner | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | | | |
| 176 | 662-3 | Rhoda Abzug | $ 51,875.82 | $ 51,875.82 | 1 | | 0 | Yes | | |
| 163 | 653-3 | Richard A Barnes | $ 157,570.06 | $ 157,570.06 | 1 | | 0 | Yes | | |
| 299 | 459-3 | Richard A Fenters, DMD | $ 106,000.00 | $ 106,000.00 | 1 | | 0 | Yes | | |
| 316 | 981-3 | Richard and Cheryl Shadick JTWROS | $ 85,352.00 | $ 85,352.00 | 1 | | 0 | Yes | | |
| 618 | 340-3 | Richard Anslow Living Trust | $ 181,333.33 | $ 181,333.33 | 1 | | 0 | Yes | | |
| 372 | 1124-3 | Richard E Wintermantel Revocable Trust | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 332 | 1772-3 | Richard Foster Thomas | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 228 | 684-3 | Richard L Fleck | $ 93,588.26 | $ 93,588.26 | 1 | | 0 | Yes | | |
| 307 | 1165-3 | Richard N Kaplan | $ 129,600.00 | $ 129,600.00 | 1 | | 0 | Yes | | |
| 103 | 1299-3 | Richard P Graff | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 329 | 846-3 | Richard R Rothe | $ 215,333.33 | $ 215,333.33 | 1 | | 0 | Yes | | |
| 356 | 1473-3 | Richard Sullivan | $ 61,334.39 | $ 61,334.39 | 1 | | 0 | Yes | | |
| 481 | 720-3 | Richard Wigand | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 468 | 1577-3 | Rita F Tanner | $ 179,855.04 | $ 179,855.04 | 1 | | 0 | Yes | | |
| 398 | 814-3 | Rita Millwee | $ 25,093.33 | $ 25,093.33 | 1 | | 0 | Yes | | |
| 295 | 1746-3 | Robbins Family Revocable Living Trust | $ 45,940.97 | $ 45,940.97 | 1 | | 0 | Yes | | |
| 416 | 873-3 | Robert A Kapuscinski | $ 256,000.00 | $ 256,000.00 | 1 | | 0 | Yes | | |
| 5 | 262-3 | Robert Austin | $ 50,000.00 | $ 50,000.00 | 1 | | 0 | Yes | | |
| 198 | 1551-3 | Robert C and Vicki A Johnson | $ 684,369.46 | $ 684,369.46 | 1 | | 0 | Yes | | |
| 197 | 1552-3 | Robert C Johnson | $ 213,333.33 | $ 213,333.33 | 1 | | 0 | Yes | | |
| 373 | 1199-3 | Robert D Finfrock 2001 Trust UAD 4/11/2001 | $ 280,000.00 | $ 280,000.00 | 1 | | 0 | Yes | | |
| 147 | 1575-3 | Robert E Mecca | $ 242,005.72 | $ 242,005.72 | 1 | | 0 | Yes | | |
| 33 | 123-3 | Robert Hunter | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 100 | 569-3 | Robert J Ouellette | $ 67,200.36 | $ 67,200.36 | 1 | | 0 | Yes | | |
| 457 | 1271-3 | Robert James Dumais | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 598 | 321-3 | Robert Lawrence | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 496 | 488-3 | Robert Moloney and Greta Moloney | $ 145,407.21 | $ 145,407.21 | 1 | | 0 | Yes | | |

*Page 22 of 28 pages*

24-01303-WLH11    Doc 355    Filed 10/09/24    Entered 10/09/24 14:39:18    Pg 181 of 228

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 1099-3 | Robert Patton | $ 106,666.66 | $ 106,666.66 | 1 | | 0 | Yes | | |
| 507 | 913-3 | Robert R Harvey | $ 160,000.00 | $ 160,000.00 | 1 | | 0 | Yes | | |
| 475 | 1766-3 | Robert Schechter Revocable Trust dtd 12/20/1995 | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 609 | 1322-3 | Robert Szymborski | $ 160,000.00 | $ 160,000.00 | 1 | | 0 | Yes | | |
| 258 | 1545-3 | Robert W Alfini | $ 1,087,155.08 | $ 1,087,155.08 | 1 | | 0 | Yes | | |
| 631 | 502-3 | Robert Worthington Hughes | $ 74,200.00 | | 1 | | 0 | Yes | x | Late Filed |
| 610 | 1309-3 | Roberto Alfonso Casals | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 607 | 1310-3 | Roberto Alfonso Casals Retirement Plan | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | | | |
| 167 | 1563-3 | Robin Earles | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 343 | 697-3 | Rodger Erickson and Lorene Gonia | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 173 | 954-3 | Rodger Sprouse | $ 44,456.54 | $ 44,456.54 | 1 | | 0 | | | |
| 517 | 306-3 | Roger and Sharon Michael | $ 113,066.67 | $ 113,066.67 | 1 | | 0 | Yes | | |
| 602 | 460-3 | Roger Conrad | $ 79,500.00 | $ 79,500.00 | 1 | | 0 | Yes | | |
| 227 | 1045-3 | Roland Brown | $ 96,000.00 | $ 96,000.00 | 1 | | 0 | Yes | | |
| 69 | 1425-3 | Ronald Cross | $ 149,333.33 | $ 149,333.33 | 1 | | 0 | Yes | | |
| 357 | 620-3 | Ronald D Byrd | $ 144,813.49 | $ 144,813.49 | 1 | | 0 | Yes | | |
| 331 | 859-3 | Ronnie Berry and Tanya O`Coyne Family Trust | $ 134,166.67 | $ 134,166.67 | 1 | | 0 | Yes | | |
| 229 | 685-3 | Rosalee Fleck | $ 84,141.79 | $ 84,141.79 | 1 | | 0 | Yes | | |
| 84 | 1678-3 | Rose Ann Giannelli | $ 16,537.83 | $ 16,537.83 | 1 | | 0 | Yes | | |
| 323 | 607-3 | Rose M Olszewski | $ 162,000.00 | $ 162,000.00 | 1 | | 0 | | | |
| 578 | 305-3 | Ruihua Ji | $ 2,678,960.88 | | 0 | $ 2,678,960.88 | 1 | | | |
| 39 | 1465-3 | Ruth Langer | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 92 | 867-3 | Ruthann Brucato | $ 64,000.00 | $ 64,000.00 | 1 | | 0 | Yes | | |
| 476 | 1275-3 | Ryan Stevens | $ 29,166.66 | $ 29,166.66 | 1 | | 0 | Yes | | |
| 630 | 1144-3 | S Gary Shullaw | $ 26,833.33 | | 1 | | 0 | Yes | x | Late Filed |
| 11 | 1708-3 | S Scott Standa | $ 42,666.67 | $ 42,666.67 | 1 | | 0 | Yes | | |
| 512 | 1257-3 | Sabatino Ficicchia | $ 91,881.89 | $ 91,881.89 | 1 | | 0 | Yes | | |
| 554 | 1760-3 | Sampieri Family Trust dtd 6/4/1994 | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 314 | 1120-3 | Samuel Hernandez | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 406 | 3239-3 | Sandip N Shah | $ 267,478.98 | $ 267,478.98 | 1 | | 0 | Yes | | |
| 253 | 1019-3 | Sandra A Battaglia | $ 127,903.96 | $ 127,903.96 | 1 | | 0 | | | |
| 242 | 1101-3 | Sandra L Bower Credit Trust | $ 8,872.37 | $ 8,872.37 | 1 | | 0 | | | |
| 16 | 1053-3 | Sandra Marotte | $ 41,344.58 | $ 41,344.58 | 1 | | 0 | Yes | | |
| 315 | 994-3 | Sara Ann King Revocable Trust | $ 28,450.67 | $ 28,450.67 | 1 | | 0 | Yes | | |

*Page 23 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 238 | 625-3 | Scott & Tara Cook | $ 206,855.31 | $ 206,855.31 | 1 | | 0 | Yes | | |
| 145 | 571-3 | Scott B Christmas | $ 107,437.03 | $ 107,437.03 | 1 | | 0 | Yes | | |
| 44 | 1402-3 | Scott K and Michele C Saunders | $ 27,000.00 | $ 75,000.00 | 1 | | 0 | Yes | | |
| 106 | 113-3 | Scott Sprague | $ 87,163.11 | | 0 | $ 87,163.11 | 1 | | | |
| 184 | 747-3 | SDWB Holdings Inc. | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 464 | 466-3 | Sekhar Banerjee | $ 109,333.33 | $ 109,333.33 | 1 | | 0 | | | |
| 121 | 985-3 | Sharon C Webb | $ 28,451.20 | $ 28,451.20 | 1 | | 0 | Yes | | |
| 94 | 319-3 | Shijia Wang | $ 13,715.35 | $ 13,715.35 | 1 | | 0 | Yes | | |
| 518 | 3253-3 | Shiying Chen | $ 946,882.52 | $ 946,882.52 | 1 | | 0 | | | |
| 287 | 487-3 | Sinolite Industrial Co. | $ 3,879,725.78 | $ 3,879,725.78 | 1 | | 0 | Yes | | |
| 589 | 815-3 | Souren Chakmakjian Family, Limited Partnership | $ 26,833.33 | $ 26,833.33 | 1 | | 0 | | | |
| 460 | 947-3 | Stanley B Starr Money Purchase Plan | $ 46,451.61 | $ 46,451.61 | 1 | | 0 | | | |
| 461 | 948-3 | Stanley B Starr, Jr | $ 91,633.33 | $ 91,633.33 | 1 | | 0 | Yes | | |
| 201 | 564-3 | Stanley McLellan | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 391 | 942-3 | Stephen Thayer | $ 40,000.00 | | 0 | $ 40,000.00 | 1 | | | |
| 421 | 1453-3 | Stern 1987 Family Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 363 | 95-3 | Steven Costalas | $ 68,266.67 | $ 68,266.67 | 1 | | 0 | Yes | | |
| 6 | 1138-3 | Steven D Moonblatt | $ 110,234.66 | $ 110,234.66 | 1 | | 0 | | | |
| 634 | 1448-3 | Steven N Boyd | $ 123,500.00 | | 1 | | 0 | | x | Late Filed |
| 117 | 949-3 | Steven Petersen | $ 108,000.00 | $ 108,000.00 | 1 | | 0 | Yes | | |
| 132 | 664-3 | Steven W Shaw | $ 846,602.17 | $ 846,602.17 | 1 | | 0 | Yes | | |
| 212 | 453-3 | Steven Westerberg | $ 426,666.67 | $ 426,666.67 | 1 | | 0 | Yes | | |
| 181 | 1135-3 | Steward K Sellers | $ 50,000.00 | $ 50,000.00 | 1 | | 0 | | | |
| 358 | 676-3 | Susan B Skarecky Trust UTD 12-17-01 | $ 62,016.87 | $ 62,016.87 | 1 | | 0 | | | |
| 467 | 350-3 | Susan J Hubele | $ 58,666.67 | $ 58,666.67 | 1 | | 0 | Yes | | |
| 66 | 387-3 | Susan Lowder | $ 53,866.67 | $ 53,866.67 | 1 | | 0 | Yes | | |
| 549 | 1269-3 | Susan McLaughlin | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 545 | 484-3 | Susan Selbe | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | Yes | | |
| 575 | 847-3 | Sylvia Gardner | $ 128,000.00 | $ 128,000.00 | 1 | | 0 | Yes | | |
| 377 | 639-3 | Tami Isaacs | $ 112,261.10 | $ 112,261.10 | 1 | | 0 | Yes | | |
| 205 | 1790-3 | Tammy White | $ 80,500.00 | $ 80,500.00 | 1 | | 0 | Yes | | |
| 290 | 671-3 | Tat Iu | $ 1,527,335.06 | $ 1,527,335.06 | 1 | | 0 | Yes | | |
| 143 | 999-3 | Tatiana Dessain 2015 Revocable Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 304 | 1175-3 | Ted E and Eva M Cason | $ 161,000.00 | $ 161,000.00 | 1 | | 0 | Yes | | |

*Page 24 of 28 pages*

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|----------|---------|---------------|--------|------------------|-----------------|------------------|-----------------|--------|----------|-------|
| 293 | 1782-3 | Teresa Elizabeth Piere Intervivos Trust | $ 32,200.00 | $ 32,200.00 | 1 | | 0 | | | |
| 72 | 277-3 | Teresa McDade | $ 162,407.69 | $ 162,407.69 | 1 | | 0 | Yes | | |
| 67 | 253-3 | Teresa McDade & Mark McDade | $ 33,600.00 | $ 33,600.00 | 1 | | 0 | Yes | | |
| 321 | 97-3 | Terrence Casella | $ 80,000.00 | $ 80,000.00 | 1 | | 0 | Yes | | |
| 387 | 1128-3 | Terrill J and Michelle R Martin | $ 203,933.33 | $ 203,933.33 | 1 | | 0 | | | |
| 13 | 1395-3 | Thanh Phat Nguyen | $ 50,000.00 | $ 50,000.00 | 1 | | 0 | | | |
| 478 | 3109-3 | The Althea Kay Talento Inter Vivos Revocable Trust | $ 319,726.03 | $ 319,726.03 | 1 | | 0 | Yes | | |
| 221 | 796-3 | The Barstow Family Revocable Trust | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 542 | 556-3 | The Blecker Family Trust Dtd. 04/08/1986 | $ 213,333.33 | $ 213,333.33 | 1 | | 0 | Yes | | |
| 78 | 284-3 | The Brockman Living Trust | $ 257,991.89 | $ 257,991.89 | 1 | | 0 | Yes | | |
| 172 | 544-3 | The Chris Andersen Family Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 399 | 1793-3 | The Cynthia Hoffman Revocable Trust | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 126 | 1110-3 | The Don and Linda Williams Trust | $ 122,406.52 | $ 122,406.52 | 1 | | 0 | Yes | | |
| 63 | 92-3 | The Don and Susan Lowder Rev Trust | $ 64,000.00 | $ 64,000.00 | 1 | | 0 | Yes | | |
| 215 | 469-3 | The Doty Living Trust UAD 06/12/97 | $ 53,000.00 | $ 53,000.00 | 1 | | 0 | | | |
| 243 | 960-3 | The Edward K & Sandra L Bower Revocable Trust | $ 569,271.05 | $ 569,271.05 | 1 | | 0 | | | |
| 210 | 1612-3 | The Edwards Family Trust dtd 10/12/2002 | $ 106,666.66 | $ 106,666.66 | 1 | | 0 | Yes | | |
| 47 | 658-3 | The Gerald H Rissman Trust | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 341 | 727-3 | The Harding Family Living Trust UAD 10/15/87 | $ 106,000.00 | $ 106,000.00 | 1 | | 0 | | | |
| 135 | 910-3 | The Harold E Hopf Living Trust UAD 1/10/07 | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 86 | 368-3 | The Hartman Living Trust | $ 508,616.56 | $ 508,616.56 | 1 | | 0 | Yes | | |
| 409 | 378-3 | The Kimberly Anne Angel Family Trust | $ 26,666.67 | $ 26,666.67 | 1 | | 0 | Yes | | |
| 155 | 311-3 | The Lander Family 2020 Trust | $ 205,716.67 | $ 205,716.67 | 1 | | 0 | Yes | | |
| 211 | 316-3 | The Leslie J Scheil Trust Dtd. 12/17/12 | $ 136,901.33 | $ 136,901.33 | 1 | | 0 | Yes | | |
| 255 | 1786-3 | The Michael Varrin Trust | $ 162,000.00 | $ 162,000.00 | 1 | | 0 | Yes | | |
| 313 | 1088-3 | The Pilling Trust Dtd. April 18, 1991 | $ 56,901.33 | $ 56,901.33 | 1 | | 0 | Yes | | |
| 410 | 1121-3 | The Restated Jerome & Anastasia Angel Intervivos | $ 533,333.33 | $ 533,333.33 | 1 | | 0 | Yes | | |
| 385 | 395-3 | THE REV TRUST OF CHRISTINE C TAYLOR LIA 04/12/12 | $ 35,139.21 | $ 35,139.21 | 1 | | 0 | | | |
| 64 | 3166-3 | The Rhodes and Smith Family Trust | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 493 | 3266-3s | The SOD Legacy Trust DTD 5/24/19 | $ 712,483.18 | $ 712,483.18 | 1 | | 0 | Yes | | |
| 207 | 271-3 | The Stone Family Trust | $ 64,000.00 | $ 64,000.00 | 1 | | 0 | Yes | | |
| 294 | 349-3 | The Stone Family Trust Dtd 04/08/03 | $ 190,234.67 | $ 190,234.67 | 1 | | 0 | Yes | | |
| 547 | 1481-3 | The Suzanne Chambers Blum 2018 Trust DTD 9/13/18 | $ 161,000.00 | $ 161,000.00 | 1 | | 0 | Yes | | |

*Page 25 of 28 pages*

23-01243-WLH11    Doc 935    Filed 09/09/25    Entered 09/09/25 14:39:18    Pg 425 of 228

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 292 | 1370-3 | The Thomas Richard & Sandra Ann Bauer | $ 320,000.01 | $ 320,000.01 | 1 | | 0 | Yes | | |
| 637 | 1042-3 | The Tony and Heather Asbell Living Trust | $ 172,982.58 | | 1 | | 0 | Yes | x | Late Filed |
| 519 | 1664-3 | Theodore R Schaumburg | $ 196,266.67 | $ 196,266.67 | 1 | | 0 | Yes | | |
| 133 | 1394-3 | Thomas A Goldsborough | $ 100,000.00 | $ 100,000.00 | 1 | | 0 | Yes | | |
| 9 | 1633-3 | Thomas and Jodi Temple w/ rights of survivorship | $ 1,015,964.51 | $ 1,015,964.51 | 1 | | 0 | Yes | | |
| 375 | 1454-3s | Thomas Austin Gustafson | $ 238,000.00 | $ 238,000.00 | 1 | | 0 | Yes | | |
| 627 | 623-3 | Thomas E Sorce | $ 150,302.34 | | 1 | | 0 | Yes | x | Late Filed |
| 525 | 1447-3 | Thomas L & Sandra Rawlings JTWROS | $ 75,000.00 | $ 75,000.00 | 1 | | 0 | Yes | | |
| 134 | 1426-3 | Thomas Martin Woodward | $ 53,666.67 | $ 53,666.67 | 1 | | 0 | Yes | | |
| 537 | 1480-3 | Thomas McCausland, Jr 1994 Irrevocable Trust | $ 58,666.67 | $ 58,666.67 | 1 | | 0 | Yes | | |
| 380 | 1172-3 | Thomas R Heller | $ 242,166.67 | $ 242,166.67 | 1 | | 0 | Yes | | |
| 122 | 1506-3 | Thomas Ricotta | $ 54,000.00 | $ 54,000.00 | 1 | | 0 | Yes | | |
| 164 | 622-3 | Thomas Saxby | $ 205,024.94 | $ 205,024.94 | 1 | | 0 | Yes | | |
| 628 | 673-3 | Thomas Saxby and Leanne Saxby | $ 74,666.67 | | 1 | | 0 | Yes | x | Late Filed |
| 520 | 3254-3 | Tianyu Zhou | $ 400,819.96 | $ 400,819.96 | 1 | | 0 | Yes | | |
| 570 | 218-3 | Tikvot Pte Ltd. | $ 194.85 | | 0 | $ 194.85 | 1 | | | |
| 629 | 849-3s | Timothy J Newcomb | $ 53,478.30 | | 1 | | 0 | | x | Late Filed |
| 616 | 365-3 | Timothy Violette | $ 17,090.17 | $ 17,090.17 | 1 | | 0 | Yes | | |
| 521 | 3255-3 | Ting Shao | $ 446,203.99 | $ 446,203.99 | 1 | | 0 | | | |
| 443 | 735-3 | Tracey Tyson | $ 61,495.77 | $ 61,495.77 | 1 | | 0 | | | |
| 60 | 716-3 | Tracy Smith | $ 59,757.69 | $ 59,757.69 | 1 | | 0 | Yes | | |
| 220 | 331-3 | Troutman Family Revocable Trust | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | Yes | | |
| 454 | 927-3 | Vera Gilmer | $ 160,000.00 | $ 160,000.00 | 1 | | 0 | Yes | | |
| 226 | 1677-3 | Vernon S and Kathryn L Westrich | $ 117,333.34 | $ 117,333.34 | 1 | | 0 | Yes | | |
| 34 | 379-3 | Vicky Hunter | $ 10,666.67 | $ 10,666.67 | 1 | | 0 | Yes | | |
| 217 | 588-3 | Victor and Julie Raczkowski | $ 220,469.34 | $ 220,469.34 | 1 | | 0 | Yes | | |
| 615 | 646-3 | Warren Bell | $ 30,389.30 | $ 30,389.30 | 1 | | 0 | Yes | | |
| 597 | 470-3 | Warren T Conrad | $ 53,000.00 | $ 53,000.00 | 1 | | 0 | Yes | | |
| 632 | 287-3 | Warren W Bell & Linda J Bell | $ 148,901.70 | | 1 | | 0 | Yes | x | Late Filed |
| 42 | 110-3 | Weifan Peng | $ 228,958.29 | $ 228,958.29 | 1 | | 0 | Yes | | |
| 479 | 1323-3 | Wendy McCormick | $ 38,289.25 | $ 38,289.25 | 1 | | 0 | Yes | | |
| 497 | 725-3 | William & Rita Bruce | $ 106,666.67 | $ 106,666.67 | 1 | | 0 | Yes | | |
| 318 | 1087-3 | William and Deanna Sterious JTWROS | $ 34,140.80 | $ 34,140.80 | 1 | | 0 | Yes | | |
| 344 | 1119-3 | William Enke | $ 107,333.33 | $ 107,333.33 | 1 | | 0 | | | |

*Page 26 of 28 pages*

23-01243-WLH11 Doc 935 Filed 09/06/25 Entered 09/06/25 24:14:39:18 Pg 185 of 228

| Ballot # | Claim # | Creditor Name | Amount | Accepting Amount | Accepting Votes | Rejecting Amount | Rejecting Votes | Opt In | Excluded | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 603 | 1830-3 | William Gard, Jr | $ 52,290.76 | $ 52,290.76 | 1 | | 0 | Yes | | |
| 54 | 1229-3 | William Green | $ 24,533.33 | $ 24,533.33 | 1 | | 0 | Yes | | |
| 407 | 1650-3 | William M and Patricia D Walton | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 480 | 439-3 | William McCormick and Wendy McCormick | $ 245,501.32 | $ 245,501.32 | 1 | | 0 | Yes | | |
| 148 | 386-3 | William McNeill | $ 317,613.11 | $ 317,613.11 | 1 | | 0 | Yes | | |
| 196 | 911-3 | William O Stetter | $ 35,946.67 | $ 35,946.67 | 1 | | 0 | | | |
| 166 | 1614-3 | William R and Candace C Lynn | $ 52,056.67 | $ 52,056.67 | 1 | | 0 | Yes | | |
| 442 | 304-3 | William Scorse | $ 45,960.90 | $ 45,960.90 | 1 | | 0 | Yes | | |
| 566 | 986-3 | WLW Trust Dtd January 24, 2019 William L Weiss | $ 172,599.47 | $ 172,599.47 | 1 | | 0 | Yes | | |
| 2 | 434-3 | Xiao Wu | $ 55,680.51 | $ 55,680.51 | 1 | | 0 | Yes | | |
| 522 | 3275-3 | Xiaowen Feng | $ 538,247.67 | $ 538,247.67 | 1 | | 0 | | | |
| 524 | 3296-3 | Xiaozhou Yang | $ 2,240,440.88 | $ 2,240,440.88 | 1 | | 0 | | | |
| 527 | 3268-3 | Xin Wu | $ 109,228.23 | $ 109,228.23 | 1 | | 0 | | | |
| 526 | 3273-3 | Xingzhi Zhu | $ 641,600.00 | $ 641,600.00 | 1 | | 0 | | | |
| 574 | 381-3 | Yanfei Han | $ 54,574.13 | $ 54,574.13 | 1 | | 0 | | | |
| 528 | 3287-3 | Yao Wang | $ 112,261.95 | $ 112,261.95 | 1 | | 0 | | | |
| 569 | 1812-3 | Yi Zheng | $ 373,900.23 | | 0 | $ 373,900.23 | 1 | | | |
| 541 | 338-3 | Yi-yuan Chen (Grace Shin) | $ 108,324.35 | | 0 | $ 108,324.35 | 1 | Yes | | |
| 546 | 270-3 | Yisroel and Chana Gurary | $ 53,333.33 | $ 53,333.33 | 1 | | 0 | Yes | | |
| 530 | 3263-3 | Yong Jiang | $ 374,786.28 | $ 374,786.28 | 1 | | 0 | | | |
| 600 | 351-3 | Yongzhen Ou | $ 80,102.35 | | 0 | $ 80,102.35 | 1 | Yes | | |
| 180 | 530-3 | Yongzhi Liang | $ 11,199,982.50 | $ 11,199,982.50 | 1 | | 0 | Yes | | |
| 448 | 360-3 | Youfu Zheng | $ 559,014.16 | | 0 | $ 559,014.16 | 1 | | | |
| 531 | 3272-3 | Yuan Mu | $ 586,691.77 | $ 586,691.77 | 1 | | 0 | | | |
| 529 | 3285-3 | Yuanqing Shan | $ 1,414,235.59 | $ 1,414,235.59 | 1 | | 0 | | | |
| 532 | 3258-3 | Yuanyuan Li | $ 377,075.74 | $ 377,075.74 | 1 | | 0 | | | |
| 225 | 708-3 | Yuanzhe Cheng | $ 267,462.11 | $ 267,462.11 | 1 | | 0 | Yes | | |
| 289 | 3221-3 | Zhanyun Zheng | $ 2,521,188.73 | $ 2,521,188.73 | 1 | | 0 | | | |
| 533 | 3259-3 | Zhiduo Wu | $ 363,384.87 | $ 363,384.87 | 1 | | 0 | | | |
| 17 | 1337-3 | Zhiqiang Zhou | $ 416,166.80 | $ 416,166.80 | 1 | | 0 | | | |
| 322 | 441-3 | Zhiyu Chen | $ 53,472.01 | $ 53,472.01 | 1 | | 0 | Yes | | |
| 534 | 3260-3 | Zhuhua Li | $ 1,389,014.70 | $ 1,389,014.70 | 1 | | 0 | | | |

Prepared by BMC Group, Inc. on 10/09/2024 11:07:48 AM ET

| | Ballot Counts | | | | | | Ballot Amounts | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Class | Accepted | | Rejected | | Total Counted | Total Excluded | Total Received | Accepted | | Rejected | | Total Counted | Total Excluded | Total Received |
| Class 4 | 8 | 80.00% | 2 | 20.00% | 10 | 0 | 10 | $ 252,834.97 | 75.13% | $ 83,707.00 | 24.87% | $ 336,541.97 | | $ 336,541.97 |

| | | | | Accepting | | Rejecting | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Ballot # | Claim # | Creditor Name | Amount | Amount | Votes | Amount | Votes | Opt In | Excluded | Notes |
| 505 | 3043-4 | ABC Architects dba Bumgardner | $ 37,935.25 | $ 37,935.25 | 1 | | 0 | | | |
| 19 | 3085-4 | B E WINTERS CO INC DBA CHADWICK & WINTERS LAND SUR | $ 7,900.00 | $ 7,900.00 | 1 | | 0 | | | |
| 495 | 2012-4 | City of Bremerton | $ 270.99 | $ 270.99 | 1 | | 0 | | | |
| 25 | 3051-4 | Element 78 Partners, LLC | $ 64,476.00 | $ 64,476.00 | 1 | | 0 | | | |
| 170 | 2691-4 | Emily Russell Landscape Architecture | $ 2,760.00 | $ 2,760.00 | 1 | | 0 | | | |
| 392 | 2395-4 | KVCF, PLC | $ 30,000.00 | $ 30,000.00 | 1 | | 0 | | | |
| 162 | 2531-4 | Nelson Geotechnical Assoc Inc | $ 1,399.15 | $ 1,399.15 | 1 | | 0 | | | |
| 617 | 142-4 | Somerset Securities, Inc. | $ 108,093.58 | $ 108,093.58 | 1 | | 0 | | | |
| 591 | 2658-4 | The Schwartz Company | $ 81,132.00 | | 0 | $ 81,132.00 | 1 | | | |
| 568 | 1812-4 | Yi Zheng | $ 2,575.00 | | 0 | $ 2,575.00 | 1 | | | |

Prepared by BMC Group, Inc. on 10/09/2024 11:07:48 AM ET

# EXHIBIT 4

**Dated: August 29th, 2024**

Whitman L. Holt
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**ORDER APPROVING: (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT PLAN OF LIQUIDATION; AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

This matter came before the court on the *Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* (the "<u>Motion</u>") filed by iCap Enterprises, Inc., and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and together with the Debtors, the "<u>Plan Proponents</u>"). On July 16, 2024, the Plan Proponents filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] and related disclosure statement [ECF No. 1088]. On August 20, 2024, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1222] and related disclosure statement [ECF No. 1221]. On August 26, 2024, the Plan Proponents filed the *Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1237] (as may be further amended, modified, or supplemented, the "<u>Plan</u>") and related disclosure statement [ECF No. 1236] (as may be further amended, modified, or supplemented, the "<u>Disclosure Statement</u>").[2]

The court, having reviewed the Motion and the accompanying Memorandum of Points and Authorities, the Disclosure Statement, the Plan, the *Declaration of Lance Miller in Support of First Day Motions* [ECF No. 23], the record in these Chapter 11 Cases, and all other matters of which this court may take judicial notice pursuant to

---

[2] Capitalized terms not otherwise defined herein have the same definitions set forth in the Disclosure Statement or Plan, as applicable.

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Rule 201 of the Federal Rules of Evidence; the court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; all objections to the Motion having been withdrawn, continued, overruled, settled by stipulation approved by the court, or otherwise settled as reflected on the record at the hearings on the Motion; and after due deliberation and sufficient good cause appearing therefor:

## THE COURT HEREBY FINDS AND CONCLUDES THAT[3]:

A.      <u>Jurisdiction and Venue.</u> This court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L), and (O). Venue of these cases is proper in this District and in this court, pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      <u>Notice.</u> As evidenced by the declarations of service previously filed with the court, the Debtors have provided proper, timely, adequate and sufficient notice with respect to the Motion and the relief sought therein, including, but not limited to, (i) approving the Disclosure Statement as containing "adequate information," as that term is defined in § 1125(a)(1); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing procedures with

---

[3] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

3

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

respect to, and the deadline for filing objections to, confirmation of the Plan; and (iv) granting related relief.

C.     Adequate Information. The Disclosure Statement contains "adequate information" within the meaning of § 1125.

D.     Objections. All objections, responses to, and statements and comments in opposition to the Motion or approval of the Disclosure Statement, other than those withdrawn with prejudice or resolved in their entirety, shall be, and hereby are, overruled in their entirety and, notwithstanding the foregoing, no objection shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objecting to confirmation of the Plan set forth herein.

E.     Approval of Forms of Notice. The notices substantially in the form attached to the Motion as **Exhibit E** (the "Confirmation Hearing Notice") and **Exhibit D** (the "Notice of Non-Voting Status"), and the procedures set forth below for providing such notice to all creditors and interest holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") are adequate and sufficient.

F.     Approval of Forms of Ballot. The forms of Ballot attached to the Motion as **Exhibits B and C** are sufficiently consistent with Official Form No. B314 and adequately address the particular needs of these Chapter 11 Cases and are appropriate for each of the respective classes of claims that is entitled to vote to accept or reject the Plan.

G.     The Solicitation Package and Distribution Procedures. The content and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d). The contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017, and service of such materials as set forth herein constitutes sufficient notice

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

4

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

to all interested parties. Ballots need not be provided to holders of Administrative Claims, Claims of Professional Persons, Priority Tax Claims, claims in Class 1 (Priority Claims), claims in Class 2 (Secured Claims), claims in Class 5 (Subordinated Claims), or interests in Class 6 (Equity Interests), because such holders are either unclassified pursuant to § 1123(a)(1), deemed to accept the Plan pursuant to § 1126(f), deemed to have rejected the Plan pursuant to § 1123(g), or the Debtors have decided not to solicit their votes.

H. <u>The Solicitation Procedures.</u> The procedures for solicitation of acceptances of the Plan (the "<u>Solicitation Procedures</u>") and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with § 1126. The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

**IT IS HEREBY ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

1. The Motion [ECF No. 1142] is GRANTED and all remaining objections to the Motion or approval of the Disclosure Statement, if any, are OVERRULED on their merits and DENIED.

2. The Disclosure Statement is APPROVED.

3. The following dates and times (subject to modification as necessary), as discussed in detail herein, are approved in connection with solicitation and confirmation of the Plan:

| CONFIRMATION TIMELINE AND SCHEDULE | |
|---|---|
| Voting Record Date | Monday, August 26, 2024 |
| Solicitation Commencement Deadline | Wednesday, September 4, 2024 |
| Deadline to file Plan Supplement | Wednesday, September 18, 2024 |

ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES

5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

| | |
|---|---|
| Voting Objection Deadline | Wednesday, September 25, 2024 |
| Voting Deadline | Wednesday, October 2, 2024 at 4:00 p.m. (PT) |
| Confirmation Objection Deadline | Wednesday, October 2, 2024 at 4:00 p.m. (PT) |
| Deadline to file Tabulation Report, Memorandum of Law in Support of Confirmation, Proposed Confirmation Order, and Response to Objections to the Confirmation | Wednesday, October 9, 2024 |
| Confirmation Hearing | Wednesday, October 16, 2024 at 9:30 a.m. (PT) – October 18, 2024 (as necessary) |

4.     The following dates and times (subject to modification as necessary) are approved in connection with confirmation-related discovery:

| CONFIRMATION DISCOVERY SCHEDULE | |
|---|---|
| Informal Rule 26 exchange, including any proposed ESI protocol and protective order | Tuesday, September 3, 2024 |
| Deadline for Plan Proponents to disclose experts, and deadline for parties to serve written discovery, and notice fact depositions | Friday, September 6, 2024 |
| Deadline for parties other than the Plan Proponents to disclose experts | Tuesday, September 10, 2024 |
| Deadline for responses to written discovery | Friday, September 13, 2024 |
| Deadline to complete document productions | Friday, September 20, 2024 |
| Hearing to address discovery issues, if any | Wednesday, September 25, 2024 at 10:30 a.m. (PT) |
| Deadline to complete fact depositions | Friday, September 27, 2024 |
| Deadline to file rebuttal expert reports to Kinrich report | Friday, September 27, 2024 |

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

| | |
|---|---|
| Deadline to exchange hearing witness lists | Monday, October 7, 2024 |
| Deadline to complete expert depositions | Thursday, October 10, 2024 |
| Deadline to file declarations of direct witnesses | Thursday, October 10, 2024 |
| Deadline to file joint exhibits and lodge objections, if any | Monday, October 14, 2024 |

The Plan Proponents can agree to modify or extend these dates and deadlines as to any particular counterparty by written agreement with such counterparty without the need for a further order. The schedule set forth in this paragraph 4 does not preclude any party from filing a motion for extension or continuance upon cause shown.

5.     The record date for purposes of determining the claimholders that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes, for purposes of determining the claimholders to receive certain Plan-related materials approved by this order shall be August 26, 2024 (the "Voting Record Date").

6.     BMC Group will serve as the Debtors' voting and solicitation agent (the "Voting Agent") and provide access to Solicitation Packages, among other things. Solicitation Packages (except for Ballots) shall be available (i) for download at https://cases.creditorinfo.com/iCap, (ii) by sending a written request via standard, overnight, or hand delivery to: BMC Group, Attention: iCap Ballot Processing, 3732 W. 120th St., Hawthorne, CA 90250, and (iii) by e-mail request to: iCap@bmcgroup.com. Additionally, copies of the Motion, Disclosure Statement, and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review.

7.     The Confirmation Hearing Notice attached to the Motion as **Exhibit E** and Notice of Non-Voting Status attached to the Motion as **Exhibit D** are APPROVED.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

7

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

8.     The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice and Solicitation Package to the Voting Classes within three (3) business days following the date of entry of this order (the "<u>Solicitation Commencement Date</u>") and shall serve the same via First Class Mail and email, as applicable.

9.     To the extent the Debtors are required to distribute copies of the Plan and/or Disclosure Statement, the Debtors, through their Voting Agent, may distribute either paper copies, electronic copies in "pdf" format via email, or on CD-ROM or USB Flash Drive, at their sole discretion; *provided* that the Debtors shall make paper copies available in the manner specified in paragraph 6, above.

10.    By the Solicitation Commencement Date, the Debtors shall commence or cause to be distributed by First Class Mail or email, this order, the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits attached thereto), and such other materials as the court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

a)  the U.S. Trustee;

b)  the Internal Revenue Service and any state and local taxing authorities in which the Debtors did business;

c)  the Securities and Exchange Commission;

d)  the Washington Attorney General; and

e)  all persons and entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

8

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

11.    The Ballots, substantially in the form attached to the Motion as **Exhibits B and C** are APPROVED.

12.    Solicitation Packages, which shall include individual Ballots, shall be distributed to the Voting Classes, which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

13.    Only a Notice of Non-Voting Status shall be distributed to the holders of unclassified claims and the holders of claims or equity interests in Class 1 (Priority Claims), Class 2 (Secured Claims), Class 5 (Subordinated Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Classes"). The Debtors are not required to distribute copies of the Plan, Disclosure Statement, or this order to any Non-Voting Classes, unless such holder makes a specific request in writing for the same.

14.    The Debtors are excused from distributing Solicitation Packages to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable or from which mailings made pursuant to this order are returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Solicitation Commencement Date. The Debtors are excused from any obligation to re-deliver Solicitation Packages to entities with addresses that are deemed undeliverable and are not provided with a forwarding or more updated address.

15.    All Ballots must be properly executed, completed, and delivered to the Voting Agent so as to be received by the Voting Agent **no later than 4:00 p.m. (Pacific Time) on October 2, 2024** (the "Voting Deadline") as set forth below. Except as provided below, Ballots must be submitted via the Voting Agent's customized online balloting portal (the "E-Balloting Portal") or to the Voting Agent at the following address in accordance with the voting procedures set forth below:

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

9

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

**By Regular Mail:**
BMC Group
Attention: iCap Ballot Processing
P.O. Box 90100
Los Angeles, CA 90009

**By Overnight Courier or Hand Delivery:**
BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

16.     In addition, the Debtors are authorized to accept Ballots via electronic, online transmissions solely through the E-Balloting Portal at https://cases.creditorinfo.com/iCap by clicking the "Submit E-Ballot" button and following the instructions to submit your Ballot. Ballots are not required to be filed with the court. The Debtors are not required to file a List of Classifying Claims pursuant to Local Bankruptcy Rule 3018(c)(4).

17.     **BALLOTS TRANSMITTED TO THE DEBTORS BY FACSIMILE, EMAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THIS ORDER MAY BE ACCEPTED BY THE DEBTORS, AFTER CONSULTATION WITH THE COMMITTEE, ON A CASE-BY-CASE BASIS.**

18.     For purposes of voting on the Plan, with respect to all creditors of the Debtors, the Plan Proponents propose that the amount and/or eligibility of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a)   The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules") shall be the amount of the claim for voting purposes; *provided* that (i) such claim is not scheduled as contingent, unliquidated, undetermined, disputed, and/or in a zero dollar amount, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the court under applicable law) with respect to such claim.

ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES

10

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

b) The noncontingent and liquidated amount specified in a proof of claim timely filed with the court (or otherwise deemed timely filed by the court under applicable law) shall be the amount of the claim for voting purposes to the extent the proof of claim is not the subject of an objection filed by **September 25, 2024** (the "Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the court, or otherwise resolved by the court, the amount set forth in such stipulation or order).

c) If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d) Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e) The amount temporarily allowed or estimated by the court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall be the amount of the claim for voting purposes.

f) If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors) and such claim has not been allowed, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g) If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h) If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**

11

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

i) If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the court or (ii) deemed timely filed by an order of the court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

j) If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

19. The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, the Committee, or any other party-in-interest in any other context, including, without limitation, to contest the amount, classification, or validity of any claim for purposes of allowance under the Plan.

20. Additionally, the Plan Proponents seek authorization from the court to object to any claim (as defined in § 101(5)) solely for Plan voting purposes by filing a determination motion (the "<u>Determination Motion</u>") no later than the Voting Objection Deadline. If an objection to a claim (made by way of a Determination Motion or otherwise) filed on or before the Voting Objection Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category. Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

12

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Objection Deadline, the Plan Proponents request, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (a "Claims Estimation Motion").

21.     If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Rule 3018(a) (including in response to a Determination Motion filed by the Debtors or any other party granted standing), such creditor shall file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

22.     In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). Subject to the court's availability, a hearing will be scheduled on such motion within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The ruling by the Court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the court.

23.     In the event a claimant reaches an agreement with the Debtors, in consultation with the Committee, as to the treatment of its claim for voting purposes, the claim may be treated in such manner without further order of the court.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

13

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

24. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a) For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b) Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

c) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d) Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

e) Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

f) Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

g) Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

h) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

i) Ballots transmitted to the Debtors by facsimile, email, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

14

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-30022-WLH11  Doc 924  Filed 09/03/24  Entered 09/03/24 14:47:47  Pg 202 of 227

j) Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

k) If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

l) Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

m) Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

n) Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

o) Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

p) If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q) Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

r) Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with

**ORDER APPROVING DISCLOSURE STATEMENT**
**AND SOLICITATION PROCEDURES**

15

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

23-30033-WLH11 Doc 924 Filed 09/03/25 Entered 09/03/25 14:54:47 Pg 203 of 227

respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

s) The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

t) Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

u) Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

25. The court shall hold a hearing on confirmation of the Plan (the "Confirmation Hearing") beginning on **October 16, 2024 at 9:30 a.m. (Pacific Time)**. The Debtors shall serve the Confirmation Hearing Notice as set forth herein.

26. Pursuant to Rule 3020(b)(1), objections to the confirmation of the Plan or proposed modifications to the Plan (a "Confirmation Objection"), if any, must:

a) be in writing;

b) comply with the Bankruptcy Rules and the Local Rules;

c) set forth the name of the objector and the nature and amount of any claim asserted by the objector against or in the Debtors;

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

16

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

d)  state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e)  be filed with the court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined below) no later than **October 2, 2024 at 4:00 p.m. (Pacific Time)** which deadline may be extended by the Debtors (the "Confirmation Objection Deadline").

27.  Any Confirmation Objection must be served on the following parties (collectively, the "Notice Parties"):

a)  Counsel to the Debtors: (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule (jgurule@omm.com); (ii) O'Melveny & Myers LLP, 1301 Avenue of the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez (dperez@omm.com); and (iii) Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

b)  The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

c)  Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

d)  Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

e)  any party that has requested notice pursuant to Bankruptcy Rule 2002.

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

17

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

28. Confirmation Objections that are not timely filed and served in the manner set forth above shall not be considered by the court and shall be overruled.

29. No later than seven (7) days prior to the Confirmation Hearing, the Debtors shall file with the court (a) a tabulation report for Plan voting, (b) a memorandum of law in support of confirmation of the Plan addressing the requirements of § 1129, and any evidence in support thereof, (c) any responses to objections to confirmation of the Plan, and (d) a proposed form of confirmation order.

30. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this order without seeking further order of the court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

31. The Debtors, after consultation with the Committee, are authorized to make non-substantive changes or modifications to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status, and related documents without further order of the court, including, but not limited to, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

32. The court retains jurisdiction with respect to all matters related to this order.

///End of Order///

**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES**

18

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

PRESENTED BY:


By:     /s/ Oren B. Haker
OREN B. HAKER (WSBA No. 48725)
BLACK HELTERLINE LLP

*Co-Counsel to Debtors and Debtors in Possession*


By:     /s/ Julian I. Gurule
JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS, LLP

*Co-Counsel to Debtors and Debtors in Possession*

**ORDER APPROVING DISCLOSURE STATEMENT
AND SOLICITATION PROCEDURES**

19

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# EXHIBIT 5

1    Julian I. Gurule (CA SBN: 251260)*     HONORABLE WHITMAN L. HOLT
     O'MELVENY & MYERS LLP
2    400 South Hope Street, Suite 1900      HEARING DATE: August 21, 2024
     Los Angeles, California 90071          HEARING TIME: 10:30 a.m. (PT)
3    Telephone: (213) 430-6067              LOCATION:  Telephonic
     Email: jgurule@omm.com
4
     *Co-Counsel to Debtors and*
5    *Debtors in Possession*

6    OREN B. HAKER (WSBA No. 48725)
     BLACK HELTERLINE LLP
7    805 SW Broadway
     Suite 1900
8    Portland, OR 97205
     Telephone:  (503) 224-5560
9    Email:  oren.haker@bhlaw.com

10   *Admitted Pro Hac Vice*

11   *Proposed Co-Counsel to Debtors and*
     *Debtors in Possession*

12
                 **UNITED STATES BANKRUPTCY COURT**
13                **EASTERN DISTRICT OF WASHINGTON**

14   In re:                              |  Chapter 11

15   ICAP ENTERPRISES, INC., *et al.*,   |  Lead Case No. 23-01243-WLH11
16                          Debtors.[1]   |  Jointly Administered

17                                        |  **NOTICE OF HEARING AND**
18                                        |  **MOTION FOR AN ORDER**

19   [1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific
20   NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault,
     LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap
21   Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-
     01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap
22   Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11);
     725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC
23   (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121
     14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-
24   01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer
     Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-
25   11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development
     LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap
26   Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development
     LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

     **NOTICE OF HEARING AND MOTION FOR AN**          BLACK HELTERLINE LLP
     **ORDER APPROVING DISCLOSURE**                        805 SW Broadway
     **STATEMENT**          1                                  Suite 1900
                                                         Portland, OR 97205
                                                       Telephone: 503 224-5560

**APPROVING (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF JOINT PLAN OF LIQUIDATION; AND (IV) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**PLEASE TAKE NOTICE** that, at the above referenced time and date, before the Honorable Whitman L. Holt, United States Bankruptcy Judge, or as soon thereafter as the court may hear the matter, the court shall hold a hearing on the *Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Liquidation; and (IV) Granting Related Relief* (the "Motion") filed by iCap Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases. **The hearing will be held via the court's telephone conference line: (877) 402-9757, access code 7036041.** On July 16, 2024, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (the "Plan") and related disclosure statement [ECF No. 1088] (the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this notice, the accompanying Memorandum of Points and Authorities, the *Declaration of Lance Miller in Support of First Day Motions* [ECF No. 23], the record in these cases and all other matters of which this court may take judicial notice pursuant to rule 201 of the Federal Rules of Evidence, the arguments of counsel to be made at the hearing, and all other admissible evidence properly brought before the court at or before the

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 2

hearing on this Motion, if any.

**PLEASE TAKE FURTHER NOTICE** that any party may review and obtain a

copy of the Motion, Plan, and Disclosure Statement, by visiting the following website

https://cases.creditorinfo.com/iCap.

Parties may also contact and request a copy from: BMC Group, Inc., the Debtors'

solicitation agent, by sending a written request to:

> **By Regular Mail:**
> BMC Group

> Attention: iCap Ballot Processing

> P.O. Box 90100
> Los Angeles, CA 90009

> **Overnight Courier, or Hand Delivery, to:**
> BMC Group

> Attention: iCap Ballot Processing

> 3732 W. 120th St.
> Hawthorne, CA 90250

Additionally, copies of the Motion, Disclosure Statement, and Plan are on file

with the Office of the Clerk of the Bankruptcy Court for review.

**PLEASE TAKE FURTHER NOTICE** that any party opposing or responding

to the Motion must file and serve any response ("Response") by August 16, 2024 at

4:00 p.m. (Pacific Time) (the "Response Deadline"), on the following, so as to be

actually received by them on or before the Response Deadline (collectively, the "Notice

Parties"):

> i. Counsel to the Debtors: (a) O'Melveny & Myers LLP, 400 South Hope
> Street, Suite 1900, Los Angeles, CA 90071, Attn: Julian I. Gurule

> (jgurule@omm.com); (b) O'Melveny & Myers LLP, 1301 Avenue of
> the Americas, Suite 1700, New York, NY 10019, Attn: Diana M. Perez

> (dperez@omm.com); and (c) Black Helterline LLP, 805 SW Broadway,

**NOTICE OF HEARING AND MOTION FOR AN**
**ORDER APPROVING DISCLOSURE**
**STATEMENT** 3

Suite 1900, Portland, OR 97205, Attn: Oren B. Haker (oren.haker@bhlaw.com);

ii. The Office of the United States Trustee for the Eastern District of Washington, 920 W. Riverside Ave., Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (gary.w.dyer@usdoj.gov);

iii. Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA 98101, Attn: Armand J. Kornfeld (jkornfeld@bskd.com), Aimee S. Willig (awillig@bskd.com), and Jason E. Wax (jwax@bskd.com);

iv. Special Counsel to the Official Committee of Unsecured Creditors of iCap Enterprises, Inc., Corr Cronin LLP, 1015 Second Avenue, 10th Floor, Seattle, WA 98104-1001, Attn: John T. Bender (jbender@corrcronin.com); and

v. any party that has requested notice pursuant to Bankruptcy Rule 2002.

A Response must be a complete written statement of all reasons in opposition to or in support of the Motion, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

**PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely Response to the Motion by the Response Deadline may be deemed by the court to be consent to the relief requested therein.

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT** 4

Dated: July 19, 2024            BLACK HELTERLINE LLP

*/s/ Oren B. Haker*

OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors
in Possession*

and

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in
Possession*

**NOTICE OF HEARING AND MOTION FOR AN
ORDER APPROVING DISCLOSURE
STATEMENT**       5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

Julian I. Gurule (CA SBN: 251260)*
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 430-6067
Email: jgurule@omm.com

*Co-Counsel to Debtors and
Debtors in Possession*

OREN B. HAKER (WSBA No. 48725)
BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560
Email: oren.haker@bhlaw.com

*Admitted Pro Hac Vice*

*Proposed Co-Counsel to Debtors and
Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: August 21, 2024
HEARING TIME: 10:30 a.m. (PT)
LOCATION: Telephonic

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors.[1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

**MOTION FOR AN ORDER
APPROVING (I) PROPOSED**

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01265-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01248-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); iCap Holding 6 LLC (23-01274-11); Colpitts Sunset, LLC (23-01432-11); CS2 Real Estate Development LLC (23-01434-11); and iCap International Investments, LLC (23-01464-11).

MOTION FOR AN ORDER APPROVING DISCLOSURE
STATEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

iCap Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents"), request (the "Motion") approval of (i) the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] (the "Disclosure Statement")[2] filed on July 16, 2024, (ii) the solicitation and voting procedures proposed herein, (iii) the proposed notice and objection procedures for confirmation of the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (the "Plan") filed on July 16, 2024, and (iv) granting related relief as set forth more fully herein. In support of the Motion, the Plan Proponents refer to the *Declaration of Lance Miller in Support of First Day Motions* [ECF No. 23] (the "First Day Declaration"). The Plan Proponents respectfully submit that the Disclosure Statement contains "adequate information," as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code,[3] and, thus, request the court grant the Motion.

---

[2] Capitalized terms not otherwise defined herein have the same definitions set forth in the Disclosure Statement.

[3] Unless specified otherwise, all chapter and section references are to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Local Rule" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Washington.

**MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT**     2

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

**EXHIBIT B**

**CLASS 3 BALLOT**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

ICAP ENTERPRISES, INC., *et al.*,

Debtors. [1]

Chapter 11

Lead Case No. 23-01243-WLH11
Jointly Administered

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## JOINT CHAPTER 11 PLAN OF LIQUIDATION

### BALLOT FOR CLASS 3: INVESTOR CLAIMS

**TO BE COUNTED, YOUR VOTE MUST BE <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. BY [_____] AT [_____] (PREVAILING PACIFIC TIME)**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1089] (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] which is proposed by iCap Enterprises, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents") and which is described in the related *Disclosure Statement for the Joint Chapter 11 Plan of*

---

[1] The Debtors (along with their case numbers) are iCap Enterprises, Inc. (23-01243-11); iCap Pacific NW Management, LLC (23-01261-11); iCap Vault Management, LLC (23-01258-11); iCap Vault, LLC (23-01256-11); iCap Vault 1, LLC (23-01257-11); Vault Holding 1, LLC (23-01256-11); iCap Investments, LLC (23-01255-11); iCap Pacific Northwest Opportunity and Income Fund, LLC (23-01253-11); iCap Equity, LLC (23-01247-11); iCap Pacific Income 4 Fund, LLC (23-01251-11); iCap Pacific Income 5 Fund, LLC (23-01249-11); iCap Northwest Opportunity Fund, LLC (23-01253-11); 725 Broadway, LLC (23-01245-11); Senza Kenmore, LLC (23-01254-11); iCap Campbell Way, LLC (23-01250-11); UW 17th Ave, LLC (23-01267-11); iCap Broadway, LLC (23-01252-11); VH 1121 14th LLC (23-01264-11); VH Senior Care LLC (23-01266-11); VH Willows Townhomes LLC (23-01262-11); iCap @ UW, LLC (23-01244-11); VH 2nd Street Office, LLC (23-01259-11); VH Pioneer Village LLC (23-01263-11); iCap Funding LLC (23-01246-11); iCap Management LLC (23-01268-11); iCap Realty, LLC (23-01260-11); Vault Holding, LLC (23-01270-11); iCap Pacific Development LLC (23-01271-11); iCap Holding LLC (23-01272-11); iCap Holding 5 LLC (23-01273-11); and iCap Holding 6 LLC (23-01274-11).

[2] Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

---

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

*Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. 1088] (the "Disclosure Statement").

On [_____], 2024, the court entered an order that, among other things, approved the Disclosure Statement as containing "adequate information," and authorized the Debtors to begin soliciting votes in respect of the Plan in accordance with the procedures set forth therein [ECF No. ____] (the "Disclosure Statement Order").

The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate court approval of the Plan. Copies of the Disclosure Statement and Plan are available (i) upon request by emailing or calling the Debtors' voting agent, BMC Group, Inc. (the "Voting Agent") at iCap@bmcgroup.com or at (888) 909-0100, (ii) for a fee, on the United States Bankruptcy Court PACER website http://www.waeb.uscourts.gov, or (iii) free of charge on the Debtors' case website at https://cases.creditorinfo.com/iCap.

**You should review the Disclosure Statement and the Plan before you vote. Your Claim has been placed in Class 3 (Investor Claims) under the Plan. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.**

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the court may still confirm the Plan if the court

BALLOT FOR CLASS 3: INVESTOR CLAIMS

2

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the court, it will be binding on you whether or not you vote and regardless of how you vote.**

This Ballot is solely for purposes of voting to accept or reject the Plan and electing to contribute your Contributed Claims to the iCap Trust. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, Claims in Class 3.

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the online e-balloting portal (the "E-Balloting Portal") provided by the Voting Agent as directed below, or (ii) you may return your Ballot to the Voting Agent via First Class Mail, overnight courier, or hand delivery by following the instructions set forth below.

### If Submitting Your Vote Through the E-Balloting Portal:

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal.

You can submit your Ballot electronically via the Voting Agent's E-Balloting Portal at https://cases.creditorinfo.com/icap by clicking the "Submit E-Ballot" section on the Debtors' case website and following the instructions to submit your Ballot.

Your User Name: _____

Your Password: _____

### If by Regular Mail:

BMC Group
Attention: iCap Ballot Processing

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

P.O. Box 90100
Los Angeles, CA 90009

**If by Overnight Courier, or Hand Delivery, to:**

BMC Group
Attention: iCap Ballot Processing
3732 W. 120th St.
Hawthorne, CA 90250

If your Ballot is damaged or illegible, or if you have any questions concerning voting procedures, you should contact the Voting Agent by emailing iCap@bmcgroup.com or calling the Voting Agent at (888) 909-0100. Please be advised that the Voting Agent cannot provide legal advice.

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Voting Agent by no later than the Voting Deadline of [_____] (Pacific Time) on [_____], 2024 (the "Voting Deadline"). **If your Ballot is not actually received by the Voting Agent on or before the Voting Deadline, and such deadline is not extended by the Debtors or order of the court, your vote will not count as either an acceptance or a rejection of the Plan.**

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

## ACCEPTANCE OR REJECTION OF THE PLAN

**YOUR VOTE ON THIS BALLOT FOR CLASS 3 (INVESTOR CLAIMS) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS 3 CLAIM.**

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

**4**

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

**Item 1. Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds an Investor Claim in Class 3 in the amount set forth below.

**Amount of Claim: $**_____

**Item 2. Vote on Plan.** The undersigned, the Holder of a Class 3 Investor Claim, hereby votes, in the amount set forth above, as follows (check one box only):

☐ **ACCEPT (votes FOR) the Plan**

☐ **REJECTS (votes AGAINST) the Plan.**

**Item 3. Contributed Claim Election.** You may own Contributed Claims, which are defined in the Plan as "all Causes of Action that a Creditor has against any Person that is not a Released Party and that are related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties, excluding any Individual Investor-Specific Claims." **If you select the box below, you agree, subject to the occurrence of the Effective Date, to contribute your Contributed Claims, if any, to the iCap Trust**. **If you select the box below and elect to contribute your Contributed Claim, you will no longer be permitted to pursue your Contributed Claims on your own behalf (including if you are a member of any class action lawsuit), and any recovery received on account of such Contributed Claims will be iCap Trust Assets to be distributed to all iCap Trust Beneficiaries in accordance with the Plan.**

If you elect to contribute your Contributed Claims to the iCap Trust, your relative share of iCap Trust recoveries will be enhanced by having the amount that otherwise would be your Allowed Investor Class A Claim and/or Allowed Investor Class B Claim each increased by the Contributing Claimants' Enhancement Multiplier (*i.e.*, 10%). Aggregating all Contributed Claims and similar iCap Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

5

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

If you elect to not contribute your Contributed Claims to the iCap Trust, you will remain able to pursue such claims (at your own cost and expense) in an appropriate forum; your success or failure on any such claims that you retain may affect your rights against other parties. If you decide to not contribute your Contributed Claims, your Claim will not receive the benefit of the Contributing Claimants' Enhancement Multiplier (*i.e.*, 10%). The Debtors encourage anyone not contributing their Contributed Claims to consult with their own counsel about any such claims and related matters.

☐ **The undersigned Claimant elects to (OPTS IN) contribute its Contributed Claims to the iCap Trust.**

**Item 4. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

| |
|---|
| **Name of Holder:**_____ |
| **Signature:** _____ |
| **Name of Signatory:** _____ |
| **Title of Signatory:** _____ |
| **Address:** _____ |
| **Email Address:** _____ |
| **Date Completed:** _____ |

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

6

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and submit your Ballot. Ballots must be received by the Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted.

2.      Please indicate the amount of your Class 3 Investor Claim in Item 2 above. Each Claim entitled to vote on the Plan will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount claimed by the Holder of such Claim in any proof of Claim filed prior to the Voting Record Date to the extent that the proof of Claim specifies a fixed or liquidated non-contingent amount, or if no proof of claim has been filed, as set forth in the Debtors' Schedules if it is not contingent, unliquidated, or disputed.

3.      Please indicate whether you elect to contribute your Contributed Claim to the iCap Trust in Item 3 above. If you select the box in Item 3 above, your Contributed Claim will be contributed to the iCap Trust and you will no longer be permitted to pursue your Contributed Claims on your own behalf (including if you are a member of any class action lawsuit).

4.      Please sign and date your ballot as required in Item 4 above. Your signature is required before your ballot may be counted.

5.      The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

      (a)      For purposes of the numerosity requirement of section 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

7

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

votes related to such claims will be treated as a single vote to accept or reject the Plan.

(b)      Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

(c)      Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(d)      Ballots that fail to indicate an acceptance or rejection of the Plan but which are otherwise properly executed and received prior to the Voting Deadline, will be deemed as a vote to accept the Plan.

(e)      Ballots that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(f)      Only Ballots that are timely received by the Voting Deadline with signatures will be counted. Unsigned Ballots will not be counted.

(g)      Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(h)      Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(i)      Ballots transmitted to the Debtors by facsimile, electronic mail, or other means not specifically approved by the court may be accepted by the Debtors with the consent of the Committee on a case-by-case basis.

(j)      Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

**8**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560

prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

(k)    If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

(l)    Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding.

(m)    Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(n)    Any Ballot cast by a person or entity that does not hold a claim in a Voting Class shall not be counted.

(o)    Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8).

(p)    If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

(q)    Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

(r)    Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the court determines. Neither the Debtors nor any other person or

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

9

entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall the Debtors or any other person or entity incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

(s)     The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

(t)     Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(u)     Subject to contrary order of the court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

(v)     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and elect to contribute your Contributed Claims to the iCap Trust.

(w)     The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL MAKE YOU OR ANY OTHER PERSON AN AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT, GIVE ANY**

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW Broadway
Suite 1900
Portland, OR 97205
Telephone: 503 224-5560

10

INFORMATION OR ADVICE, OR TO MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS OR THE VOTING AGENT WITH RESPECT TO THE DISCLOSURE STATEMENT AND PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH. THIS BALLOT SHALL NOT CONSTITUTE OR BE DEEMED TO CONSTITUTE (A) A PROOF OF CLAIM OR (B) AN ADMISSION BY THE DEBTORS OF THE NATURE, VALIDITY, PRIORITY, OR AMOUNT OF ANY CLAIM.

PLEASE SUBMIT YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

DATED this __th day of _____ 2024.

BLACK HELTERLINE LLP

By_____
OREN B. HAKER, WSBA No. 48725
BLACK HELTERLINE LLP

*Proposed Co-Counsel to Debtors and Debtors in Possession*

And

JULIAN I. GURULE (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP

*Co-Counsel to Debtors and Debtors in Possession*

**BALLOT FOR CLASS 3: INVESTOR CLAIMS**

BLACK HELTERLINE LLP
805 SW BROADWAY
SUITE 1900
PORTLAND, OR 97205
TELEPHONE: 503 224-5560